1  MARK B. CHASSMAN (SBN 119619)
   RHONDA E. KALEY (SBN 138546)
2  CHASSMAN & SEELIG, LLP
   350 South Figueroa Street, Suite 580
3  Los Angeles, CA 90071-1102
   Telephone: (213) 626-6700
4  Facsimile:  (213) 626-5111

5  Attorneys for Defendant
   M. Rothman & Co., Inc.

6

7

8             UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 | CREDITORS ADJUSTMENT          ) CASE NO. C08-01431
   | BUREAU, INC., a California    )
12 | corporation,                  ) Assigned to:
   |                               )
13 |                               )
   |               Plaintiff,      ) **NOTICE OF REMOVAL OF**
14 |                               ) **ACTION UNDER 28 U.S.C. § 1441(b)**
   |       v.                      ) **[DIVERSITY]**
15 |                               )
   | M. ROTHMAN & CO., INC.,       )
16 |                               )
   |                               )
17 |               Defendant.      ) TRIAL DATE:    None Set
   |                               )
18 |_____)

19

20

21     TO THE CLERK OF THE ABOVE-ENTITLED COURT:

22     NOTICE IS GIVEN that defendant M. Rothman & Co., Inc. hereby removes

23 to this Court the state court action described below.

24     1.    On February 4, 2008, an action was commenced in the Superior Court

25 of the State of California in and for the County of Alameda, entitled *Creditors*

26 *Adjustment Bureau, Inc. v. M. Rothman & Co., Inc., et al.,* Alameda County

27 Superior Court Case No. VG08369586.  True and correct copies of the state court

28

                            1

1  complaint and related documents, including, but not limited to, a Summons, a

2  Notice of Case Management Conference and Order, a Notice of Judicial

3  Assignment, and a Civil Case Cover Sheet, which were served in conjunction with

4  the complaint are attached, collectively, as Exhibit A.

5       2.    The first date upon which defendant M. Rothman & Co., Inc. received

6  a copy of the state court complaint was February 14, 2008, when an employee of

7  defendant picked up the Exhibit A documents from the post office.

8       3.    This action is a civil action of which this Court has original

9  jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this

10  Court by defendants pursuant to the provisions of 28 U.S.C. section 1441(b) in

11  that it is a civil action between citizens of different states and the matter in

12  controversy exceeds the sum of the $75,000, exclusive of interests and costs.

13  Plaintiff has alleged $145,804.71 in damages, exclusive of interest, costs, and

14  attorneys' fees.  *See*, Exhibit A, Complaint, page 1, para. 2.

15       4.    Complete diversity exists between the parties. Plaintiff identifies

16  itself as a California corporation. Defendant M. Rothman & Co., Inc. was at the

17  time of the filing of the state court action, and still is, a corporation incorporated

18  under the laws of the State of New Jersey, having its principal place of business in

19  Ramsey, New Jersey. M. Rothman & Co. is the only named defendant in the state

20  court action.

21       5.    Plaintiff's claims arise out of an alleged breach of contract between

22  Hannspree California Inc., plaintiff's assignor, and M. Rothman & Co., Inc.

23  Plaintiff seeks $145,804.71 in contract damages, plus interest, costs, and

24  attorneys' fees.

25

26

27  / / /

28

6.      Defendant M. Rothman & Co., Inc. respectfully requests that the state court action now pending in the Alameda County Superior Court be removed to this court.

DATED: March 12, 2008                                    CHASSMAN & SEELIG, LLP

                                                        By: _____
                                                            RHONDA E. KALEY
                                                            Attorneys for Defendant
                                                            M. Rothman & Co., Inc.

NOTICE OF REMOVAL

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is: 350 South Figueroa Street, Suite 580, Los Angeles, California 90071-1102.

On March 12, 2008, I served the foregoing documents described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) [DIVERSITY]** on the interested parties in this action by placing a true copy thereof enclosed in a sealed, prepaid envelope addressed as follows:

Kenneth J. Freed, Esq.
Law Offices of Kenneth J. Freed
14226 Ventura Blvd.
P.O. Box 5914
Sherman Oaks, CA 91413

__X__    (BY MAIL) I caused such envelope to be deposited in the mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

_____    (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.


Executed on March 12, 2008 at Los Angeles, California.

