1   CHASSMAN & SEELIG, LLP
    MARK B. CHASSMAN (SBN 119619)
2   RHONDA E. KALEY (SBN 138546)
    350 South Figueroa Street
3   Suite 580
    Los Angeles, CA 90071
4   Telephone: (213) 626-6700
    Facsimile: (213) 626-5111
5
    Attorneys for Defendant
6   M. Rothman & Co., Inc.

7

8                UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CREDITORS ADJUSTMENT          )   Case No: C08-01431 MMC
                                  )
12  BUREAU, INC.,                 )   Assigned to: Hon. Maxine M. Chesney
                                  )   Dept. 7
13            Plaintiff,          )
                                  )   **NOTICE OF MOTION AND
14       vs.                      )   MOTION TO DISMISS FOR
                                  )   FAILURE TO STATE A CLAIM
15  M. ROTHMAN & CO., INC.,       )   ON WHICH RELIEF MAY BE
                                  )   GRANTED (FRCP 12(b)(6)); OR, IN
16                                )   THE ALTERNATIVE, AND
              Defendant.          )   SUBJECT TO THE COURT'S
17                                )   DISCRETION UNDER 28 U.S.C.
                                  )   § 1404, TO TRANSFER
18  _____)   PLAINTIFF'S CASE TO NEW
                                      JERSEY DISTRICT COURT**

19

20                                    DATE:   May 30, 2008
                                      TIME:   9:00 a.m.
21                                    DEPT:   7

22                                    TRIAL DATE:  Not Set

23

24       TO THE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS

25  OF RECORD:

26       NOTICE IS GIVEN that on May 30, 2008 at 9:00 a.m., or as soon thereafter

27  as this matter may be heard in Department 7 of the above-entitled Court located at

28  450 Golden Gate Avenue, San Francisco, CA 94102, defendant M. Rothman &

                                    1

Co., Inc. will move the Court for an order dismissing the action pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that plaintiff's claims are barred by the doctrine of res judicata.  In the alternative, Rothman will move for an order transferring this case to the United States District Court for the District of New Jersey under 28 U.S.C. § 1404(a).

The motion to dismiss is based upon the preclusive effects of a default judgment entered in the New Jersey Superior Court against plaintiff's assignor in a lawsuit filed by Rothman in December 2007 arising out of the same facts which underlie plaintiff's contract claims in this action – a transactional business relationship between Hannspree North America, Inc. and Rothman.

A discretionary transfer under 28 U.S.C. § 1404(a) is sought based upon the deference given to a plaintiff's choice of forum and the fact that the initial lawsuit between these parties was filed (and subsequently adjudicated) in a New Jersey state court.

The motion will be based on this notice, the accompanying memorandum of points and authorities, defendant's request for judicial notice; defendant's appendix of non-California cases, all pleadings and papers on file in this case, and on such other evidence as may be presented on or before the hearing on this motion.

DATED:  April 18, 2008

CHASSMAN & SEELIG, LLP

By: _Rhonda E Kaley_
RHONDA E. KALEY
Attorneys for Defendant
M. Rothman & Co., Inc.

2

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . .  6

I.  SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

II.  A MOTION TO DISMISS UNDER RULE 12(b)(6)
PROPERLY TESTS THE SUFFICIENCY OF A RES
JUDICATA DEFENSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

III.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

    A.  The New Jersey Superior Court Action . . . . . . . . . . . . . . . . . . . . . . . .  7

    B.  The California Superior Court Action . . . . . . . . . . . . . . . . . . . . . . . .  9

IV.  PLAINTIFF'S CONTRACT AND COMMON COUNT
CLAIMS AGAINST ROTHMAN ARE BARRED BY THE
RES JUDICATA DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

    A.  Plaintiff, An Assignee, Takes Hanspree's Claims Against
Rothman Subject To Defenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

    B.  The Res Judicata Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

    C.  New Jersey Law Regarding the "Entire Controversy Doctrine" . . . .  12

    D.  Under California Law, Rothman's Default Judgment Bars
Plaintiff's Claims Arising Out of Hanspree's Sale of
Goods to Rothman . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

V.  IN THE ALTERNATIVE, THE CASE SHOULD BE
TRANSFERRED TO THE DISTRICT COURT OF
NEW JERSEY UNDER 28 U.S.C. SECTION 1404(a) . . . . . . . . . . . . . . . . .  16

3

---

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) . . . . . . . . . . . . . 7

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . 7

*Brown v. Brown*, 170 Cal.1 (1915) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . 6

*Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 142 N.J. 280, 662 A.2d 509 (1995) . . 13

*Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Association*, 60 Cal.App.4th 1053  12

*Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865 (1978) . . . . . . . . . . . . . . . . . . . . . . 11

*Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) . . . . . . . . . . . . . . . . . 6

*Day v. Moscow*, 955 F.2d 807 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Fitzgerald v. Herzer*, 78 Cal.App.2d 127(1947) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Horton v. Horton* 18 Cal.2d 579 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Irish Pub v. Stover*, 364 N.J.Super. 351, 835 A.2d 1257 (2002) . . . . . . . . . . . . . . . . . 13

*K-Land Corporation No. 28 v. Landis Sewerage Authority*, 173 N.J. 59, 800 A.2d 861 (2002)  12

*Morris v. Blank*, 94 Cal.App.4th 823 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mycogen Corp. v. Monsanto Co.,* 28 Cal.4th 888 (2002) . . . . . . . . . . . . . . . . . . . . 11

*Navarri v. Antonovich*, 250 F.3d 729 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 6

*Olds v. Donnelly*, 150 N.J. 424, 696 A.2d 633 (1997) . . . . . . . . . . . . . . . . . . . . . . 13

*Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362 (9th Cir.1993) . . . . . . 7

*San Remo Hotel, L.P. v. City & County of San Francisco,* 545 U.S. 323, 125 S.Ct. 2491, 162

    L.Ed.2d 315 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Scott v. Kuhlmann*, 746 F.2d 1377 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985) . . . . . . . . . . 16

*Shambrum v. Frey*, 77 Cal.App.3d 465 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sporn v. Home Depot USA, Inc.* 126 Cal.App.4th 1294 (2005) . . . . . . . . . . . . . . . . . 15

*Wittman v. Chrysler Corporation*, 199 Cal.App.3d 586 (1988) . . . . . . . . . . . . . . . . . . 15

**Statutes**

28 U.S.C. § 1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

28 U.S.C. § 1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cal. Comm.Code § 9404(a) (Rev. UCC § 9-404(a) . . . . . . . . . . . . . . . . . . . . . . . . 10

**Other Authorities**

6 Witkin, *Cal.Proc.4th*, Proceedings Without Trial, § 153, p. 570 . . . . . . . . . . . . . . . . . . 15

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

NOTICE OF MOTION AND MOTION FOR DISMISSAL OR, IN
THE ALTERNATIVE, FOR TRANSFER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## SUMMARY OF ARGUMENT

Plaintiff's accounting and breach of contract claims against M. Rothman & Co., Inc. arose out of a transactional business relationship between plaintiff's alleged assignor, Hannspree California Inc., and Rothman which began in or about June 2005. According to plaintiff, Rothman owes $145,804.71 for "goods sold and delivered" by Hannspree to Rothman and for which Rothman has not paid.

On April 1, 2008, the Superior Court of New Jersey entered a $437.29 default judgment in favor of Rothman and against Hannspree arising out of the same business relationship and the purchase and sale of the same goods during the same time period alleged in plaintiff's complaint.

As pled, plaintiff's money claims against Rothman are barred by the res judicata doctrine and this action should be dismissed under Federal Rule 12(b)(6).

## II.

## A MOTION TO DISMISS UNDER RULE 12(b)(6) PROPERLY TESTS THE SUFFICIENCY OF A RES JUDICATA DEFENSE

A Rule 12(b)(6) motion tests the legal sufficiency of the claim or claims stated in the complaint. *Navarri v. Antonovich*, 250 F.3d 729, 732 (9th Cir. 2001) A claim may be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In deciding such a motion, all material allegations of the complaint are accepted as true, as well as the reasonable inferences to be drawn from them. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir.1996) Dismissal is proper where there is no cognizable legal theory or an absence of sufficient facts alleged

6

to support a cognizable legal theory.  *See, Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)  A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim, *i.e.*, the court may take notice of official records to determine the defense of res judicata when "all relevant facts are shown by the court's own records of which the court takes notice." *Day v. Moscow*, 955 F.2d 807, 811 (2nd Cir. 1992)

Res judicata may be raised in a motion to dismiss under Rule 12(b)(6). *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)  Generally "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).  [Emphasis added.]

Federal courts are required to give full faith and credit to state court judgments under 28 U.S.C. § 1738. *See, San Remo Hotel, L.P. v. City & County of San Francisco,* 545 U.S. 323, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005). To determine the preclusive effect of a state court judgment federal courts look to state law. *Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 364 (9th Cir.1993).

