**SUM-100**

# SUMMONS
*(CITACIÓN JUDICIAL)*

Plaintiff F#77906

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
M. ROTHMAN & CO. INC.; and DOES 1 through 10,
Inclusive,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

FEB 0 4 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CREDITORS ADJUSTMENT BUREAU, INC., A California
Corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California County of Alameda
5672 Stoneridge Dr.
Same
Pleasanton, CA 94588
Gale-Schenone Hall of Justice, Unlimited

**CASE NUMBER:**
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KENNETH J. FREED, ESQ. SBN 125349 F#77906      (818)990-0888    (818)990-1047
LAW OFFICES OF KENNETH J. FREED       **PAT SWEETEN**
14226 Ventura Blvd., P.O. Box 5914     **EXECUTIVE OFFICE/CLERK**
Sherman Oaks, CA 91413

DATE:      FEB 0 4 2008                  Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use | Page 1 of 1 |
| Judicial Council of California | |
| SUM-100 (Rev. January 1, 2004) | Code of Civil Procedure §§ 412.20, 465 |

**SUMMONS**



Legal Solutions Plus

1

1  KENNETH J. FREED, ESQ. [State Bar No. 125349]
   LAW OFFICES OF KENNETH J. FREED
2  14226 Ventura Boulevard
   P.O. Box 5914
3  Sherman Oaks, California  91413
   (818) 990-0888
4  (818) 990-1047 Facsimile

5  Attorneys for Plaintiff
   CREDITORS ADJUSTMENT BUREAU, INC.
6  Our File No. 77906

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9            GALE-SCHENONE HALL OF JUDTICE, LIMITED CIVIL

10

11  CREDITORS ADJUSTMENT BUREAU,    )   CASE NO.
    INC.,    A    California        )
12  Corporation,                    )
                                    )   COMPLAINT FOR:
13                    Plaintiff,    )
              v.                    )   1.   OPEN BOOK ACCOUNT
14                                  )   2.   ACCOUNT STATED
                                    )   3.   REASONABLE VALUE
15  M. ROTHMAN & CO. INC.; and      )   4.   BREACH OF CONTRACTS
    DOES 1 through 10, Inclusive,   )
16                                  )
                    Defendants.     )   Amount    of    Demand:
17  _____  )   $145,804.71
                                    )
18                                  )

19        Plaintiff alleges as follows:

20              DEFINITIONS AND PRELIMINARY ALLEGATIONS

21        1.    As used herein, the term "Plaintiff's Assignor" shall

22  refer to Hannspree California Inc.;

23        2.    As used herein, the terms "the DEBT" and "said DEBT"

24  refer to the following sum: $145,804.71;

25        3.    Prior to the commencement of this action, the claims

26  herein sued upon were assigned to Plaintiff by the Plaintiff's

27  Assignor and Plaintiff is now the owner and holder of such

28  claims;

                              1         COMPLAINT

4.    Plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the State of California, and is a collection agency duly licensed and operating under and pursuant to the laws of the State of California;

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants herein designated DOES 1 through 10, inclusive, are unknown to Plaintiff;

6.    The obligations and claims sued upon herein were made and entered into and are due and payable in the above-mentioned Judicial District and County, State of California, and are not subject to the provisions of Sections 1812.10 and 2984.4 of the California Civil Code, and Section 395(b) of the California Code of Civil Procedure;

7.    At all times herein mentioned, the Defendant(s), and each of them, were agents and employees of the other Defendant(s), and were acting within the course and scope of such agency and employment;

<u>FIRST CAUSE OF ACTION (OPEN BOOK ACCOUNT)</u>

8.    Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

9.    Within four years preceding the commencement of this action, Defendant, and each of them, became indebted to Plaintiff's Assignor in the amount of "the DEBT" for a balance due on a book account for goods sold and delivered and/or services rendered by Plaintiff's Assignor to Defendant at

COMPLAINT

3

1    Defendant's request.   Said DEBT has not been paid although

2    payment has been demanded, and said DEBT is now due, owing and

3    unpaid, together with interest thereon at the rate of ten

4    percent (10%) per annum since demanded on October 18, 2006;

5        10.   The DEBT sued upon herein was incurred on or after

6    January 1, 1987, and is subject to the provisions of the

7    California Civil Section 1717.5 and that Plaintiff is entitled

8    to be awarded attorney's fees pursuant to said section;

9              SECOND CAUSE OF ACTION (ACCOUNT STATED)

10       11.   Plaintiff repeats, realleges and incorporates herein

11   by reference paragraphs 1 through 7 as though fully set forth

12   herein;

13       12.   Within four years preceding the commencement of this

14   action, an account was stated by and between Plaintiff's

15   Assignor and Defendant, and each of them wherein it was

16   ascertained and agreed that said Defendant owed said DEBT to

17   Plaintiff's Assignor together with interest thereon at the rate

18   of ten percent (10%) per annum from October 18, 2006;

19       13.   The DEBT sued upon herein was incurred on or after

20   January 1, 1987, and is subject to the provisions of the

21   California Civil Code Section 1717.5 and that Plaintiff is

22   entitled to be awarded attorney's fees pursuant to said

23   section;

24             THIRD CAUSE OF ACTION (REASONABLE VALUE)

25       14.   Plaintiff repeats, realleges and incorporates herein

26   by reference paragraphs 1 through 7 as though fully set forth

27   herein;

28   //

15.   Within two years preceding the commencement of this action Defendant, and each of them, became indebted to Plaintiff's Assignor for the reasonable value of goods sold and delivered and/or services rendered by Plaintiff's Assignor to said Defendant at said Defendant's request, the DEBT was and is the reasonable value of said goods and/or services.  No part of said DEBT has been paid although payment has been demanded, and said DEBT is now due, owing and unpaid together with interest at the rate of ten (10%) percent per annum since demanded on October 18, 2006;

16.   The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

<u>FOURTH CAUSE OF ACTION (BREACH OF CONTRACTS)</u>

17.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set herein;

18.   Plaintiff's Assignor and Defendant entered into written agreements, copies of which are attached hereto and marked Exhibits "1" and "2", wherein Plaintiff's Assignor agreed to sell and deliver the goods and/or render the services described therein to the Defendant, and each of them, agreed to pay therefore;

19.   Within four years preceding the commencement of this action, pursuant to said agreements, Plaintiff's Assignor sold and delivered goods and/or rendered services to said Defendant. Although demand for payment has been made upon the Defendant,

said Defendant has failed and refused to pay the DEBT, and the DEBT is now due, owing and unpaid, together with interest thereon at the rate of ten percent (10%) per annum from the Due Date;

20.  Plaintiff's Assignor has performed all conditions, terms and obligations on its part to be performed;

21.  Said agreements further provides that if legal action be taken to collect any sums due and owing thereunder, Defendant shall pay reasonable attorneys fees necessitated thereby.  Plaintiff has employed the Law offices of KENNETH J. FREED to prosecute this action, and thereby has paid, and will pay attorneys fees for legal services rendered.  Plaintiff thus requests this Court to award it reasonable fees according to proof or according to this Court's reasonable fee schedule;

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1.  For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October 18, 2006;

2.  For costs of suit incurred herein;

3.  For attorney's fees pursuant to California Civil Code Section 1717.5; and

4.  For such other and further relief as the court may deem just and proper.

AS TO THE FOURTH CAUSE OF ACTION:

1.  For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October

1  |  18, 2006;

2  |      2.   For costs of suit incurred herein;

3  |      3.   For reasonable attorney's fees; and

4  |      3.   For such other and further relief as the court may

5  |  deem just and proper.