_____    (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__    (FEDERAL)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

MARIBEL SANTOS_____    _____
NAME                                SIGNATURE

4

NOTICE OF REMOVAL

Plaintiff F#77906 **SUM-100**

**SUMMONS**
*(CITACIÓN JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
M. ROTHMAN & CO. INC.; and DOES 1 through 10,
Inclusive,

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 4 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CREDITORS ADJUSTMENT BUREAU, INC., A California
Corporation

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California County of Alameda<br>5672 Stoneridge Dr.<br>Same<br>Pleasanton, CA 94588<br>Gale-Schenone Hall of Justice, Unlimited | CASE NUMBER:<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KENNETH J. FREED, ESQ. SBN 125349 F#77906     (818)990-0888     (818)990-1047
LAW OFFICES OF KENNETH J. FREED
14226 Ventura Blvd., P.O. Box 5914     PAT SWEETEN
Sherman Oaks, CA 91413     EXECUTIVE OFFICE/CLERK
DATE:     FEB 0 4 2008     Clerk, by _____, Deputy
*(Fecha)*     *(Secretaria)*     *(Adjunto)*
*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Legal Solutions Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

A-1

1    KENNETH J. FREED, ESQ. [State Bar No. 125349]
     LAW OFFICES OF KENNETH J. FREED
2    14226 Ventura Boulevard
     P.O. Box 5914
3    Sherman Oaks, California  91413
     (818) 990-0888
4    (818) 990-1047 Facsimile

     E N ...
     ...
     AL A MEDA ...

     FEB _ 4 2008

     CLERK OF THE SU...
     By——————————

5    Attorneys for Plaintiff
     CREDITORS ADJUSTMENT BUREAU, INC.
6    Our File No. 77906

7

8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9            GALE-SCHENONE HALL OF JUDTICE, LIMITED CIVIL

10

11    CREDITORS ADJUSTMENT BUREAU,   )   CASE NO. ...
     INC.,    A      California   )
12    Corporation,                )
                          )   COMPLAINT FOR:
13             Plaintiff,   )
                v.            )   1.    OPEN BOOK ACCOUNT
14                         )   2.    ACCOUNT STATED
                        )   3.    REASONABLE VALUE
15    M. ROTHMAN & CO. INC.; and   )   4.    BREACH OF CONTRACTS
     DOES 1 through 10, Inclusive,   )
16                         )
              Defendants.   )   Amount    of    Demand:
17    ——————————————————————— )   $145,804.71
                        )
18                         )

19       Plaintiff alleges as follows:

20        <u>DEFINITIONS AND PRELIMINARY ALLEGATIONS</u>

21       1.    As used herein, the term "Plaintiff's Assignor" shall

22    refer to Hannspree California Inc.;

23       2.    As used herein, the terms "the DEBT" and "said DEBT"

24    refer to the following sum:  $145,804.71;

25       3.    Prior to the commencement of this action, the claims

26    herein sued upon were assigned to Plaintiff by the Plaintiff's

27    Assignor and Plaintiff is now the owner and holder of such

28    claims;

A-2

4.   Plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the State of California, and is a collection agency duly licensed and operating under and pursuant to the laws of the State of California;

5.   The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants herein designated DOES 1 through 10, inclusive, are unknown to Plaintiff;

6.   The obligations and claims sued upon herein were made and entered into and are due and payable in the above-mentioned Judicial District and County, State of California, and are not subject to the provisions of Sections 1812.10 and 2984.4 of the California Civil Code, and Section 395(b) of the California Code of Civil Procedure;

7.   At all times herein mentioned, the Defendant(s), and each of them, were agents and employees of the other Defendant(s), and were acting within the course and scope of such agency and employment;

FIRST CAUSE OF ACTION (OPEN BOOK ACCOUNT)

8.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

9.   Within four years preceding the commencement of this action, Defendant, and each of them, became indebted to Plaintiff's Assignor in the amount of "the DEBT" for a balance due on a book account for goods sold and delivered and/or services rendered by Plaintiff's Assignor to Defendant at

2

COMPLAINT

A-3

1   Defendant's request.  Said DEBT has not been paid although
2   payment has been demanded, and said DEBT is now due, owing and
3   unpaid, together with interest thereon at the rate of ten
4   percent (10%) per annum since demanded on October 18, 2006;

5       10.  The DEBT sued upon herein was incurred on or after
6   January 1, 1987, and is subject to the provisions of the
7   California Civil Section 1717.5 and that Plaintiff is entitled
8   to be awarded attorney's fees pursuant to said section;

9          SECOND CAUSE OF ACTION (ACCOUNT STATED)

10      11.  Plaintiff repeats, realleges and incorporates herein
11  by reference paragraphs 1 through 7 as though fully set forth
12  herein;

13      12.  Within four years preceding the commencement of this
14  action, an account was stated by and between Plaintiff's
15  Assignor and Defendant, and each of them wherein it was
16  ascertained and agreed that said Defendant owed said DEBT to
17  Plaintiff's Assignor together with interest thereon at the rate
18  of ten percent (10%) per annum from October 18, 2006;

19      13.  The DEBT sued upon herein was incurred on or after
20  January 1, 1987, and is subject to the provisions of the
21  California Civil Code Section 1717.5 and that Plaintiff is
22  entitled to be awarded attorney's fees pursuant to said
23  section;