## III.
## STATEMENT OF FACTS

**A.    The New Jersey Superior Court Action**

On December 19, 2007, Rothman filed a complaint in the Superior Court of New Jersey (Docket No. L-9289-07) against Hannspree North America, Inc.[1] for

---

[1]    Based upon records obtained from the California Secretary of State, Hannspree California, Inc., plaintiff's assignor, has been "merged out."  Hannspree North America, Inc., the defendant in the New Jersey action, is located at the same

7

breach of contract and declaratory relief based upon a business relationship
pursuant to which Rothman purchased merchandise from Hannspree. *See,* Request
for Judicial Notice (RJN), Exhibit 2.

The New Jersey complaint alleged that:

- Rothman purchased merchandise from Hannspree. (RJN, Exhibit 2, ¶ 4)

- Pursuant to the parties' agreement, Rothman had the right to return merchandise it purchased from Hannspree and receive credit for those returns. (RJN, Exhibit 2, ¶ 5)

- Rothman maintained a book account in connection with its purchases from Hannspree that reflected a running balance, taking into account amounts due to Hannspree from Rothman, amounts due from Hannspree to Rothman, payments by Rothman to Hannspree and credits due to Rothman from Hannspree. (RJN, Exhibit 2, ¶ 7)

- Hannspree owed Rothman $437.29. (RJN, Exhibit 2, ¶ 8)

- Hannspree failed and refused to pay Rothman the $437.29 and instead "alleged that Rothman owes Hannspree significant amounts in excess of the jurisdictional limit for cases to be filed in the Law Division of the Superior Court of the State of New Jersey." (RJN, Exhibit 2, ¶¶ 9 and 10)

- As a result of Hannspree's failure and refusal to pay the amount due to Rothman, and Hannspree's "continuous and erroneous insistence" that Rothman owed money to Hannspree, there was an

---

address in Fremont, California, and is the sole entity currently registered with the
Secretary of State. Although standing issues may exist as to Hannspree California
Inc., Rothman has not raised those issues in this motion since Creditors
Adjustment Bureau, Inc. is a California corporation in good standing. RJN,
Exhibit 8.

---

NOTICE OF MOTION AND MOTION FOR DISMISSAL OR, IN
THE ALTERNATIVE, FOR TRANSFER

actual and justiciable controversy presently existing between the parties.  (RJN, Exhibit 2, ¶ 16)

Hannspree's California agent for service of process was served with the New Jersey summons and complaint on December 27, 2007.  RJN, Exhibits 4 and 8. Hannspree failed to respond to the complaint and, upon Rothman's request, a default was entered by the New Jersey Superior Court Clerk on February 25, 2008. RJN, Exhibit 5.

On April 1, 2008, Larry Francis, Rothman's chief financial officer, filed, with notice to Hannspree, a Certification of Proof under oath, documenting the transactional account between Rothman and Hannspree in support of Rothman's application for a default judgment against Hannspree.  RJN, Exhibit 6.   Francis' declaration sets forth the historical business dealings between the parties, including a financial accounting of debits and credits. *Id.*  The Superior Court determined based upon the evidence presented that Hannspree owed $473.27 to Rothman, and, on April 1, 2008, entered a judgment in that amount in favor of Rothman and against Hannspree. (RJN, Exhibit 7)  This judgment conforms to the prayer of the complaint.

**B.     The California Superior Court Action**

Plaintiff's complaint filed on February 4, 2008 in the Alameda County Superior Court and removed to this Court on March 13, 2008 alleges nearly identical facts regarding the parties' business dealings, but seeks a $145,804.71 judgment against Rothman.  The complaint alleges that:

- Plaintiff's assignor, Hannspree, and Rothman entered into written agreements in June and August 2005 "wherein Plaintiff's Assignor agreed to sell and deliver the goods and/or render the services described [in the agreements]" and that Rothman "agreed to pay therefore."  (RJN, Exhibit 1, ¶ 18)

NOTICE OF MOTION AND MOTION FOR DISMISSAL OR, IN
THE ALTERNATIVE, FOR TRANSFER

- Hannspree provided goods to Rothman at Rothman's request. (RJN, Exhibit 1, ¶ 9)
- Rothman "failed and refused to pay" for the goods and services. (RJN, Exhibit 1, ¶¶ 19)
- Rothman owes $145,804.71 to plaintiff's assignor. (RJN, Exhibit 1, ¶¶ 2, 9, 12, 15, and 19)

The relief sought in both actions is identical – money owed from one party to the other as a result of their business relationship. Both complaints demand a money judgment.