6  |  DATED: January 14, 2008        LAW OFFICES OF KENNETH J. FREED

7  |

8  |                              By: _____

9  |                                  KENNETH J. FREED
   |                                  Attorneys for Plaintiff

10 |                                  CREDITORS ADJUSTMENT BUREAU, INC.

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT "1"



# MANUFACTURER'S REPRESENTATIVE AGREEMENT

This Manufacturers Representative Agreement (the "Agreement") is made effective on 1_e th day of _June_, 200_5 (the "Effective Date") by and between Hannspree California Inc. (hereinafter referred to as "Hannspree"), with its principal office located at: 843 Auburn Court, Fremont, CA  94538, and **M. Rothman & Company** (hereinafter referred to as "Sales Representative"), with its principal office located at **50 Williams Drive, Ramsey, NJ 07446**.

WHEREAS, Hannspree desires to retain **M. Rothman & Company** as its' sales representative, and Sales Representative desires to be retained by Hannspree as its' sales representative for the Products and territories identified below, all on the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, each of the parties hereto intending to be legally bound, it is agreed as follows:

1.  DEFINITIONS

    A.  "Products" shall mean the Products currently manufactured and/or distributed by Hannspree for the channel sales channel as determined by Hannspree.
    B.  "Territory" shall mean the geographical area as stated in EXHIBIT A.
    C.  "Customer" shall mean any entity that purchases the oroduct.
    D.  "Net Invoice Price" shall mean the total price at which an order is invoiced to the Customer prior to any discount offered by Hannspree in compensation for early payment.  Excluded from the net invoice price are all shipping and mailing costs, duties, taxes, and insurance, and related adjustments granted to the Customer by Hannspree as shown on the face of the invoice, either direct to the reseller or to distribution.

2.  APPOINTMENT AND AUTHORITY OF SALES REPRESENTATIVE

    A.  Subject to the terms and conditions of this Agreement, Hannspree appoints Sales Representative as its selling agent for the Products to Customers in the Territory, and Sales Representative accepts the appointment and agrees to sell and promote the sale of the Products.
    B.  For sales to any Customer within the Territory, Hannspree shall pay to Sales Representative a commission in accordance with Section 3 below.
    C.  Sales Representative shall neither advertise the Products outside the Territory nor solicit orders from outside the Territory without the prior written consent of Hannspree.
    D.  The relationship of Hannspree and Sales Representative established by this Agreement is that of independent contractors, and nothing contained in this Agreement shall be construed to (i) give either party the power to direct and control the day-to-day activities of the other, (ii) constitute the parties as partners, joint ventures, co-owners or otherwise as participant in a joint undertaking, or (iii) allow Sales Representative to create or assume any obligation on behalf of Hannspree for any purpose whatsoever. All financial and other obligations associated with Sales Representative's business are the sole responsibility of Sales Representative.



9

### 3. COMPENSATION

As full payment for any and all services rendered by Sales Representative and in consideration of the effort of Sales Representative and all of the expenses incurred by Sales Representative, Hannspree agrees to pay to Sales Representative, and Sales Representative agrees to accept, commissions on sales of the Products as stated in EXHIBIT B.

A.   The commission shall apply to all orders from Customers in the Territory that have been accepted by Hannspree and which shipments have occurred as a result of Sales Representative's efforts.

B.   Commissions will be paid within forty-five (45) days from the date Hannspree received Customer's payment of the same.

C.   Hannspree reserves the right to chargeback (debit) the full amount of paid commissions on Products returned by Customer to Hannspree for credit, ~~and all other deductions from payment by Customer.~~  wBR b/o/s

D.   PAYMENT: Payment of commissions shall be in United States dollars and shall be subject to all applicable governmental regulations and rulings, including the withholding of any taxes required by law, which shall be Sales Representative's responsibility, not Hannspree.

E.   MONTHLY STATEMENTS: Hannspree shall submit to Sales Representative monthly statements of the commissions due and payable to Sales Representative under the terms of this Agreement, with reference to the specific accounts on which the commissions are being paid.

### 4. SALE OF THE PRODUCTS

A.   All sales shall be at prices and upon terms established by Hannspree and Hannspree shall have the right to establish, change, alter, or amend prices and other terms and conditions of sale in its sole discretion with or without notice. Sales Representative shall not accept orders in Hannspree's name, make price quotations, or delivery promises without Hannspree's prior approval.

B.   All orders obtained by Sales Representative shall be subject to acceptance by Hannspree at its principal office currently located at the address listed for Hannspree at the beginning of this Agreement, and all quotations by Sales Representative shall contain a statement to that effect. Sales Representative shall have no authority to make any acceptance/delivery commitments to any Customers. Hannspree shall send copies to Sales Representative of any written acceptances on commissionable orders.

C.   Hannspree shall have the sole discretion of credit approval or credit refusal for Customers in all cases.

D.   Hannspree or its' designee shall render all invoices directly to the Customers. Invoice payments shall be made directly to Hannspree or its' designee by Customers.

E.   It is expressly understood by Sales Representative that full responsibility for all collection rests with Hannspree.

F.   Hannspree shall make all relevant marketing materials based on Hannspree's determination to Sales Representative, including but not limited to catalogues, literature, and any other material for the proper promotion and sales of its Products in the Territory. All Hannspree marketing materials are copyrighted and no such material shall be duplicate, translated, copies, without Hannspree's prior written consent. Sales Representative shall be responsible for any translation costs to any language other than English or Chinese. All Product samples shall be distributed in accordance to the Hannspree's Product sample guidelines.

G.   Whenever Sales Representative, at Hannspree's request, takes possession of Hannspree's Products for the purpose of delivering such Products to Customers or for any other purpose, the risk of loss or damage to or destruction of such Products shall be borne by Hannspree, and Hannspree shall indemnify and hold Sales Representative harmless against any claims, debts, liabilities or causes of action resulting from any such loss, damage or destruction.

wBR b/o/s

10

5.  PRODUCT WARRANTY AND PRODUCT AVAILABILITY

    A.    Any warranty for the Products shall run directly from Hannspree to the Customer, and pursuant to the warranty the Customer shall return any allegedly defective Products to Hannspree or designated depot.  Sales Representative shall have no authority or responsibility to accept any returned Products.

    B.    Under no circumstances shall Hannspree be responsible to Sales Representative or any other party for its failure to fill accepted orders, or for its delay in filling accepted orders, when such failure or delay is due to any cause beyond Hannspree's reasonable control.

6.  SALES REPRESENTATIVE'S RESPONSIBILITIES AND CONDUCT OF BUSINESS

    A.    Sales Representative shall maintain sales offices in its assigned territory and shall use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Hannspree's Products within the Territory.

    B.    Sales Representative will conduct all of its business in its own name and in such manner as it may see fit.  Sales Representative will pay all expenses of its office and activities and be responsible for the acts and expenses of its employees.

    C.    Sales Representative shall not, without Hannspree's prior written approval, alter, enlarge, or limit orders, make representations or guarantees concerning Hannspree's Products or accept the return of, or make any allowance for such Products.