24         THIRD CAUSE OF ACTION (REASONABLE VALUE)

25      14.  Plaintiff repeats, realleges and incorporates herein
26  by reference paragraphs 1 through 7 as though fully set forth
27  herein;

28  //

                          3      COMPLAINT

A-4

15.   Within two years preceding the commencement of this action Defendant, and each of them, became indebted to Plaintiff's Assignor for the reasonable value of goods sold and delivered and/or services rendered by Plaintiff's Assignor to said Defendant at said Defendant's request, the DEBT was and is the reasonable value of said goods and/or services.  No part of said DEBT has been paid although payment has been demanded, and said DEBT is now due, owing and unpaid together with interest at the rate of ten (10%) percent per annum since demanded on October 18, 2006;

16.   The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

### FOURTH CAUSE OF ACTION (BREACH OF CONTRACTS)

17.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set herein;

18.   Plaintiff's Assignor and Defendant entered into written agreements, copies of which are attached hereto and marked Exhibits "1" and "2", wherein Plaintiff's Assignor agreed to sell and deliver the goods and/or render the services described therein to the Defendant, and each of them, agreed to pay therefore;

19.   Within four years preceding the commencement of this action, pursuant to said agreements, Plaintiff's Assignor sold and delivered goods and/or rendered services to said Defendant. Although demand for payment has been made upon the Defendant,

A-5

said Defendant has failed and refused to pay the DEBT, and the DEBT is now due, owing and unpaid, together with interest thereon at the rate of ten percent (10%) per annum from the Due Date;

20. Plaintiff's Assignor has performed all conditions, terms and obligations on its part to be performed;

21. Said agreements further provides that if legal action be taken to collect any sums due and owing thereunder, Defendant shall pay reasonable attorneys fees necessitated thereby. Plaintiff has employed the Law offices of KENNETH J. FREED to prosecute this action, and thereby has paid, and will pay attorneys fees for legal services rendered. Plaintiff thus requests this Court to award it reasonable fees according to proof or according to this Court's reasonable fee schedule;

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1. For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October 18, 2006;

2. For costs of suit incurred herein;

3. For attorney's fees pursuant to California Civil Code Section 1717.5; and

4. For such other and further relief as the court may deem just and proper.

AS TO THE FOURTH CAUSE OF ACTION:

1. For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October

COMPLAINT

A-6

1    18, 2006;

2         2.    For costs of suit incurred herein;

3         3.    For reasonable attorney's fees; and

4         3.    For such other and further relief as the court may

5    deem just and proper.

6    DATED: January 14, 2008          LAW OFFICES OF KENNETH J. FREED

7

8                                     By: /

9                                        KENNETH J. FREED
                                         Attorneys for Plaintiff
                                         CREDITORS ADJUSTMENT BUREAU,
10                                       INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A-7

# *EXHIBIT "1"*

A-8

7/21/05



# MANUFACTURER'S REPRESENTATIVE AGREEMENT

This Manufacturers Representative Agreement (the "Agreement") is made effective on _1e_ th day of _June_, 200_5_ (the "Effective Date") by and between Hannspree California Inc. (hereinafter referred to as "Hannspree"), with its principal office located at: 843 Auburn Court, Fremont, CA 94538, and **M. Rothman & Company** (hereinafter referred to as "Sales Representative"), with its principal office located at **50 Williams Drive, Ramsey, NJ 07446**.

WHEREAS, Hannspree desires to retain **M. Rothman & Company** as its' sales representative, and Sales Representative desires to be retained by Hannspree as its' sales representative for the Products and territories identified below, all on the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, each of the parties hereto intending to be legally bound, it is agreed as follows:

1.  **DEFINITIONS**

    A.  "Products" shall mean the Products currently manufactured and/or distributed by Hannspree for the channel sales channel as determined by Hannspree.
    B.  "Territory" shall mean the geographical area as stated in **EXHIBIT A.**
    C.  "Customer" shall mean any entity that purchases the product.
    D.  "Net Invoice Price" shall mean the total price at which an order is invoiced to the Customer prior to any discount offered by Hannspree in compensation for early payment. Excluded from the net invoice price are all shipping and mailing costs, duties, taxes, and insurance, and related adjustments granted to the Customer by Hannspree as shown on the face of the invoice, either direct to the reseller or to distribution.

2.  **APPOINTMENT AND AUTHORITY OF SALES REPRESENTATIVE**

    A.  Subject to the terms and conditions of this Agreement, Hannspree appoints Sales Representative as its selling agent for the Products to Customers in the Territory, and Sales Representative accepts the appointment and agrees to sell and promote the sale of the Products.
    B.  For sales to any Customer within the Territory, Hannspree shall pay to Sales Representative a commission in accordance with Section 3 below.
    C.  Sales Representative shall neither advertise the Products outside the Territory nor solicit orders from outside the Territory without the prior written consent of Hannspree.
    D.  The relationship of Hannspree and Sales Representative established by this Agreement is that of independent contractors, and nothing contained in this Agreement shall be construed to (i) give either party the power to direct and control the day-to-day activities of the other, (ii) constitute the parties as partners, joint ventures, co-owners or otherwise as participant in a joint undertaking, or (iii) allow Sales Representative to create or assume any obligation on behalf of Hannspree for any purpose whatsoever. All financial and other obligations associated with Sales Representative's business are the sole responsibility of Sales Representative.