All outstanding accounting issues between the parties were necessarily adjudicated in the New Jersey lawsuit. To hold otherwise now would result in an injustice to Rothman.

## IV.

### PLAINTIFF'S CONTRACT AND COMMON COUNT CLAIMS AGAINST ROTHMAN ARE BARRED BY THE RES JUDICATA DOCTRINE

**A.    Plaintiff, An Assignee, Takes Hannspree's Claims Against Rothman Subject To Defenses**

Under California law, Credit Adjustment Bureau's causes of action are subject to all the defenses and offsets which Rothman could raise if the action had been filed by Hannspree instead of the assignee. *Shambrum v. Frey*, 77 Cal.App.3d 465, 469 (1978) *See also*, Cal. Comm.Code § 9404(a) (Rev. UCC § 9-404(a))[2]

---

[2]    California Commercial Code §9404(a) states in pertinent part: "Unless an account debtor has made an enforceable agreement not to assert defenses or claims . . . the rights of an assignee are subject to both of the following: (1) All terms of the agreement between the account debtor and assignor and any defense or claim in recoupment arising from the transaction that gave rise to the contract[; and] (2) Any other defense or claim of the account debtor against the assignor which

10

**B.     The Res Judicata Doctrine**

The res judicata doctrine bars relitigation of a claim "when [a] prior action 1) raised the same claim, (2) resulted in a final judgment on the merits, and 3) the party against whom the claim is asserted was a party to or was in privity with a party to the prior action. *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 875 (1978). California's res judicata doctrine is based on a primary rights theory.  As the California Supreme Court held in *Mycogen Corp. v. Monsanto Co.,* 28 Cal.4th 888 (2002):

> "[A] 'cause of action' is comprised of a 'primary right' of the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by the defendant constituting a breach of that duty. The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action."

*Id.* at 904.

Under this analysis, a party may bring only one cause of action to vindicate a primary right. *Id.* at 897. Claims not raised in this single cause of action may not be raised at a later date. *Id.*

In order for res judicata to apply, the cause of action in the subsequent litigation must be identical to that in the first. *Morris v. Blank*, 94 Cal.App.4th 823, 831.  Collateral estoppel applies only if the issues decided in the prior adjudication are identical to those raised in the present action.  *Id.*, at 832.  In determining whether a later proceeding is based on the same primary right as in an earlier action, courts will "compare the two actions, looking at the rights which are sought to be vindicated and the harm for which redress is claimed.  Reference must be

accrues before the account debtor receives a notification of the assignment authenticated by the assignor or the assignee."

11

1   made to the pleadings and proof in each case." *Citizens for Open Access to Sand*
2   *and Tide, Inc. v. Seadrift Association*, 60 Cal.App.4th 1053, 1067 [internal
3   quotations and citations omitted.]

4   **C.    New Jersey Law Regarding The "Entire Controversy Doctrine"**

5       Having been filed in the New Jersey Superior Court, Rothman's action
6   against Hannspree was and is subject to New Jersey law.  In *K-Land Corporation*
7   *No. 28 v. Landis Sewerage Authority*, 173 N.J. 59, 800 A.2d 861 (2002),[3] the New
8   Jersey Supreme Court discussed the application of the "entire controversy
9   doctrine" codified in New Jersey Rule 4:30A.  That rule provides that: "Non-
10  joinder of claims required to be joined by the entire controversy doctrine shall
11  result in the preclusion of the omitted claims to the extent required by the entire
12  controversy doctrine."

13      As cited in numerous cases applying the rule, in comments to Rule 4:30,
14  Judge Sylvia B. Pressler stated:

15          "The entire controversy doctrine, an equitable
16          preclusionary doctrine whose purposes are to encourage
17          comprehensive and conclusive litigation determinations,
18          to avoid fragmentation of litigation, and to promote party
19          fairness and judicial economy and efficiency, was
20          originally conceived of as a claim-joinder mandate,
21          requiring all parties in an action to raise in that action all
22          transactionally related claims each had against any other
23          whether assertible by complaint, counterclaim, or cross-
24          claim . . . [¶]  The rule as to claim joinder continues to
25          require . . . that all aspects of the controversy between

26
27  _____
28  [3]    Copies of the cited New Jersey cases are included in Defendant's Appendix
of Non-California Authority filed and served concurrently.