    D.    Sales Representative is to provide Hannspree with monthly forecasts by the third business day of each month categorized by accounts.  Any adjustment to such forecast shall be promptly communicated to Hannspree in writing.

7.  USE OF TRADEMARKS AND TRADENAMES

    A.    Sales Representative recognizes and concedes for all purposes that all trademarks, trade names, or identifying slogans affixed to Hannspree's Products or any accompanying labels, containers, and cartons, whether or not registered, constitute the exclusive property of Hannspree and cannot be used except in connection with promoting and selling Hannspree Products.  During the term of this Agreement, Sales Representative is authorized by Hannspree to use Hannspree's trademarks and logo in connection with Sales Representative's promotion of Hannspree Products and public relations announcements, provided that Sales Representative's use of such trademarks and logo shall be in accordance with Hannspree's policies from time to time communicated to Sales Representative.  Sales Representative shall bear no interest in such trademarks or logo except as herein expressly provided, and Sales Representative's use of such trademark and logo shall cease immediately upon termination or expiration of this Agreement.

8.  INDEMNIFICATIONS

    A.    Hannspree shall be solely responsible for the design, development, supply, production, and performance of its Products and the protection of its tradenames.  Hannspree agrees to indemnify and hold Sales Representative harmless against and to pay all losses, costs, damages and expenses whatsoever, including reasonable attorney fees, on account of infringement or alleged infringement of patents, trademarks, or tradenames, resulting from the sale of Hannspree's Products, or arising on account of warranty claims or product liability matters.  Sales Representative will promptly deliver to Hannspree any notices or papers served upon it in any proceeding covered by this indemnity, and Hannspree will defend same at its expense.  Sales Representative shall, however, have the right to participate in the defense at its own expense.

    B.    Sales Representative shall be solely responsible for, and shall indemnify and hold Hannspree free and harmless from, any and all claims, damages or lawsuits (including Hannspree's attorney's fees) arising out of the any act of Sales Representative, its employees or its agents.  Hannspree will promptly deliver to Sales Representative any papers served upon it in any proceeding covered by this indemnity, and Sales Representative will defend same at its expense.  Hannspree shall, however, have the right to participate in the defense at its own expense.

9. TERM AND TERMINATION

A.  The term of this Agreement shall be one year from the Effective Date (the "Initial Term"). After the Initial Term, either party may terminate this Agreement by giving the other party a sixty (60) day written notice.

B.  Termination of Insolvency. This Agreement shall terminate, without notice, upon the institution by or against either party for insolvency, receivership or bankruptcy proceedings, making an assignment for the benefit of creditors, or upon dissolution.

C.  Upon termination of this Agreement for any reason, Sales Representative shall be entitled to commissions on all orders accepted by Hannspree through Sales Representative in the Territory prior to the termination date and after Hannspree's receipt of Customer's payment.

10. GENERAL

A.  This Agreement constitutes the entire understanding of the parties; shall supersede any other oral or written agreements; and shall be binding upon and inure to the benefit of the parties' successors and assigns. It may not be modified in any way without the written consent of both parties. Sales Representative shall not have the right to assign this Agreement in whole or in part without Hannspree's written consent.

B.  This Agreement shall be governed by and construed in accordance with the laws of the United States and of the State of California, without application of its conflicts of laws principles. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods, if applicable, is specifically excluded from application to this Agreement.

C.  The parties will endeavor to settle amicably by mutual discussions any claim, dispute, or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof. Failing such amicable settlement, any remaining claim, disputes or controversy will be submitted by the parties to a binding arbitration by a mutually agreed upon arbitrator of the American Arbitration Association in the Alameda County, State of California, United States of America under the commercial rules then in effect for that Association, except as provided herein. The parties will be entitled to discovery as provided in Sections 1283.05 and 1283.1 of the Code of Civil Procedure of the State of California or any successor provision, whether or not the California Arbitration Act is deemed to apply to the arbitration. The award rendered by the arbitrator will include costs of arbitration, reasonable attorneys' fees, and reasonable costs for expert and other witnesses, and judgment on such award may be entered in any court having jurisdiction thereof.

Hannspree California Inc.                              Sales Representative

By _____                    By _____

Title Sr. VP Sales & Marketing                   Title E.V.P.

Date 6/27/05                                              Date 6/10/5

4

12

## EXHIBIT A

Territory shall be defined as

**State of New Jersey**
**State of New York**
**Eastern portion of Pennsylvania**

**Including Home Shopping Network located in Florida**

## EXHIBIT B

Commission Rate shall be determined as follows:

**4% Brick & Mortar Retail**
**2% Distributors Accounts**
**2% Internet / Catalog Accounts**



13

# *EXHIBIT "2"*

# DISTRIBUTOR AGREEMENT



This Distributor Agreement (the "Agreement") becomes effective the_1st day
of__August___ 2005_ (the "Effective Date") between Hannspree California Inc., with its
principal place of business at 843 Auburn Court, Fremont, California 94538, (hereafter
called "Company") and M Rothman & co., Inc, a __Corporation with its place of business
for the retail sale of Company products covered by this Agreement located at:
City____Ramsey__County____Bergen___State____NJ___
Zip_____07446__(hereafter called "Distributor").

## I. PURPOSE

This Agreement is to establish a relationship between Distributor and Company for the
sale of Company's products to Company's pre-authorized dealers including parts and
accessories therefore (hereafter called "Products") and to establish the responsibilities of
the parties. Company may appoint other Company distributors in the trade area served
by Distributor. The sample dealer agreement between the Distributor and its' dealer is
attached as Exhibit A for Distributor's use.  Distributor agrees that all dealers must be
pre-authorized by Company.

## II. TERMS OF SALE

Upon acceptance by Company of a Distributor order for Products to be sold to
Company's pre-approved dealers, terms of purchase will be as set forth in Company's
most current "TERMS AND CONDITIONS". Company will have the right to change the
Product offering and the terms and prices therefore at anytime and from time to time.
Prices and terms for Products shall be those in effect on the date that Company accepts
the Distributor order. All shipments are F.O.B., USA Origin of shipment.

## III. CREDIT

When credit is extended to Distributor, Distributor agrees to pay in full for such product
allowing for adjustments for debit/credit memos or returns.  Credit will be extended to
Distributor after execution and filing of security agreements and related documents
satisfactory to Company. At Company's request, Distributor shall provide Company with
financial statements, including complete balance sheet and profit and loss statement,
and related information.   Company may reasonably request.   Company shall sign an
non-disclosure agreement and take reasonable measures to preserve the confidentiality
of all such information within the Company. Distributor's failure to promptly provide such
information, or should Company otherwise deem itself insecure, Company may suspend
or reduce Distributor's credit limit, or take other steps necessary to protect Company's
interest.

VBF
1/5

15

Distributor shall permit persons designated by Company, during normal business hours, to enter Distributor's place of business with thirty (30) days advanced notice, to inventory Products at Distributor's location and to examine, copy and audit related Distributor records and documents relating to the Hannspree Products.

## IV. WARRANTY AND RETURNS OF THE PRODUCTS

Company Products are sold subject only to the applicable Company standard printed warranty in effect at the time of sale and such warranty shall be in lieu of all other warranties express or implied. Distributor is not authorized to assume, on Company's behalf, any liabilities in connection with Distributor's sale of Product other than as set forth in such Company standard warranty. Distributor shall indemnify and hold Company harmless with respect to any Distributor representation beyond those in such Company warranty unless information is obtained in writing or through authorized Hannspree employee from the Company. COMPANY SHALL MAKE NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. No return shall be accepted by Company unless it is in strict compliance with Company's return policy then in effect.