1



A-9

## 3. COMPENSATION

As full payment for any and all services rendered by Sales Representative and in consideration of the effort of Sales Representative and all of the expenses incurred by Sales Representative, Hannspree agrees to pay to Sales Representative, and Sales Representative agrees to accept, commissions on sales of the Products as stated in **EXHIBIT B.**

A. The commission shall apply to all orders from Customers in the Territory that have been accepted by Hannspree and which shipments have occurred as a result of Sales Representative's efforts.

B. Commissions will be paid within forty-five (45) days from the date Hannspree received Customer's payment of the same.

C. Hannspree reserves the right to chargeback (debit) the full amount of paid commissions on Products returned by Customer to Hannspree for credit, ~~and all other deductions from payment by Customer.~~

D. PAYMENT: Payment of commissions shall be in United States dollars and shall be subject to all applicable governmental regulations and rulings, including the withholding of any taxes required by law, which shall be Sales Representative's responsibility, not Hannspree.

E. MONTHLY STATEMENTS: Hannspree shall submit to Sales Representative monthly statements of the commissions due and payable to Sales Representative under the terms of this Agreement, with reference to the specific accounts on which the commissions are being paid.

## 4. SALE OF THE PRODUCTS

A. All sales shall be at prices and upon terms established by Hannspree and Hannspree shall have the right to establish, change, alter, or amend prices and other terms and conditions of sale in its sole discretion with or without notice. Sales Representative shall not accept orders in Hannspree's name, make price quotations, or delivery promises without Hannspree's prior approval.

B. All orders obtained by Sales Representative shall be subject to acceptance by Hannspree at its principal office currently located at the address listed for Hannspree at the beginning of this Agreement, and all quotations by Sales Representative shall contain a statement to that effect. Sales Representative shall have no authority to make any acceptance/delivery commitments to any Customers. Hannspree shall send copies to Sales Representative of any written acceptances on commissionable orders.

C. Hannspree shall have the sole discretion of credit approval or credit refusal for Customers in all cases.

D. Hannspree or its' designee shall render all invoices directly to the Customers. Invoice payments shall be made directly to Hannspree or its' designee by Customers.

E. It is expressly understood by Sales Representative that full responsibility for all collection rests with Hannspree.

F. Hannspree shall make all relevant marketing materials based on Hannspree's determination to Sales Representative, including but not limited to catalogues, literature, and any other material for the proper promotion and sales of its Products in the Territory. All Hannspree marketing materials are copyrighted and no such material shall be duplicate, translated, copies, without Hannspree's prior written consent. Sales Representative shall be responsible for any translation costs to any language other than English or Chinese. All Product samples shall be distributed in accordance to the Hannspree's Product sample guidelines.

G. Whenever Sales Representative, at Hannspree's request, takes possession of Hannspree's Products for the purpose of delivering such Products to Customers or for any other purpose, the risk of loss or damage to or destruction of such Products shall be borne by Hannspree, and Hannspree shall indemnify and hold Sales Representative harmless against any claims, debts, liabilities or causes of action resulting from any such loss, damage or destruction.

2

A-10

5. **PRODUCT WARRANTY AND PRODUCT AVAILABILITY**

    A.    Any warranty for the Products shall run directly from Hannspree to the Customer, and pursuant to the warranty the Customer shall return any allegedly defective Products to Hannspree or designated depot. Sales Representative shall have no authority or responsibility to accept any returned Products.

    B.    Under no circumstances shall Hannspree be responsible to Sales Representative or any other party for its failure to fill accepted orders, or for its delay in filling accepted orders, when such failure or delay is due to any cause beyond Hannspree's reasonable control.

6. **SALES REPRESENTATIVE'S RESPONSIBILITIES AND CONDUCT OF BUSINESS**

    A.    Sales Representative shall maintain sales offices in its assigned territory and shall use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Hannspree's Products within the Territory.

    B.    Sales Representative will conduct all of its business in its own name and in such manner as it may see fit. Sales Representative will pay all expenses of its office and activities and be responsible for the acts and expenses of its employees.

    C.    Sales Representative shall not, without Hannspree's prior written approval, alter, enlarge, or limit orders, make representations or guarantees concerning Hannspree's Products or accept the return of, or make any allowance for such Products.