_____
NOTICE OF MOTION AND MOTION FOR DISMISSAL OR, IN
THE ALTERNATIVE, FOR TRANSFER

1               those who are parties to the litigation be included in a

2                   single action."

3   *See*, *K-Land Corporation No. 28 v. Landis Sewerage Authority*, 173 N.J. 59, 70,

4 800 A.2d 861, 868 (2002); *Irish Pub v. Stover*, 364 N.J.Super. 351, 354-355 835

5 A.2d 1257, 1259 (2002).

6      In *Circle Chevrolet Co. v. Giordano, Halleran & Ciesla*, 142 N.J. 280, 662

7 A.2d 509 (1995) (abrogated on other grounds in *Olds v. Donnelly*, 150 N.J. 424,

8 696 A.2d 633 (1997), the New Jersey Supreme Court, in discussing the evolution

9 of the entire controversy doctrine, held:

10            "The entire controversy doctrine seeks to further the

11            judicial goals of fairness and efficiency by requiring,

12            whenever possible, "that the adjudication of a legal

13            controversy should occur in one litigation in only one

14            court. [Citation.] 'The point of course, is that a

15            component of the controversy may not be unfairly

16            withheld, and a withholding is by definition unfair if its

17            effect is to render the pending litigation merely one

18            inning of the whole ball game.' [Citation.] <u>The rule has</u>

19            <u>been extended to include all affirmative claims that a</u>

20            <u>party might have against another party, including</u>

21            <u>counterclaims and cross-claims</u> . . . . [Citation.]"

22 *Id.* at 513. [Emphasis added.]

23      Under the New Jersey rule, Hannspree's money claims against Rothman

24 arising out of the parties' business relationship were <u>mandatory</u> cross-claims in the

25 New Jersey action. Because Hannspree did not respond to Rothman's complaint,

26 much less assert its mandatory cross-claims, Hannspree should not be allowed to

27 now assert those same claims in an action filed in California. Indeed, Hannspree's

28 California action, brought through an assignee, is an improper, unfair, and legally

impermissible collateral attack on the New Jersey judgment. Hannspree had a fair and reasonable opportunity to litigate its existing monetary claims against Rothman in the New Jersey court. The fact that it chose not to do so precludes Hannspree from now litigating those claims in this Court.

**D.    Under California Law, Rothman's Default Judgment Bars Plaintiff's Claims Arising Out of Hannspree's Sale of Goods To Rothman**

Rothman's action against Hannspree in New Jersey was filed on December 19, 2007 in the Superior Court of New Jersey. RJN, Exhibit 2. Hannspree was served with the New Jersey summons and complaint on December 27, 2007, but failed to respond. RJN, Exhibits 3, 4, and 5. A default judgment against Hannspree was entered on April 1, 2008. RJN, Exhibit 7.

The California action, based upon identical facts regarding the transactional activities between the parties, was filed on February 4, 2008. RJN, Exhibit 1. At that point in time, Hannspree was already in default in the New Jersey action, although the default had not yet been entered by the court clerk.[4]

In *Brown v. Brown*, 170 Cal.1, 5 (1915), the California Supreme Court held that default judgments were conclusive as to issues raised by the complaint:

> "The [default] judgment . . . is, in contemplation of law, a complete adjudication of all the rights of the parties embraced in the prayer for relief and arising from the facts stated in the complaint, including the facts in [defendant's] favor as well as those against him. The defendant . . . is presumed to have acceded to the proposition embraced in the complaint and to have

---

[4] The New Jersey summons states that a response to the complaint must be filed within 35 days from the date of receipt. RJN, Exhibit 3. The complaint was personally served on Hannspree's registered agent on December 27, 2007. RJN, Exhibit 4. Therefore, Hannspree's response was due on or before January 31, 2008.

14

consented that plaintiff should obtain the relief therein
prayed for, upon the conditions and facts set forth in the
complaint."

*See also*, *Horton v. Horton* 18 Cal.2d 579, 585 (1941) ["A default judgment
is an estoppel as to all issues necessarily litigated therein and determined thereby
exactly like any other judgment provided the court acquired jurisdiction of the
parties and subject-matter involved in the lawsuit."]; *Fitzgerald v. Herzer*, 78
Cal.App.2d 127, 131 (1947) ["A judgment by default is as conclusive as to the
issues tendered by the complaint as if it had been rendered after answer filed and
trial had on allegations denied by the answer"]; *Sporn v. Home Depot USA, Inc.*
126 Cal.App.4th 1294, 1303 (2005) [because the default admits plaintiff's
allegations, defaulting defendant lacked standing to complain of extraneous
evidence introduced at prove-up hearing]; 6 Witkin, *Cal.Proc.4th*, Proceedings
Without Trial, § 153, p. 570 ["A judgment by default is said to 'confess' the
material facts alleged by the plaintiff, *i.e.*, the defendant's failure to answer has the
same effect as an <u>express admission</u> of the matters well pleaded in the complaint.
The judgment is, in consequence, *res judicata* on the issue of the right to the relief
awarded." (Emphasis added).]