## V. DELIVERY

Company shall not be responsible for failure to deliver Products on time or to fill orders when such delay or failure results from causes beyond Company's control. If goods cannot be delivered according to the terms written in the P.O. the order may be cancelled and returned by the Distributor.

## VI. RESPONSIBILITY OF DISTRIBUTOR

Distributor shall:

(A) Achieve a market share, satisfactory to Company, for Products in the area served by Distributor.

(B) Maintain an inventory of Products in keeping with the sales potential in the area served by distributor and satisfactory to Company.

(C) Aggressively promote the sale of Products at Distributor's expense, through, but not limited to, advertising, open houses, farm shows, field demonstrations and other applicable gatherings using Company's advertising and/or sales promotion material as provided by Company, and by participation in early order and other sales related programs offered by the Company.

(D) Extend to Company's pre-approved dealers Company's applicable standard printed Product warranty which is in effect at the time of retail sale. Distributor understands that no other warranty is expressed or implied.

(E) Properly staff and train sales, service and parts personnel with the assistance of

URF
2/5

16

Hannspree personnel and literature respect to Products.

(F) Set up Products following Company's standard setup instructions and explain proper operating and safety instructions to the Company's pre-approved dealers, together with delivery of applicable written operating and safety instructions.

(G) Obtain written consent of Company if Distributor intends to open any additional business location for the sale or service of Products or for the purpose of displaying Products at any location other than the business location described above.

(H) Carefully store and care for all Products for which Distributor is indebted to Company under this Agreement and protect same from damage or loss from any cause. Distributor shall maintain insurance of the types, in an amount of up to $1,000,000 and non-cancelable without 10 days written notice to Company from the insurer, covering any such damage or loss, all satisfactory to Company.

(I) Encourage Company's pre-approved dealers to use Company's original equipment parts (OEM) in the repair and replacement of Products in order to maintain the Products performance and high quality. Distributor shall not represent non-OEM parts as Company OEM parts.

(J) Cooperate with Company's Annual Performance Review, and any other commercially reasonable programs or matters pertaining to the administration of this Agreement.

## VII. TERM AND TERMINATION

The term of this Agreement shall be for a period of one year from the Effective Date. This Agreement shall be automatically renewed for successive terms of one year each unless either party shall give the other notice of non-renewal not less than thirty (30) days prior to the end of the then current term or unless this Agreement is otherwise terminated as provided herein.

Unless otherwise provided by applicable state law, either party may terminate this Agreement without cause and for any reason, upon not less than thirty (30) days written notice given to the other party, provided that nothing contained herein shall prevent Company from immediately terminating this Agreement in the event of bankruptcy or insolvency of Distributor, Distributor's failure to pay any amounts owing Company when due, Distributor's failure to hold proceeds of the sale of Products in trust for Company, or Distributor's failure to maintain satisfactory insurance with respect to Products. Upon termination for any reason, all amounts owed Company will become immediately due and payable.

## VIII. TRADEMARKS/TRADE NAMES

Distributor is hereby licensed to use Company's name and trademarks in the normal course of distributing Company's Products and performing related services under this Agreement. Distributor agrees not to use Company's name as part of Distributor's name or in any manner which would misrepresent the relationship between Distributor and

17

Company. Distributor may represent itself as an "authorized distributor" of Company, and, with prior approval of Company, may use Company's name and Product related trademarks on signs or other advertising or promotional material. Distributor's license to use Company's name and trademarks is limited and Distributor shall abide by restrictions and limitations imposed by Company from time to time. Upon termination of this Agreement, Distributor shall immediately cease representing itself as a distributor of Company and shall cease use of all Company names and trademarks and any signs or other material, of whatever nature, identifying Distributor as a distributor of Company shall be removed or obliterated. Further if Distribution agreement is terminated by either party, and Distributor has any merchandise, first class or otherwise Distributor has the right to return all goods and receive full credit at last invoiced price.

VX. GENERAL A. Distributor is not an agent of Company nor is Distributor authorized to incur any obligations or make any representations on behalf of Company.

B. This Agreement is binding on the parties, their heirs, executors, administrators, successors and assigns.

C. Distributor may not assign this Agreement or any provisions thereof to another distributor or party without the prior written approval of Company.

D. If any provision of this Agreement shall be held unenforceable, then the remainder of this Agreement shall not be affected thereby.

E. No waiver by Company of any default under this Agreement by Distributor shall be deemed a waiver of any prior or subsequent default by Distributor hereunder.

F. All understandings and agreements between the parties are contained in this Agreement which supersedes and terminates all previous and other agreements between the parties.

G. Company reserves the right to modify and/or update this Agreement in writing with the mutual consent of the Distributor

H. Distributor agrees that application of any provision of this Agreement or related documents, or any other change implemented by Company, if equally applied to all other similar Company distributors, shall not constitute a change in the competitive circumstances of Distributor.

I. This Agreement will be governed by the laws of the State of California or New Jersey as applied to agreements entered into and to be performed entirely within California between California or New Jersey residents. Any action arising out of this Agreement must be brought in either the Superior Court of the State of California in Santa Clara County or the United States District Court for the Northern District of California, if entered in California as permitted by law, which together shall have exclusive jurisdiction over disputes arising out of this Agreement. Company and Distributor hereby consent to the personal jurisdiction of the above courts.

4 of 5

**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

---------------------------------------------------------------x

SUPERIOR COURT BERGEN COUNTY
**FILED**

DEC 19 2007

**DEPUTY CLERK**

|  |  |
|---|---|
| M. ROTHMAN & CO., INC.,<br><br>        Plaintiff,<br><br>    - against -<br><br>HANNSPREE NORTH AMERICA, INC.<br>        Defendant. | SUPERIOR COURT OF<br>NEW JERSEY--LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO.: L - 9289 -07<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

---------------------------------------------------------------x

Plaintiff, M. Rothman & Co., Inc. ("Rothman"), as and for its complaint against defendant Hannspree North America, Inc. ("Hannspree"), by and through its undersigned counsel, hereby alleges as follows:

### NATURE OF THIS ACTION

1.    This is an action for amounts due and owing to Rothman by Hannspree in connection with merchandise Rothman purchased from Hannspree.

### PARTIES

2.    Rothman is a corporation with its principal place of business located at 50 Williams Drive, Ramsey, New Jersey. It is in the business of distributing and supplying consumer electronics goods to customers.

3.    Upon information and belief, defendant Hannspree is a corporation with its principal offices at 843 Auburn Ct., Fremont, California 94538.

19

## BACKGROUND

4.    Rothman purchased certain merchandise from Hannspree.

5.    Under the terms of the parties' agreement in connection with such purchases, Rothman had the right to return items it purchased from Hannspree and receive credit for such returns.

6.    Rothman duly returned merchandise to Hannspree under the parties' agreement.  However, Hannspree has not given Rothman appropriate credit for items returned.

7.    Rothman maintained an account with Hannspree that reflected a running balance, taking into account amounts due to Hannspree from Rothman, amounts due from Hannspree to Rothman, payments by Rothman to Hannspree and credits due to Rothman from Hannspree.