    D.    Sales Representative is to provide Hannspree with monthly forecasts by the third business day of each month categorized by accounts. Any adjustment to such forecast shall be promptly communicated to Hannspree in writing.

7. **USE OF TRADEMARKS AND TRADENAMES**

    A.    Sales Representative recognizes and concedes for all purposes that all trademarks, trade names, or identifying slogans affixed to Hannspree's Products or any accompanying labels, containers, and cartons, whether or not registered, constitute the exclusive property of Hannspree and cannot be used except in connection with promoting and selling Hannspree Products. During the term of this Agreement, Sales Representative is authorized by Hannspree to use Hannspree's trademarks and logo in connection with Sales Representative's promotion of Hannspree Products and public relations announcements, provided that Sales Representative's use of such trademarks and logo shall be in accordance with Hannspree's policies from time to time communicated to Sales Representative. Sales Representative shall bear no interest in such trademarks or logo except as herein expressly provided, and Sales Representative's use of such trademark and logo shall cease immediately upon termination or expiration of this Agreement.

8. **INDEMNIFICATIONS**

    A.    Hannspree shall be solely responsible for the design, development, supply, production, and performance of its Products and the protection of its tradenames. Hannspree agrees to indemnify and hold Sales Representative harmless against and to pay all losses, costs, damages and expenses whatsoever, including reasonable attorney fees, on account of infringement or alleged infringement of patents, trademarks, or tradenames, resulting from the sale of Hannspree's Products, or arising on account of warranty claims or product liability matters. Sales Representative will promptly deliver to Hannspree any notices or papers served upon it in any proceeding covered by this indemnity, and Hannspree will defend same at its expense. Sales Representative shall, however, have the right to participate in the defense at its own expense.

    B.    Sales Representative shall be solely responsible for, and shall indemnify and hold Hannspree free and harmless from, any and all claims, damages or lawsuits (including Hannspree's attorney's fees) arising out of the any act of Sales Representative, its employees or its agents. Hannspree will promptly deliver to Sales Representative any papers served upon it in any proceeding covered by this indemnity, and Sales Representative will defend same at its expense. Hannspree shall, however, have the right to participate in the defense at its own expense.



A-11

**9. TERM AND TERMINATION**

A. The term of this Agreement shall be one year from the Effective Date (the "Initial Term"). After the Initial Term, either party may terminate this Agreement by giving the other party a sixty (60) day written notice.

B. Termination of Insolvency. This Agreement shall terminate, without notice, upon the institution by or against either party for insolvency, receivership or bankruptcy proceedings, making an assignment for the benefit of creditors, or upon dissolution.

C. Upon termination of this Agreement for any reason, Sales Representative shall be entitled to commissions on all orders accepted by Hannspree through Sales Representative in the Territory prior to the termination date and after Hannspree's receipt of Customer's payment.

**10. GENERAL**

A. This Agreement constitutes the entire understanding of the parties; shall supersede any other oral or written agreements; and shall be binding upon and inure to the benefit of the parties' successors and assigns. It may not be modified in any way without the written consent of both parties. Sales Representative shall not have the right to assign this Agreement in whole or in part without Hannspree's written consent.

B. This Agreement shall be governed by and construed in accordance with the laws of the United States and of the State of California, without application of its conflicts of laws principles. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods, if applicable, is specifically excluded from application to this Agreement.

C. The parties will endeavor to settle amicably by mutual discussions any claim, dispute, or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof. Failing such amicable settlement, any remaining claim, disputes or controversy will be submitted by the parties to a binding arbitration by a mutually agreed upon arbitrator of the American Arbitration Association in the Alameda County, State of California, United States of America under the commercial rules then in effect for that Association, except as provided herein. The parties will be entitled to discovery as provided in Sections 1283.05 and 1283.1 of the Code of Civil Procedure of the State of California or any successor provision, whether or not the California Arbitration Act is deemed to apply to the arbitration. The award rendered by the arbitrator will include costs of arbitration, reasonable attorneys' fees, and reasonable costs for expert and other witnesses, and judgment on such award may be entered in any court having jurisdiction thereof.

Hannspree California Inc.                    Sales Representative

By _____               By _____

Title Sr. VP Sales & Marketing            Title E.V.P.

Date 6/27/05                                Date 6/20/5

4

A-12

## EXHIBIT A

Territory shall be defined as

**State of New Jersey**
**State of New York**
**Eastern portion of Pennsylvania**

**Including Home Shopping Network located in Florida**

## EXHIBIT B

Commission Rate shall be determined as follows:

**4% Brick & Mortar Retail**
**2% Distributors Accounts**
**2% Internet / Catalog Accounts**



5

A-13

# EXHIBIT "2"

# DISTRIBUTOR AGREEMENT



This Distributor Agreement (the "Agreement") becomes effective the_1st day of__August___ 2005_ (the "Effective Date") between Hannspree California Inc., with its principal place of business at 843 Auburn Court, Fremont, California 94538, (hereafter called "Company") and M Rothman & co., Inc, a __Corporation with its place of business for the retail sale of Company products covered by this Agreement located at: City____Ramsey___County_____Bergen____State____NJ___ Zip_____07446__(hereafter called "Distributor").