All issues relating to the accounting – the application of credits and debits –
between Hannspree and Rothman were first raised and have been adjudicated in
the New Jersey action. "Once an issue is raised and determined after a trial on the
merits or a consent judgment, that determination is binding in a subsequent action
notwithstanding that a party may have failed to raise arguments against it which, <u>if
asserted, might have produced a different outcome</u>." *Wittman v. Chrysler
Corporation*, 199 Cal.App.3d 586, 592 (1988)  [Emphasis added.]

/ / /

15

1    Hannspree, through its assignee, cannot now relitigate transactional

2    accounting issues between it and Rothman in a California court.  The New Jersey

3    court has ruled, based upon admissible and undisputed evidence, that Hannspree

4    owes Rothman $437.29.  In reaching that result, the New Jersey court necessarily

5    adjudicated (and extinguished) Hannspree's money claims against Rothman arising

6    out of the business dealings between the parties.

7

8                                      V.

9         IN THE ALTERNATIVE, THE CASE SHOULD BE

10    TRANSFERRED TO THE DISTRICT COURT OF NEW JERSEY

11                       UNDER 28 U.S.C. § 1404(a)

12    If the case cannot be dismissed, Rothman respectfully requests an order

13    transferring the case to the U.S. District Court in New Jersey.  A plaintiff's choice

14    of forum is accorded substantial weight in proceedings under section 1404(a).

15    *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir.

16    1985).  Rothman is a New Jersey corporation with its principal place of business in

17    Ramsey, New Jersey.[5]  Rothman commenced its action against Hannspree in the

18    New Jersey Superior Court two months before Hannspree's assignee filed the

19    California action and Hannspree did not object to the jurisdiction of the New

20    Jersey Court.  A New Jersey state court has already adjudicated facts relating to the

21    parties' business dealings in favor of Rothman.

22    Under New Jersey's entire controversy doctrine, Hannspree's claims against

23    Rothman could have been (indeed, should have been) brought in the New Jersey

24    Superior Court in the first place, not in a California court.

25

26

27    _____

28    [5]    *See*, Rothman's Notice of Removal previous filed in this action on March
12, 2008.

NOTICE OF MOTION AND MOTION FOR DISMISSAL OR, IN
THE ALTERNATIVE, FOR TRANSFER

Therefore, in the interests of justice, Rothman respectfully requests that the case, if not dismissed under Rule 12(b)(6), be transferred to the U.S. District Court in New Jersey.

Respectfully submitted,

DATED:  April 18, 2008                    CHASSMAN & SEELIG, LLP

By: _Rhonda E Kaley_
RHONDA E. KALEY
Attorneys for Defendant
M. Rothman & Co., Inc.

17

PROOF OF SERVICE

STATE OF CALIFORNIA        )
                                 )
COUNTY OF LOS ANGELES    )

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is: 350 South Figueroa Street, Suite 580, Los Angeles, California 90071-1102.

    On April 21, 2008, I served the foregoing documents described as **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED (FRCP 12(b)(6); OR, IN THE ALTERNATIVE, AND SUBJECT TO THE COURT'S DISCRETION, TO TRANSFER PLAINTIFF'S CASE TO NEW JERSEY DISTRICT COURT UNDER 28 U.S.C. § 1404** on the interested parties in this action by placing a true copy thereof enclosed in a sealed, prepaid envelope addressed as follows:

        Kenneth J. Freed, Esq.
        Law Offices of Kenneth J. Freed
        14226 Ventura Boulevard
        P.O. Box 5914
        Sherman Oaks, CA 91413

 X       (BY MAIL)  I caused such envelope to be deposited in the mail at Los Angeles, California.  I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

____     (BY PERSONAL SERVICE)  I delivered such envelope by hand to the offices of the addressee.

    Executed on April 21, 2008 at Los Angeles, California.

 X       (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

MARIBEL SANTOS                               
NAME                                    SIGNATURE