8.    There is currently due and owing from Hannspree to Rothman $437.29.

9.    Hannspree has failed and refused to pay Rothman the amount due and owing.

10.    To the contrary, Hannspree has improperly alleged that Rothman owes Hannspree significant amounts in excess of the jurisdictional limit for cases to be filed in the Law Division of the Superior Court of the State of New Jersey.

## COUNT ONE
### (Breach of Contract)

11.    Rothman repeats and realleges all allegations contained in paragraphs 1-10 of the complaint as if set forth fully herein.

12.    Hannspree owes to Rothman $437.29.

ROthman Hannspree Complaint

2

20

13.    By failing to pay the amount due, as alleged above, Rothman has suffered damages in at least the amount alleged.

**COUNT TWO**
(Declaratory Judgment)

14.    Rothman repeats and realleges all allegations contained in paragraphs 1-12 of the complaint as if set forth fully herein.

15.    In this count of the complaint, Rothman seeks a declaratory judgment pursuant to the New Jersey Declaratory Judgments Act, N.J.S.A. § 2A:16-50 et seq., under which Rothman to seeks a judgment declaring, adjudging and decreeing that no amounts are due and owing from Rothman to Hannspree.

16.    As a result of Hannspree's failure and refusal to pay the amount due to Rothman, as alleged above, and continued and erroneous insistence that Rothman owes money to Hannspree, there is an actual and justiciable controversy presently existing between the parties.

WHEREFORE, Rothman demands judgment against the defendants, jointly and severally, in the amount of $437.29, together with pre and post-judgment interest, attorneys' fees and costs of suit, as well as judgment . adjudging, decreeing and declaring that Rothman does not owe Hannspree any monies.

**CERTIFICATION PURSUANT TO RULE 4:5-1**

I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action pending in any Court, or the subject of a pending Arbitration proceeding and no other action or arbitration proceeding is contemplated.

21

## TRIAL COUNSEL

Jeffery Schreiber, Esq., of the firm Meister Seelig & Fein LLP, is hereby designated as trial counsel in the within matter.

Dated:  East Brunswick, New Jersey
      December 17, 2007

 

MEISTER SEELIG & FEIN LLP

By:    Jeffrey Schreiber
       (a member of the firm)

*Attorneys for Plaintiff*
*M. Rothman & Co., Inc.*

22

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: CK    CG    CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| Jeffrey Schreiber | 732-432-0073 | Bergen |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| Meister Seelig & Fein, LLP | L-9289-07 |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 2G Auer Court | Complaint |
| East Brunswick, NJ 08816 | JURY DEMAND  ☐ YES  ☒ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
| --- | --- |
| M. Rothman & Co., Inc., Plaintiff | M. Rothman & Co., Inc., Plaintiff -against- Hannspree North America, Defendant |

| CASE TYPE NUMBER (See reverse side for listing) | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES  ☒ NO |
| --- | --- |
| 599 | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES ☒ NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE ☒ UNKNOWN |
| --- | --- |

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☒ BUSINESS |
| --- | --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☒ NO |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
| --- | --- |

| WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO | IF YES, FOR WHAT LANGUAGE: |
| --- | --- |

ATTORNEY SIGNATURE

Revised effective 9/1/2007, CN 10517-English

page 1 of 2

23

BERGEN COUNTY COURT HOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK          NJ 07601-7680

COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

TRACK ASSIGNMENT NOTICE

DATE:     DECEMBER 19, 2007
RE:       M ROTHMAN & CO INC VS HANNSPREE NORTH AMERICA
DOCKET: BER L -009289 07

THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:   HON JONATHAN N. HARRIS

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM        003
AT: (201) 527-2600.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.
ATTENTION:

ATT: JEFFERY SCHREIBER
MEISTER SEELIG & FEIN
WILLIAMSBURG COMMONS
2 G AUER COURT
EAST BRUNSWICK    NJ 08816

JUBCE

24

**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

------------------------------------------------------------x

|  |  |  |
|---|---|---|
| M. ROTHMAN & CO., INC., | : | SUPERIOR COURT OF |
| Plaintiff, | : | NEW JERSEY--LAW DIVISION |
|  | : | BERGEN COUNTY |
| - against - | : | DOCKET NO.: L-9289-07 |
|  | : | **CIVIL ACTION** |
| HANNSPREE NORTH AMERICA, INC. | : |  |
| Defendant. | : | **SUMMONS** |

------------------------------------------------------------x

From The State of New Jersey, To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one of foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, 10 Main Street, Hackensack, New Jersey 07601. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

1644-044 Doc# 1

25

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.


THEODORE J. FETTER
Acting Clerk of the Superior Court

DATED:  December 26, 2007


Name of Defendants to be Served:

Hannspree North America, Inc.
843 Auburn Ct.
Freemont, CA 94538

26

**4**

Jan-04-08   01:44pm   From-                                               T-095   P.002/002   F-927

Chassman & Seelig
350 S. Figueroa Street  Suite 580 Los Angeles, CA 90071

TELEPHONE NO.: **(213) 626-6700**    FAX NO. *(Optional):* **(213) 626-5111**
E-MAIL ADDRESS *(Optional):*

**None**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:,
BRANCH NAME:

PLAINTIFF*(name each):* **M. Rothman & Co., Inc.**

DEFENDANT*(name each):* **Hannspree North America, Inc.**

| | | | | CASE NUMBER: |
|---|---|---|---|---|
| | | | | L-9269-07 |

| PROOF OF SERVICE | HEARING DATE | DAY: | TIME: | DEPT.. | Ref No. or File No. |
|---|---|---|---|---|---|
| | | | | | Seelig-Rothman |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

Summons & Complaint;Civil Case Information Sheet;Track Assignment Notice

PARTY SERVED:     **Hannspree North America, Inc.**

PERSON SERVED:    **Michael Peng - Person Authorized to Accept Service of Process**

DATE & TIME OF DELIVERY:   **December 27, 2007
04:48 pm**

ADDRESS, CITY, AND STATE:   **843 Auburn Court
Fremont, CA 94538
(BUSINESS)**

MANNER OF SERVICE:
**Personal Service - By Personally delivering copies.**

Fee for Service: **102.00**
County: **Santa Clara**
Registration No.: **768**
**All-N-One Legal Support, Inc.
1545 Wilshire Blvd., Suite 715
Los Angeles, CA 90017
(213) 202-3990**

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on **January 3, 2008**

Signature: _____
Patricia Miranda

**PROOF OF SERVICE**

987/811?3VNnw July 1 1987]                                    Order#. **206503070037/GProof**

27



MEISTER SEELIG & FEIN LLP
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

Office of the Superior Court Clerk
Filed and Default Entered

FEB 0 5 2008

by _____
Deputy Clerk of the Superior Court

------------------------------------------------------------

M. ROTHMAN & CO., INC.,

                Plaintiff,

      - against -

HANNSPREE NORTH AMERICA, INC.

                Defendant.

------------------------------------------------------------x

SUPERIOR COURT OF
NEW JERSEY--LAW DIVISION
BERGEN COUNTY

DOCKET NO.: L-9289-07

CIVIL ACTION

**REQUEST TO ENTER
DEFAULT**

To    Clerk of the Court
        Superior Court of New Jersey
        Bergen County, Law Division
        Justice Center
        10 Main Street
        Hackensack, NJ 07601

To:   Hannspree North America, Inc.
        843 Auburn Ct.,
        Fremont, California 94538

**SIR** or **MADAM:**

    **PLEASE ENTER** upon the docket the default of defendant Hannspree North

America, Inc. in the above-captioned matter for failure to plead or otherwise defend as

provided by the rules of civil practice and move forthwith for a hearing on Proof. In

28

support of this request, the applicant relies on the accompanying Certification of Counsel

and its exhibit.