## I. PURPOSE

This Agreement is to establish a relationship between Distributor and Company for the sale of Company's products to Company's pre-authorized dealers including parts and accessories therefore (hereafter called "Products") and to establish the responsibilities of the parties. Company may appoint other Company distributors in the trade area served by Distributor. The sample dealer agreement between the Distributor and its' dealer is attached as Exhibit A for Distributor's use. Distributor agrees that all dealers must be pre-authorized by Company.

## II. TERMS OF SALE

Upon acceptance by Company of a Distributor order for Products to be sold to Company's pre-approved dealers, terms of purchase will be as set forth in Company's most current "TERMS AND CONDITIONS". Company will have the right to change the Product offering and the terms and prices therefore at anytime and from time to time. Prices and terms for Products shall be those in effect on the date that Company accepts the Distributor order. All shipments are F.O.B., USA Origin of shipment.

## III. CREDIT

When credit is extended to Distributor, Distributor agrees to pay in full for such product allowing for adjustments for debit/credit memos or returns. Credit will be extended to Distributor after execution and filing of security agreements and related documents satisfactory to Company. At Company's request, Distributor shall provide Company with financial statements, including complete balance sheet and profit and loss statement, and related information. Company may reasonably request. Company shall sign an non-disclosure agreement and take reasonable measures to preserve the confidentiality of all such information within the Company. Distributor's failure to promptly provide such information, or should Company otherwise deem itself insecure, Company may suspend or reduce Distributor's credit limit, or take other steps necessary to protect Company's interest.

Distributor shall permit persons designated by Company, during normal business hours, to enter Distributor's place of business with thirty (30) days advanced notice, to inventory Products at Distributor's location and to examine, copy and audit related Distributor records and documents relating to the Hannspree Products.

## IV. WARRANTY AND RETURNS OF THE PRODUCTS

Company Products are sold subject only to the applicable Company standard printed warranty in effect at the time of sale and such warranty shall be in lieu of all other warranties express or implied. Distributor is not authorized to assume, on Company's behalf, any liabilities in connection with Distributor's sale of Product other than as set forth in such Company standard warranty. Distributor shall indemnify and hold Company harmless with respect to any Distributor representation beyond those in such Company warranty unless information is obtained in writing or through authorized Hannspree employee from the Company. COMPANY SHALL MAKE NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. No return shall be accepted by Company unless it is in strict compliance with Company's return policy then in effect.

## V. DELIVERY

Company shall not be responsible for failure to deliver Products on time or to fill orders when such delay or failure results from causes beyond Company's control. If goods cannot be delivered according to the terms written in the P.O. the order may be cancelled and returned by the Distributor.

## VI. RESPONSIBILITY OF DISTRIBUTOR

Distributor shall:

(A) Achieve a market share, satisfactory to Company, for Products in the area served by Distributor.

(B) Maintain an inventory of Products in keeping with the sales potential in the area served by distributor and satisfactory to Company.

(C) Aggressively promote the sale of Products at Distributor's expense, through, but not limited to, advertising, open houses, farm shows, field demonstrations and other applicable gatherings using Company's advertising and/or sales promotion material as provided by Company, and by participation in early order and other sales related programs offered by the Company.

(D) Extend to Company's pre-approved dealers Company's applicable standard printed Product warranty which is in effect at the time of retail sale. Distributor understands that no other warranty is expressed or implied.

(E) Properly staff and train sales, service and parts personnel with the assistance of

UBF
2/5

A-16

Hannspree personnel and literature respect to Products.

(F) Set up Products following Company's standard setup instructions and explain proper operating and safety instructions to the Company's pre-approved dealers, together with delivery of applicable written operating and safety instructions.

(G) Obtain written consent of Company if Distributor intends to open any additional business location for the sale or service of Products or for the purpose of displaying Products at any location other than the business location described above.

(H) Carefully store and care for all Products for which Distributor is indebted to Company under this Agreement and protect same from damage or loss from any cause. Distributor shall maintain insurance of the types, in an amount of up to $1,000,000 and non-cancelable without 10 days written notice to Company from the insurer, covering any such damage or loss, all satisfactory to Company.

(I) Encourage Company's pre-approved dealers to use Company's original equipment parts (OEM) in the repair and replacement of Products in order to maintain the Products performance and high quality. Distributor shall not represent non-OEM parts as Company OEM parts.

(J) Cooperate with Company's Annual Performance Review, and any other commercially reasonable programs or matters pertaining to the administration of this Agreement.