Dated:  East Brunswick, New Jersey
        February 20, 2008

                                        **MEISTER SEELIG & FEIN LLP**

                                        By:
                                            Jeffrey Schreiber, Esq.
                                            2G Auer Court
                                            Williamsburg Commons
                                            East Brunswick, New Jersey 08816
                                            *Attorneys for Plaintiff*

1D2B                                    2

29

COPY

**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey  08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

-----------------------------------------------------------------x
                                              :

M. ROTHMAN & CO., INC.,                 :   SUPERIOR COURT OF
                                                  NEW JERSEY--LAW DIVISION
                      Plaintiff,     :   BERGEN COUNTY
                                               DOCKET NO.: L-0289-07

        - against -                  :

                                              :   **CERTIFICATION OF JEFFREY**
                                              :   **SCHREIBER, ESQ. IN**
HANNSPREE NORTH AMERICA, INC.   :   **SUPPORT OF REQUEST**
                      Defendant.   :   **TO ENTER DEFAULT**
                                                :
-----------------------------------------------------------------x

       **JEFFREY SCHREIBER**, an attorney at law duly admitted in the State of New Jersey hereby certifies as follows:

       1.      I am a member of Meister Seelig & Fein LLP, counsel for the plaintiff, M. Rothman & Co., Inc. ("Plaintiff") in the above-captioned action.  I make this certification based on my own personal knowledge in support of Plaintiff's Request to Enter Default against defendant Hannspree North America, Inc. ("Defendant").

       2.      Plaintiff commenced the above-captioned action against Defendant by filing its complaint with the Clerk of the Court on or about December 19, 2007, in the Superior Court, Law Division, Bergen County.

       3.      On or about December 27, 2007, Defendant was personally served with the summons and complaint as well as the CIS and track assignment notice herein, at its offices located at 843 Auburn Court, Fremont, California 94538, as set forth in the Affidavit of Service annexed hereto as Exhibit A.

30

4.    As of the date of this Certification, no answer or other responsive motion have been filed on behalf of the Defendant in the above-captioned matter.

5.    The time for the Defendant to answer or otherwise move as to the said Complaint has expired, has not been extended or enlarged and is less than six months from today.

6.    The defendant is a corporation and not subject to service in the military. The search to confirm, and attestation that, defendant is not in active military service of the United States of America is thus not applicable to this matter.

I certify that the foregoing statements made by me are true to the best of my knowledge, and if any statements are willfully false, I am subject to punishment.

Dated: East Brunswick, New Jersey
      February 20, 2008

**MEISTER SEELIG & FEIN LLP**

By: _____
Jeffrey Schreiber, Esq.
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
*Attorneys for Plaintiff*

1D2B                2

31

A

32

Chassman & Seelig
350 S. Figueroa Street  Suite 580 Los Angeles, CA 90071

TELEPHONE NO.: (213) 626-6700    FAX NO. (Optional): (213) 626-5111
E-MAIL ADDRESS (Optional):
None
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF (name each): M. Rothman & Co., Inc.

DEFENDANT (name each): Hannspree North America, Inc.

| CASE NUMBER: |
| L-8269-07 |

| PROOF OF SERVICE | HEARING DATE | DAY: | TIME: | DEPT.. | Ref No. or File No. |
| | | | | | Seelig-Rothman |

AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

Summons & Complaint;Civil Case Information Sheet;Track Assignment Notice

PARTY SERVED:    Hannspree North America, Inc.

PERSON SERVED:    Michael Peng - Person Authorized to Accept Service of Process

DATE & TIME OF DELIVERY:    December 27, 2007
04:48 pm

ADDRESS, CITY, AND STATE:    843 Auburn Court
Fremont, CA 94538
(BUSINESS)

MANNER OF SERVICE:
Personal Service - By Personally delivering copies.

Fee for Service: 102.00
County:  Santa Clara
Registration No.:  768
All-N-One Legal Support, Inc.
1545 Wilshire Blvd., Suite 715
Los Angeles, CA 90017
(213) 202-3990

I declare under penalty of perjury under the laws of the State of California that the foregoing information contained in the return of service and statement of service fees is true and correct and that this declaration was executed on January 3, 2008

Signature: _Patricia Miranda_

**PROOF OF SERVICE**

Order#: 206503070037/GProof

33



SUPERIOR COURT BERGEN COUNTY
FILED

APR 0 1 2008

*[signature]*
DEPUTY CLERK

**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

-------------------------------------------------------------x
                                 :

M. ROTHMAN & CO., INC.,             :
                 Plaintiff,      :

       - against -                   :

                                   :

HANNSPREE NORTH AMERICA, INC.    :
               Defendant.    :
                                   :
                                   :
-------------------------------------------------------------x

SUPERIOR COURT OF
NEW JERSEY--LAW DIVISION
BERGEN COUNTY
DOCKET NO.: L-~~0289-07~~
*9289-07*

**CERTIFICATION OF PROOF
OF LARRY FRANCIS IN
SUPPORT OF APPLICATION
FOR DEFAULT JUDGMENT**

**LARRY FRANCIS,** hereby certifies and says as follows:

     1.      I am the Chief Financial Officer for M. Rothman & Co., Inc. ("Rothman" or "Plaintiff"), the plaintiff in this action. As such, I am fully familiar with the facts and circumstances set forth herein.

     2.      On February 25, 2008, the Clerk entered a default in favor of Rothman and against defendant Hannpsree North America, Inc. ("Hannspree"), after Hannspree was duly served and failed to answer or otherwise appear in this matter. I submit this certification in support of Plaintiff's application for the entry of final judgment against defendant in the above-referenced matter.

### BACKGROUND

     3.      Rothman is in the business of distributing and supplying consumer electronics goods to customers.

     4.      Rothman purchased certain merchandise from Hannspree.

*1644-044 Doc#17*

34

5.  Under the terms of the parties' agreement in connection with such purchases, Rothman had the right to return items it purchased from Hannspree and receive credit for such returns.  In addition, Rothman was also entitled to receive credits for other items, including price protections,[1] fulfillment sales to Hannspree customers, and debit memos for authorized expenses incurred by Rothman on the behalf of Hannspree

6.  During the time that the parties were doing business with each other, Rothman duly returned merchandise to Hannspree under the parties' agreement, was entitled to price protection credit on various items at various times, made fulfillment sales to Hannspree customers directly and issued debit memos to Hannpsree for authorized expenses incurred by Rothman on Hannpsre's behalf.  However, Hannspree has not given Rothman appropriate credit for these items.

7.  Rothman maintained an account with Hannspree that reflected a running balance, taking into account amounts due to Hannspree from Rothman, amounts due from Hannspree to Rothman, payments by Rothman to Hannspree and credits due to Rothman from Hannspree.

8.  As set forth in the complaint and detailed more specifically below, there is currently due and owing from Hannspree to Rothman $437.29.