## VII. TERM AND TERMINATION

The term of this Agreement shall be for a period of one year from the Effective Date. This Agreement shall be automatically renewed for successive terms of one year each unless either party shall give the other notice of non-renewal not less than thirty (30) days prior to the end of the then current term or unless this Agreement is otherwise terminated as provided herein.

Unless otherwise provided by applicable state law, either party may terminate this Agreement without cause and for any reason, upon not less than thirty (30) days written notice given to the other party, provided that nothing contained herein shall prevent Company from immediately terminating this Agreement in the event of bankruptcy or insolvency of Distributor, Distributor's failure to pay any amounts owing Company when due, Distributor's failure to hold proceeds of the sale of Products in trust for Company, or Distributor's failure to maintain satisfactory insurance with respect to Products. Upon termination for any reason, all amounts owed Company will become immediately due and payable.

## VIII. TRADEMARKS/TRADE NAMES

Distributor is hereby licensed to use Company's name and trademarks in the normal course of distributing Company's Products and performing related services under this Agreement. Distributor agrees not to use Company's name as part of Distributor's name or in any manner which would misrepresent the relationship between Distributor and

UPOF
3/5

A-17

Company. Distributor may represent itself as an "authorized distributor" of Company, and, with prior approval of Company, may use Company's name and Product related trademarks on signs or other advertising or promotional material. Distributor's license to use Company's name and trademarks is limited and Distributor shall abide by restrictions and limitations imposed by Company from time to time. Upon termination of this Agreement, Distributor shall immediately cease representing itself as a distributor of Company and shall cease use of all Company names and trademarks and any signs or other material, of whatever nature, identifying Distributor as a distributor of Company shall be removed or obliterated. Further if Distribution agreement is terminated by either party, and Distributor has any merchandise, first class or otherwise Distributor has the right to return all goods and receive full credit at last invoiced price.

VX. GENERAL A. Distributor is not an agent of Company nor is Distributor authorized to incur any obligations or make any representations on behalf of Company.

B. This Agreement is binding on the parties, their heirs, executors, administrators, successors and assigns.

C. Distributor may not assign this Agreement or any provisions thereof to another distributor or party without the prior written approval of Company.

D. If any provision of this Agreement shall be held unenforceable, then the remainder of this Agreement shall not be affected thereby.

E. No waiver by Company of any default under this Agreement by Distributor shall be deemed a waiver of any prior or subsequent default by Distributor hereunder.

F. All understandings and agreements between the parties are contained in this Agreement which supersedes and terminates all previous and other agreements between the parties.

G. Company reserves the right to modify and/or update this Agreement in writing with the mutual consent of the Distributor

H. Distributor agrees that application of any provision of this Agreement or related documents, or any other change implemented by Company, if equally applied to all other similar Company distributors, shall not constitute a change in the competitive circumstances of Distributor.

I. This Agreement will be governed by the laws of the State of California or New Jersey as applied to agreements entered into and to be performed entirely within California between California or New Jersey residents. Any action arising out of this Agreement must be brought in either the Superior Court of the State of California in Santa Clara County or the United States District Court for the Northern District of California, if entered in California as permitted by law, which together shall have exclusive jurisdiction over disputes arising out of this Agreement. Company and Distributor hereby consent to the personal jurisdiction of the above courts.

Uof
4/5

A-18

Law Offices Of Kenneth J. Freed
Attn: Freed, Kenneth J.
14226 Ventura Boulevard
P.O. Box 5914
Sherman Oaks. CA  91413

## Superior Court of California, County of Alameda

| Creditor's Adjustment Bureau, Inc.,<br>**Plaintiff/Petitioner(s)**<br><br>VS.<br><br>M. Rothman & CO. Inc.<br>**Defendant/Respondent(s)**<br>(Abbreviated Title) | No. <u>VG08369586</u><br><br>**NOTICE OF CASE MANAGEMENT<br>CONFERENCE AND ORDER**<br>Unlimited Jurisdiction |

### TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 06/25/2008<br>Time: 08:30 AM | Department: 21<br>Location: **Administration Building<br>Fourth Floor<br>1221 Oak Street, Oakland  CA 94612**<br><br>Internet: **http://www.alameda.courts.ca.gov** | Judge: **Jon S. Tigar**<br>Clerk: **Pamela Drummer-<br>Williams**<br>Clerk telephone: **(510) 267-6937**<br>E-mail:<br>**Dept.21@alameda.courts.ca.gov**<br>Fax: **(510) 267-1508** |

### ORDERS

1. You must:
    a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b. Give notice of this conference to any party not included in this notice and file proof of service;
    c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
    d. File and serve a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is <u>mandatory</u>) at least 15 days before the Case Management Conference (CRC 3.725)

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a. Referring to ADR and setting an ADR completion date
    b. Dismissing or severing claims or parties
    c. Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/06/2008.