**Rothman Is Entitled To A**
**Judgment of $437.29 Against Hannspree**

9.    Set forth below is a chart showing the running balance of Rothman's account with Hannspree, which details each individual transaction (payments, authorized returns, price protection credits, fulfillment sales to Hannspree customers, debit memos

---

[1]    Under the terms of Rothman's agreement with Hannspree, Rothman was entitled to "Most Favored Nation" pricing.  Thus, when Hannspree reduced prices or gave discounts to other distributors, Rothnman was to receive the benefits of the same reductions and discounts in the form of price protection credits.

35

for authorized expenses incurred by M Rothman on the behalf of Hannspree, vendor and other charge-backs *etcetera*) from January 24, 2006 to date.    Amounts listed in parentheses indicate payments by Rothman to, or credits due to Rothman from, Hannspree.    Amounts not listed in parentheses indicate amounts due from Rothman to Hannspree.    As set forth in the chart, the bottom line, after applying all credits and payments, indicates an amount due from Hannspree to Rothman of $437.29.

| Reference[2] | Date | Amount |
|---|---|---|
| 90003746 | 10/12/2005 | $ 1,944.04 |
| 90003747 | 10/12/2005 | $ 2,261.56 |
| 90004318 | 10/26/2005 | $ 1,750.00 |
| 90004319 | 10/27/2005 | $ 10,430.00 |
| 90004321 | 10/27/2005 | $ 108,782.94 |
| 90004353 | 10/31/2005 | $ 15,876.00 |
| 90004941 | 11/10/2005 | $ 6,985.44 |
| 90004978 | 11/14/2005 | $ 7,858.62 |
| 90004979 | 11/14/2005 | $ 21,908.88 |
| 90005062 | 11/15/2005 | $ 14,112.00 |
| 90005032 | 11/15/2005 | $ 24,754.80 |
| 90005033 | 11/15/2005 | $ 81,250.00 |
| 90005034 | 11/16/2005 | $ 7,875.00 |
| 90005061 | 11/16/2005 | $ 89,455.00 |
| DM32813 | 11/18/2005 | $ (1,094.96) |
| DM32812. | 11/18/2005 | $ (750.05) |
| 90005477 | 11/18/2005 | $ 21,456.12 |
| 90005216 | 11/18/2005 | $ 27,950.58 |
| 90005217 | 11/18/2005 | $ 55,001.52 |
| DM33054 | 11/19/2005 | $ (100.00) |
| 90005197 | 11/19/2005 | $ 617.40 |
| 9005200 | 11/19/2005 | $ 617.40 |
| 90005212 | 11/21/2005 | $ 4,939.20 |
| 90005386 | 11/21/2005 | $ 6,350.40 |
| 90005376 | 11/21/2005 | $ 12,383.28 |
| 90005387 | 11/21/2005 | $ 19,051.20 |
| 90005380 | 11/23/2005 | $ 4,860.00 |
| 90005598 | 11/23/2005 | $ 14,288.40 |
| DM32857 | 12/2/2005 | $ (3,810.24) |
| 90005741 | 12/2/2005 | $ 17,785.04 |
| 90005833 | 12/6/2005 | $ 8,237.88 |
| 90005913 | 12/7/2005 | $ 350.00 |
| 90005915 | 12/7/2005 | $ 2,352.00 |

---

[2]    The references are primarily to invoice numbers.  "DM" references relate to debit memos; "V" references relate to vendor chargebacks; and "RA" references relate to authorized returns.

36

| | | | |
|---|---|---|---|
| 90005912 | 12/7/2005 | $ | 3,888.00 |
| 90005914 | 12/7/2005 | $ | 41,012.00 |
| DM32872.. | 12/8/2005 | $ | (1,025.12) |
| DM32875 | 12/8/2005 | $ | (182.00) |
| DM32877 | 12/8/2005 | $ | (182.00) |
| DM33000 | 12/8/2005 | $ | (35.00) |
| DM33002 | 12/8/2005 | $ | (35.00) |
| 90005960 | 12/8/2005 | $ | 6,985.44 |
| DM33081 | 12/9/2005 | $ | (317.52) |
| DM33064 | 12/9/2005 | $ | (100.00) |
| DM33080 | 12/9/2005 | $ | (35.18) |
| 90005977 | 12/9/2005 | $ | 432.18 |
| 9005970 | 12/9/2005 | $ | 450.00 |
| 90005968 | 12/9/2005 | $ | 8,890.56 |
| DM32902 | 12/12/2005 | $ | (1,850.21) |
| DM32900 | 12/12/2005 | $ | (49.56) |
| DM32899 | 12/12/2005 | $ | (48.29) |
| DM32903 | 12/12/2005 | $ | (14.40) |
| DM32896 | 12/12/2005 | $ | (14.08) |
| DM32895 | 12/12/2005 | $ | (7.92) |
| 90006110 | 12/12/2005 | $ | 3,810.24 |
| DM33001 | 12/13/2005 | $ | (35.00) |
| 90006141 | 12/13/2005 | $ | 1,905.12 |
| 90006137 | 12/13/2005 | $ | 5,080.32 |
| DM32936 | 12/14/2005 | $ | (1,085.00) |
| DM32950 | 12/14/2005 | $ | (105.00) |
| DM32937 | 12/14/2005 | $ | (100.00) |
| DM32938 | 12/14/2005 | $ | (70.00) |
| DM32955 | 12/16/2005 | $ | (23.01) |
| 90006299 | 12/20/2005 | $ | 8,806.00 |
| 90003070 | 12/22/2005 | $ | 300.00 |
| DM32972 | 12/23/2005 | $ | (736.84) |
| DM32973 | 12/23/2005 | $ | (200.00) |
| DM32967 | 12/23/2005 | $ | (97.20) |
| DM32971 | 12/23/2005 | $ | (77.76) |
| DM32968 | 12/23/2005 | $ | (71.00) |
| DM32965 | 12/23/2005 | $ | (48.38) |
| DM32970 | 12/23/2005 | $ | (32.48) |
| DM32969 | 12/23/2005 | $ | (10.58) |
| 90007141 | 1/6/2006 | $ | 1,234.80 |
| 90007397 | 1/13/2006 | $ | 246.96 |
| 90007396 | 1/13/2006 | $ | 8,010.00 |
| 90007448 | 1/18/2006 | $ | 4,005.00 |
| 90007875 | 1/26/2006 | $ | 802.62 |
| DM33377 | 2/17/2006 | $ | (650.80) |
| 90008391 | 2/17/2006 | $ | 32,540.00 |
| 90009973 | 4/13/2006 | $ | 3,400.00 |
| 90010628 | 5/9/2006 | $ | 60,835.00 |
| 90010719 | 5/15/2006 | $ | 837.92 |
| 90010865 | 5/17/2006 | $ | 12,375.00 |