By _____
          Deputy Clerk

A-19

### Superior Court of California, County of Alameda



### Notice of Judicial Assignment for All Purposes

Case Number: VG08369586
Case Title:   Creditor's Adjustment Bureau, Inc., VS M. Rothman & CO. Inc.
Date of Filing: 02/04/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

|                | |
|----------------|--------------------------------|
| Judge:         | Jon S. Tigar                   |
| Department:    | 21                             |
| Address:       | Administration Building        |
|                | 1221 Oak Street                |
|                | Oakland CA 94612               |
| Phone Number:  | (510) 267-6937                 |
| Fax Number:    | (510) 267-1508                 |
| Email Address: | Dept.21@alameda.courts.ca.gov  |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note:** In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULE 3.135.

<u>General Procedures</u>

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO

JUDGE Jon S. Tigar

DEPARTMENT 21

A-20

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

(1) Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association. www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. Failure to anticipate a non-emergency scheduling conflict is not good cause. (3) Except when requested in a particular case, chambers copies of filings are not necessary. The court appreciates receiving electronic courtesy copies of motions and proposed orders by e-mail to dept21@alameda.courts.ca.gov, with copies to all other counsel. (4) All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at the Wiley W. Manuel Courthouse, 2nd Fl., 661 Washington St., Oakland.

## Schedule for Department 21

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions. Contacts with Dept. 21 should be by email with copies to all other counsel after conferring about the matter in dispute and proposed hearing dates, if a hearing is required.

- Trials generally are held: Mondays: 10:30 a.m. to 4:30 p.m.; Tuesdays through Thursdays: 9:30 a.m. to 4:30 p.m. Counsel should expect to be in court from 9:00 a.m. to 5:00 p.m. Trial Readiness: Fridays at 8:45 a.m. A pretrial conference may be set one month before trial.

- Case Management Conferences are held: Mondays through Fridays at 8:30 a.m. and 8:45 a.m. Timely filed and complete case management conference statements may eliminate the need for in person conferences by allowing the court to issue a Tentative Case Management Order.

- Law and Motion matters are heard: Wednesdays and Fridays at 9:30 a.m.

- Settlement Conferences are heard: Friday afternoons and at such other times as may be available.

- Ex Parte matters are heard: Monday, Wednesday, and Friday at 8:30 a.m. E-mail Department 21 to obtain a reservation on these calendars or to specially set a time-sensitive emergency matter.

- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If those efforts are unsuccessful, the

A-21

parties should jointly send an e-mail to the court outlining the dispute in a few sentences. The court will then confer with counsel and determine whether there is a way to resolve the matter short of motion.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
    Email:        Dept.21@alameda.courts.ca.gov

    Limited hearings are available for summary judgments, preliminary injunctions and other time-intensive motions.

- Ex Parte Matters
    Email:        Dept.21@alameda.courts.ca.gov

    Counsel must comply with Local Rule 4.14.

### Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rule 3.30(c). Tentative rulings will become the Court's order unless contested. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 21
- Phone: 1-866-223-2244

Dated: 02/05/2008

Executive Officer / Clerk of the Superior Court

By _____

**Deputy Clerk**

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on

A-22

the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 02/06/2008

By _____

Deputy Clerk

A-23

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KENNETH J. FREED, ESQ.<br>LAW OFFICES OF KENNETH J. FREED    SBN  125349<br>14226 Ventura Blvd., P.O. Box 5914<br>Post Office Box 5914<br>Sherman Oaks, CA 91413<br>TELEPHONE NO. (818)990-0888    FAX NO. (818)990-1047<br>ATTORNEY FOR *(Name):* PLAINTIFF F#77906 | ENDORSED<br>FILED<br>ALAMEDA COUNTY<br><br>FEB 04 2008<br><br>CLERK OF THE SUPERIOR COU<br>By _____ |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS 5672 Stoneridge Dr.
MAILING ADDRESS Same
CITY AND ZIP CODE Pleasanton, CA 94588
BRANCH NAME Gale-Schenone Hall of Justice, Unlimited

CASE NAME: CREDITORS ADJUSTMENT BUREAU V. M. ROTHMAN &
CO, INC., etc., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action *(specify):* 4

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/14/2008

KENNETH J. FREED, ESQ.
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Legal<br>Solutions<br>⚖ Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

A-24

Short Title: CREDITORS ADJUSTMENT BUREAU V. M. ROTHMAN & CO. INC., etc., et. al.    Case Number:

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Category | Sub-category | Code | Description |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | | Is this an uninsured motorist case ?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wmty (06) | [X] 04 | Breach contract / Wmty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs |
| | | | Is the deft. in possession of the property?  [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | Other judicial review (39) | [ ] 64 | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No  Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 06 | Confession of judgment |
| Misc. Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

202-19 (5/1/00)

AL20219

A-25