37

| | | | |
|---|---|---|---|
| 90010951 | 5/19/2006 | $ | (572,045.78) |
| DM33785 | 5/24/2006 | $ | (618.75) |
| 90012105 | 6/14/2006 | $ | 19,800.00 |
| 84001107 | 6/27/2006 | $ | (21,166.06) |
| 84001107B | 6/27/2006 | $ | (12,261.96) |
| 90012917 | 6/28/2006 | $ | 3,960.00 |
| 90012916 | 6/28/2006 | $ | 4,400.00 |
| 90012918 | 6/28/2006 | $ | 8,360.00 |
| 90012915 | 6/28/2006 | $ | 8,580.00 |
| DM33987 | 6/29/2006 | $ | (3,596.75) |
| 90012924 | 6/29/2006 | $ | 2,200.00 |
| 90012929 | 6/29/2006 | $ | 4,180.00 |
| 90012922 | 6/29/2006 | $ | 10,842.00 |
| 90012928 | 6/29/2006 | $ | 14,080.00 |
| 90012927 | 6/29/2006 | $ | 16,170.00 |
| 90012926 | 6/29/2006 | $ | 21,670.00 |
| 90012923 | 6/29/2006 | $ | 21,780.00 |
| 90013125 | 6/29/2006 | $ | 21,890.00 |
| 90012925 | 6/29/2006 | $ | 44,880.00 |
| DM33994 | 6/30/2006 | $ | (38,000.00) |
| DM33992 | 6/30/2006 | $ | (14,349.00) |
| DM33991 | 6/30/2006 | $ | (5,391.50) |
| DM33993. | 6/30/2006 | $ | (2,500.00) |
| 90013122 | 6/30/2006 | $ | 1,760.00 |
| 90013121 | 6/30/2006 | $ | 3,520.00 |
| 90013124 | 6/30/2006 | $ | 4,510.00 |
| 90013117 | 6/30/2006 | $ | 6,710.00 |
| 90013123 | 6/30/2006 | $ | 6,710.00 |
| 90013118 | 6/30/2006 | $ | 48,730.00 |
| DM33995. | 7/5/2006 | $ | (6,550.28) |
| DM34039 | 7/11/2006 | $ | (2,262.00) |
| 90014241 | 8/3/2006 | $ | 157.00 |
| 90014720 | 8/14/2006 | $ | 162.00 |
| 84001415 | 8/17/2006 | $ | (17,016.24) |
| DM34425 | 9/14/2006 | $ | (2,697.26) |
| DM34438 | 9/15/2006 | $ | (209.48) |
| 90016364 | 9/20/2006 | $ | 34,000.00 |
| 90016969 | 10/5/2006 | $ | 132.00 |
| 90016964 | 10/5/2006 | $ | 391.00 |
| 90017024 | 10/5/2006 | $ | 27,200.00 |
| 90017211 | 10/10/2006 | $ | 132.00 |
| DM34580 | 10/16/2006 | $ | (136.00) |
| 90017635 | 10/18/2006 | $ | 1,020.00 |
| 90017587 | 10/18/2006 | $ | 66,980.00 |
| DM34607 | 10/24/2006 | $ | (24.26) |
| 84001665 | 11/1/2006 | $ | (347.00) |
| 90020363 | 12/18/2006 | $ | 147.17 |
| 90021945 | 1/17/2007 | $ | (165,638.89) |
| 90024585 | 3/15/2007 | $ | (2,337.76) |
| 90024923 | 3/20/2007 | $ | (33,816.43) |

38

| | | | |
|---|---|---|---|
| 90024585 | 3/15/2007 | $ | (2,337.76) |
| 90024923 | 3/20/2007 | $ | (33,816.43) |
| 90024922 | 3/20/2007 | $ | (14,027.20) |
| RA84003092 | 4/9/2007 | $ | (1,526.44) |
| DM90024768 | 4/9/2007 | $ | 166,807.38 |
| RA84003227 | 4/17/2007 | $ | (431.07) |
| 84003354 | 5/2/2007 | $ | (340.00) |
| 90027916 | 5/25/2007 | $ | (1,657.37) |
| DM35704 | 7/18/2007 | $ | (200,000.00) |
| 84004508 | 8/23/2007 | $ | (784.79) |
| 84002059 | 12/31/2007 | $ | (118,667.73) |
| DM36424 | 12/31/2007 | $ | (92,203.11) |
| 84002174 | 12/31/2007 | $ | (9,596.12) |
| 84002174B | 12/31/2007 | $ | (5,269.85) |
| 84003963 | 12/31/2007 | $ | (4,827.91) |
| V12067 | 12/31/2007 | $ | (2,425.06) |
| 84004219 | 12/31/2007 | $ | (1,115.49) |
| V12066 | 1/7/2008 | $ | (2,797.58) |
| | **Total** | $ | (437.29) |

10.    For all the reasons set forth above and in the other papers accompanying this motion, and based upon all prior pleadings and proceedings heretofore had herein, Plaintiff should be granted a final default judgment against Hannpsree in the form enclosed, in the amount of $437.29..

I hereby certify that the foregoing statements made by me are true to the best of my knowledge, and if any statements are willfully false, I am subject to punishment.

Dated: Ramsey, New Jersey
March 28, 2008

_____
Larry Francis

39

SUPERIOR COURT BERGEN COUNTY
**FILED**

APR 0 1 2008



*signature*
DEPUTY CLERK

**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey 08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

-------------------------------------------------------------x
                                              :
M. ROTHMAN & CO., INC.,                       :
                            Plaintiff,        :
                                              :
                                              :
    - against -                               :
                                              :
HANNSPREE NORTH AMERICA, INC.                 :
                            Defendant.        :
                                              :
-------------------------------------------------------------x

SUPERIOR COURT OF
NEW JERSEY-- LAW DIVISION
BERGEN COUNTY

DOCKET NO.: L-0289-07
9289.07

**FINAL JUDGMENT
ON DEFAULT**

      Upon the default in this matter duly entered by the Clerk of the Court on February 25, 2008 against Defendant, Hannspree North America, Inc., and upon the Certification of Proof of Larry Francis dated March 28, 2008, **NOW THEREFORE**

      Final Judgment is hereby granted in this matter against Defendant, Hannspree North America, Inc., and in favor of Plaintiff, M. Rothman & Co., Inc., in the amount of $437.29

Dated:   April 1st, 2008

*signature*

_____

*signature*
Deputy Clerk of the Superior Court

If this is a money judgment, it will not be automatically recorded as a state... ... to do so, forward it directly to ... the Superior Court in Trenton ... with a $35.00 fee.

*1644-044 Doc No. # 23*

40

# State of California
## Secretary of State

## CERTIFICATE OF STATUS
## FOREIGN CORPORATION

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That on the **14TH day of MAY, 2007, HANNSPREE NORTH AMERICA, INC.,** a corporation organized and existing under the laws of **DELAWARE**, complied with the requirements of California law in effect on that date for the purpose of qualifying to transact intrastate business in this State; and

That the above corporation is entitled to transact intrastate business in the State of California as of the date of this certificate, however, subject to any licensing requirements otherwise imposed by the laws of this State; and

That no information is available in this office on the financial condition, business activity or practices of this corporation.

**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of April 4, 2008.



**DEBRA BOWEN**
**Secretary of State**

*NP-25 (REV 1/2007)*

TRB

41

OSP 06 99731

# California Business Portal

**Secretary of State DEBRA BOWEN**

**DISCLAIMER:** The information displayed here is current as of APR 11, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| HANNSPREE NORTH AMERICA, INC. | | |
| **Number:** C2998421 | **Date Filed:** 5/14/2007 | **Status:** active |
| **Jurisdiction:** DELAWARE | | |
| **Address** | | |
| 843 AUBURN CT | | |
| FREMONT, CA 94538 | | |
| **Agent for Service of Process** | | |
| MICHAEL PENG | | |
| 843 AUBURN CT | | |
| FREMONT, CA 94538 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

42