1  KENNETH J. FREED, ESQ. [State Bar No. 125349]
   LAW OFFICES OF KENNETH J. FREED
2  14226 Ventura Boulevard
   P.O. Box 5914
3  Sherman Oaks, California  91423
   (818) 990-0888
4  (818) 990-1047 Facsimile
   KJFESQ@yahoo.com
5
   Attorneys for Plaintiff
6  CREDITORS ADJUSTMENT BUREAU, INC.
   Our File No. 77906
7
8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 CREDITORS ADJUSTMENT BUREAU,  )   CASE NO. C08-01431 MMC
   INC., A CALIFORNIA CORPORATION )
12                                )   Assigned to:  Hon. Maxine
              Plaintiff,          )   M. Chesney, Dept. 7
13                                )
         v.                       )   NOTICE  OF  MOTION  AND
14                                )   MOTION   TO   COMPEL
   M. ROTHMAN & CO., INC.         )   ARBITRATION AND TO STAY OR
15                                )   DISMISS;  MEMORANDUM   OF
              Defendant.          )   POINTS   AND   AUTHORITIES;
16 _____)   DECLARATION OF KENNETH J.
                                      FREED; EXHIBIT
17
                                      DATE: MAY 30, 2008
18                                    TIME: 9:00 A.M.
                                      DEPT: 7
19
20     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21     PLEASE TAKE NOTICE that on  MAY 30, 2008, at 9:00  a.m.,

22 or as soon thereafter as the matter may be heard in Department

23 "7" of the above-entitled court, located at the Federal Building,

24 19th Floor,  450 Golden Gate Ave.,San Francisco, CA 94102,

25 Plaintiff, CREDITORS ADJUSTMENT BUREAU,  INC., A CALIFORNIA

26 CORPORATION, will and hereby do move  the Court to compel

27 arbitration and for an order staying the within action pursuant

28 to 9 U.S.C. §3, or,  in the alternative, dismissing the within

                                      _____
                                      Motion to Stay/Dismiss Pending
                                  1   Binding Arbitration

1   action without prejudice on the basis of a valid and binding

2   arbitration clause, on the ground that the parties hereto agreed

3   in writing that the issues raised in this action would be

4   arbitrated and no other, nonarbitrable claims are raised in this

5   action.

6       This motion will be based upon this Notice of Motion and

7   Motion, the attached  Declaration of Kenneth J. Freed, the

8   accompanying Memorandum of Points and Authorities, upon the

9   pleadings, records and files in this action, and upon such other

10  and further evidence, oral and documentary, that may be presented

11  at the hearing of this Motion.

12  Dated:  April 24, 2008        LAW OFFICES OF KENNETH J. FREED

13

14                                BY: _____

15                                    KENNETH J. FREED, ESQ.
                                      Attorneys for Plaintiff,
16                                    CREDITORS ADJUSTMENT BUREAU, INC

17

18

19

20

21

22

23

24

25

26

27

28

                                  _____
                                  Motion to Stay/Dismiss Pending
                               2  Binding Arbitration

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

1.

<u>INTRODUCTION</u>

Plaintiff is a collection agency assigned this matter by Hannspree California, Inc.  Plaintiff's assignor rendered services to Defendant, at Defendant's instance and request, pursuant to the terms of a written contract executed by Plaintiff's assignor and Defendant, for which Plaintiff alleges the sum of $145,805.71 remains due and owing from Defendant.

The contract sued upon herein and attached as Exhibit "1" to Plaintiff's complaint contains the following arbitration clause at ¶10.C.:

"The parties will endeavor to settle amicably by mutual discussions any claim, dispute or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof.  **Failing such amicable settlement, any remaining claim, disputes or controversy will be submitted by the parties to a binding arbitration by a mutually agreed upon arbitrator of the American Arbitration Association in the Alameda County, State of California, United States of America under the commercial rules then in effect for that Association, except as provided herein.**  The parties will be entitled to discovery as provided in Sections 283.05 and 1283.1 of

1    the Code of Civil Procedure of the State of

2    California or any successor provision,

3    whether or not the California Arbitration

4    Act is deemed to apply to the arbitration.

5    The award rendered by the arbitrator will

6    include costs of arbitration, reasonable

7    attorneys' fees, and reasonable costs for

8    expert and other witnesses, and judgment on

9    such award may be entered in any court

10   having jurisdiction thereof." [Emphasis

11   added.]

12   (A true and correct copy of the contract sued upon herein is

13   attached hereto for the Court's convenience as Exhibit "1" to the

14   Declaration of Kenneth J. Freed.)

15   Based on the contract provisions cited hereinabove,

16   Plaintiff submits this memorandum in support of its motion

17   to compel arbitration of its claims and stay or dismiss this

18   matter pending completion of arbitration.[1]

19                    2.

20   THE ACTION MUST BE STAYED FOR

21   COMPLETION OF BINDING ARBITRATION

22   A party to an arbitration agreement may seek a court order

23   compelling the parties to arbitrate a dispute covered by the

24   agreement. California Code of Civil Procedure §1281.2. A party

25

26   _____

27   [1] Defendant has filed its own motion to dismiss, to be heard
     concurrently herewith. Plaintiff respectfully submits that
     this Court should decline to entertain Defendant's motion as
28   this case must proceed to binding arbitration for the reasons
     set forth herein.

                                _____
                                Motion to Stay/Dismiss Pending
                           4    Binding Arbitration

1   may seek a stay of pending litigation either by itself or in

2   conjunction with a petition to compel contractual arbitration.

3   California Code of Civil Procedure Section 1281.4; Twentieth

4   Century Fox Film Corp v. Superior Court (2000) 79 Cal.App.4th

5   188, 192, 93 Cal.Rptr.2d 896, 898.

6      If the arbitration award is not voluntarily paid, the

7   prevailing party in the arbitration proceeding may file a motion

8   to confirm the arbitration award and to enter a judgment thereon.

9   California Code of Civil Procedure §1286.  In this regard,

10   granting a stay does not divest the court of jurisdiction.  The

11   court retains jurisdiction to determine any subsequent petition

12   involving the same agreement to arbitrate and the same

13   controversy. California Code of Civil Procedure §1292.6.

14      The Supreme Court has consistently upheld the enforceability

15   of pre-dispute arbitration agreements.  Shearson/Am.Express v.

16   McMahon (1987) 482 U.S. 220, 225-26.

17      Under both Federal and California law, the mere filing of a

18   lawsuit does not waive contractual arbitration rights. Doers v.

19   Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d 180, 188, 151 Cal.

20   Rptr.837.  Further, participation in a lawsuit for breach of a

21   contract, standing alone, does not constitute a waiver. "'Mere

22   delay in seeking a stay of the proceedings without some resultant

23   prejudice to a party [citation], cannot carry the day.'" Keating

24   v. Superior Court (1982) 31 Cal.3d 584, 605-606, 183 Cal.Rptr.

25   360,373.

26      In Doers v. Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d

27   180, 151 Cal.Rptr. 837, the Supreme Court concluded that the

28   filing of a lawsuit on an arbitrable claim did not waive the

right to arbitrate. In that case, an employee had previously sued the employer in federal court, but the action was dismissed for lack of subject matter jurisdiction. When the employee later sought to compel arbitration of the claim, the employer opposed it, contending the plaintiff had waived the right to arbitrate.

The Supreme Court disagreed: "We hold that the mere filing of a lawsuit does not constitute a waiver of the right to arbitrate." Id. at p. 183. The court noted:

> "At the outset, we recognize that several recent Court of Appeal cases have either stated or held that a party waives his contractual arbitration right by merely filing a lawsuit. [Citations.] However, an examination of the case authorities relied upon by these recent cases reveals [] only that waiver occurs when the merits of the dispute have been litigated by the parties." Id. at 185-186 ... "[I]t is the judicial litigation of the merits of arbitrable issues which waives a party's right to arbitration. ... Because the arbitrable issues in the instant action were never litigated by the parties in the federal court, we find that appellant Doers did not waive his contractual arbitration rights." Id. at p. 188.; See also, Kalai v. Gray (2003)109 Cal.App.4th 768, 135 Cal.Rptr.2d 449.

1     Finally, the law strongly favors arbitration and any claim

2  of waiver is closely scrutinized. Gavlik Construction Co. v. H.F.

3  Campbell Co. (3rd Cir. 1975) 526 F.2d 777, 783; Seidman & Seidman

4  v. Wolfson (1975) 50 Cal.App.3d 826, 835, 123 Cal.Rptr.873.

5  Moreover, the burden of proof is "heavy" and rests on the party

6  seeking to establish waiver. Martin Marietta Aluminum, Inc. v.

7  General Electric Co. (9th Cir. 1978) 586 F.2d 143, 146; General

8  Guar. Ins. Co. v. New Orleans General Agency, Inc. (5th Cir.

9  1970)427 F.2d 924, 929, fn.5.

10                              3.

11          PROPER JURISDICTION IS IN CALIFORNIA

12            AND CALIFORNIA LAW APPLIES

13     California courts may exercise personal jurisdiction over a

14  nonresident who has contractually consented in advance to such

15  jurisdiction.  California courts generally treat choice of law

16  clauses (e.g., "any remaining claim, disputes or controversy will

17  be submitted by the parties to a binding arbitration by a

18  mutually agreed upon arbitrator of the American Arbitration

19  Association in the Alameda County, State of California" and "the

20  parties will be entitled to discovery as provided in Sections

21  1283.05 and 1283.1 of the Code of Civil Procedure of the State of

22  California or any successor provision") the same as forum

23  selection clauses.  Thus, the law of the state or country

24  designated in the contract will be applied by California courts

25  unless there is no reasonable basis for the parties' election or

26  the law is contrary to a fundamental policy of California.

27  Nedlloyd Lines B.V. v Superior Court (1992) 3 Cal.4th 459, 464-

28  465, 11 Cal.Rptr.2d 330, 334.

1    In this case, as previously stated, there is certainly a

2    reasonable basis for this matter proceeding in California and

3    utilizing California law. To begin with, as noted above, the

4    arbitration agreement executed by the parties expressly provides

5    for application of California law which, as a matter of law,

6    suggests that California is the appropriate forum.

7    Furthermore, all contracted services were rendered by

8    Plaintiff's Assignor in California. An agreement to be bound by

9    local law shows "purposeful availment" of the benefits and

10   protections of local law and subjects the parties to local

11   jurisdiction. Burger King Corp. v. Rudzewicz (1985) 471 U.S. 462,

12   478, 105 S.Ct. 2174, 2187; Safe Lab, Inc. v. Weinberger (1987)

13   193 Cal.App.3d 1050, 1053-1054, 238 Cal.Rptr. 712, 714.

14   This court should dismiss the action when, in spite of

15   personal jurisdiction, trying the action elsewhere, such as in

16   California, would best serve the convenience of the parties and

17   the ends of justice. Novich v. McClean, 2001, 172 Or.App. 241,

18   18 P.3d 424, review denied 332 Or. 137, 27 P.3d 1043. The

19   prerequisite as set forth in the Novich v. McClean case of the

20   application of the inconvenient forum doctrine is the present

21   existence of an alternative forum. Here, the defendant

22   contracted to arbitrate the case consistent with California law.

23   //

24   //

25   //

26   //

27   //

28   //

1                                          4.

2                                   <u>CONCLUSION</u>

3          Based on the foregoing, plaintiff respectfully requests that

4    its motion be granted to stay, or, in the alternative, to dismiss

5    this action without prejudice so that the matter may be

6    arbitrated in California in compliance with the parties' written

7    agreement.

8    Dated:  April 24, 2008          LAW OFFICES OF KENNETH J. FREED

9

10                                   BY: _____
                                         KENNETH J. FREED, ESQ.
11                                       Attorneys for Plaintiff,
                                         CREDITORS ADJUSTMENT BUREAU, INC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         _____
                                         Motion to Stay/Dismiss Pending
                                    9    Binding Arbitration

1           <u>DECLARATION OF KENNETH J. FREED</u>

2     I, KENNETH J. FREED, do hereby declare as follows:

3     1.    I am an attorney at law duly licensed and practicing in

4 good standing before all of the Courts of the State of California

5 and the United States District Court, and am the counsel of

6 record for plaintiff herein.  I am personally familiar with the

7 foregoing facts and if called upon to testify, I could and would

8 competently testify with personal knowledge thereto;

9     2.    Attached hereto as Exhibit "1" is a true and correct

10 copy of the  contract sued upon herein and attached as Exhibit

11 "1" to Plaintiff's complaint.

12     I declare under penalty of perjury under the laws of the

13 State of California and the United States that the foregoing is

14 true and correct.

15     Executed on April 24, 2008, at Sherman Oaks, California.

16

17                      _____

18                      KENNETH J. FREED, declarant

19

20

21

22

23

24

25

26

27

28

                     _____
                     Motion to Stay/Dismiss Pending
       10   Binding Arbitration

EXHIBIT "$\underline{1}$"

01/08/2008  18:47    5103503068                    HANNSPREE                    PAGE  02

7/21/05



## MANUFACTURER'S REPRESENTATIVE AGREEMENT

This Manufacturers Representative Agreement (the "Agreement") is made effective on 1e th day of June, 200 5 (the "Effective Date") by and between Hannspree California Inc. (hereinafter referred to as "Hannspree"), with its principal office located at: 843 Auburn Court, Fremont, CA  94538, and **M. Rothman & Company** (hereinafter referred to as "Sales Representative"), with its principal office located at **50 Williams Drive, Ramsey, NJ 07446.**

WHEREAS, Hannspree desires to retain **M. Rothman & Company** as its' sales representative, and Sales Representative desires to be retained by Hannspree as its' sales representative for the Products and territories identified below, all on the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, each of the parties hereto intending to be legally bound, it is agreed as follows:

1.  DEFINITIONS

    A.    "Products" shall mean the Products currently manufactured and/or distributed by Hannspree for the channel sales channel as determined by Hannspree.

    B.    "Territory" shall mean the geographical area as stated in EXHIBIT A.

    C.    "Customer" shall mean any entity that purchases the product.

    D.    "Net Invoice Price" shall mean the total price at which an order is invoiced to the Customer prior to any discount offered by Hannspree in compensation for early payment. Excluded from the net invoice price are all shipping and mailing costs, duties, taxes, and insurance, and related adjustments granted to the Customer by Hannspree as shown on the face of the invoice, either direct to the reseller or to distribution.

2.  APPOINTMENT AND AUTHORITY OF SALES REPRESENTATIVE

    A.    Subject to the terms and conditions of this Agreement, Hannspree appoints Sales Representative as its selling agent for the Products to Customers in the Territory, and Sales Representative accepts the appointment and agrees to sell and promote the sale of the Products.

    B.    For sales to any Customer within the Territory, Hannspree shall pay to Sales Representative a commission in accordance with Section 3 below.

    C.    Sales Representative shall neither advertise the Products outside the Territory nor solicit orders from outside the Territory without the prior written consent of Hannspree.

    D.    The relationship of Hannspree and Sales Representative established by this Agreement is that of independent contractors, and nothing contained in this Agreement shall be construed to (i) give either party the power to direct and control the day-to-day activities of the other, (ii) constitute the parties as partners, joint ventures, co-owners or otherwise as participant in a joint undertaking, or (iii) allow Sales Representative to create or assume any obligation on behalf of Hannspree for any purpose whatsoever. All financial and other obligations associated with Sales Representative's business are the sole responsibility of Sales Representative.

1



3.  COMPENSATION

As full payment for any and all services rendered by Sales Representative and in consideration of the effort of Sales Representative and all of the expenses incurred by Sales Representative, Hannspree agrees to pay to Sales Representative, and Sales Representative agrees to accept, commissions on sales of the Products as stated in EXHIBIT B.

A.   The commission shall apply to all orders from Customers in the Territory that have been accepted by Hannspree and which shipments have occurred as a result of Sales Representative's efforts.

B.   Commissions will be paid within forty-five (45) days from the date Hannspree received Customer's payment of the same.

C.   Hannspree reserves the right to chargeback (debit) the full amount of paid commissions on Products returned by Customer to Hannspree for credit, and all other deductions from payment by Customer. 

D.   PAYMENT:  Payment of commissions shall be in United States dollars and shall be subject to all applicable governmental regulations and rulings, including the withholding of any taxes required by law, which shall be Sales Representative's responsibility, not Hannspree.

E.   MONTHLY STATEMENTS: Hannspree shall submit to Sales Representative monthly statements of the commissions due and payable to Sales Representative under the terms of this Agreement, with reference to the specific accounts on which the commissions are being paid.

4.  SALE OF THE PRODUCTS

A.   All sales shall be at prices and upon terms established by Hannspree and Hannspree shall have the right to establish, change, alter, or amend prices and other terms and conditions of sale in its sole discretion with or without notice. Sales Representative shall not accept orders in Hannspree's name, make price quotations, or delivery promises without Hannspree's prior approval.

B.   All orders obtained by Sales Representative shall be subject to acceptance by Hannspree at its principal office currently located at the address listed for Hannspree at the beginning of this Agreement, and all quotations by Sales Representative shall contain a statement to that effect.  Sales Representative shall have no authority to make any acceptance/delivery commitments to any Customers.  Hannspree shall send copies to Sales Representative of any written acceptances on commissionable orders.

C.   Hannspree shall have the sole discretion of credit approval or credit refusal for Customers in all cases.

D.   Hannspree or its' designee shall render all invoices directly to the Customers.  Invoice payments shall be made directly to Hannspree or its' designee by Customers.

E.   It is expressly understood by Sales Representative that full responsibility for all collection rests with Hannspree.

F.   Hannspree shall make all relevant marketing materials based on Hannspree's determination to Sales Representative, including but not limited to catalogues, literature, and any other material for the proper promotion and sales of its Products in the Territory. All Hannspree marketing materials are copyrighted and no such material shall be duplicate, translated, copies, without Hannspree's prior written consent. Sales Representative shall be responsible for any translation costs to any language other than English or Chinese.  All Product samples shall be distributed in accordance to the Hannspree's Product sample guidelines.

G.   Whenever Sales Representative, at Hannspree's request, takes possession of Hannspree's Products for the purpose of delivering such Products to Customers or for any other purpose, the risk of loss or damage to or destruction of such Products shall be borne by Hannspree, and Hannspree shall indemnify and hold Sales Representative harmless against any claims, debts, liabilities or causes of action resulting from any such loss, damage or destruction.

2

5.  PRODUCT WARRANTY AND PRODUCT AVAILABILITY

  A.    Any warranty for the Products shall run directly from Hannspree to the Customer, and pursuant to the warranty the Customer shall return any allegedly defective Products to Hannspree or designated depot.    Sales Representative shall have no authority or responsibility to accept any returned Products.

  B.    Under no circumstances shall Hannspree be responsible to Sales Representative or any other party for its failure to fill accepted orders, or for its delay in filling accepted orders, when such failure or delay is due to any cause beyond Hannspree's reasonable control.

6.  SALES REPRESENTATIVE'S RESPONSIBILITIES AND CONDUCT OF BUSINESS

  A.    Sales Representative shall maintain sales offices in its assigned territory and shall use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Hannspree's Products within the Territory.

  B.    Sales Representative will conduct all of its business in its own name and in such manner as it may see fit.  Sales Representative will pay all expenses of its office and activities and be responsible for the acts and expenses of its employees.

  C.    Sales Representative shall not, without Hannspree's prior written approval, alter, enlarge, or limit orders, make representations or guarantees concerning Hannspree's Products or accept the return of, or make any allowance for such Products.

  D.    Sales Representative is to provide Hannspree with monthly forecasts by the third business day of each month categorized by accounts.  Any adjustment to such forecast shall be promptly communicated to Hannspree in writing.

7.  USE OF TRADEMARKS AND TRADENAMES

  A.    Sales Representative recognizes and concedes for all purposes that all trademarks, trade names, or identifying slogans affixed to Hannspree's Products or any accompanying labels, containers, and cartons, whether or not registered, constitute the exclusive property of Hannspree and cannot be used except in connection with promoting and selling Hannspree Products.  During the term of this Agreement, Sales Representative is authorized by Hannspree to use Hannspree's trademarks and logo in connection with Sales Representative's promotion of Hannspree Products and public relations announcements, provided that Sales Representative's use of such trademarks and logo shall be in accordance with Hannspree's policies from time to time communicated to Sales Representative.  Sales Representative shall bear no interest in such trademarks or logo except as herein expressly provided, and Sales Representative's use of such trademark and logo shall cease immediately upon termination or expiration of this Agreement.

8.  INDEMNIFICATIONS

  A.    Hannspree shall be solely responsible for the design, development, supply, production, and performance of its Products and the protection of its tradenames.  Hannspree agrees to indemnify and hold Sales Representative harmless against and to pay all losses, costs, damages and expenses whatsoever, including reasonable attorney fees, on account of infringement or alleged infringement of patents, trademarks, or tradenames, resulting from the sale of Hannspree's Products, or arising on account of warranty claims or product liability matters.  Sales Representative will promptly deliver to Hannspree any notices or papers served upon it in any proceeding covered by this indemnity, and Hannspree will defend same at its expense.  Sales Representative shall, however, have the right to participate in the defense at its own expense.

  B.    Sales Representative shall be solely responsible for, and shall indemnify and hold Hannspree free and harmless from, any and all claims, damages or lawsuits (including Hannspree's attorney's fees) arising out of the any act of Sales Representative, its employees or its agents.  Hannspree will promptly deliver to Sales Representative any papers served upon it in any proceeding covered by this indemnity, and Sales Representative will defend same at its expense.  Hannspree shall, however, have the right to participate in the defense at its own expense.



9.   TERM AND TERMINATION

    A.    The term of this Agreement shall be one year from the Effective Date (the "Initial Term"). After the Initial Term, either party may terminate this Agreement by giving the other party a sixty (60) day written notice.

    B.    Termination of Insolvency: This Agreement shall terminate, without notice, upon the institution by or against either party for insolvency, receivership or bankruptcy proceedings, making an assignment for the benefit of creditors, or upon dissolution.

    C.    Upon termination of this Agreement for any reason, Sales Representative shall be entitled to commissions on all orders accepted by Hannspree through Sales Representative in the Territory prior to the termination date and after Hannspree's receipt of Customer's payment.

10.  GENERAL

    A.    This Agreement constitutes the entire understanding of the parties; shall supersede any other oral or written agreements; and shall be binding upon and inure to the benefit of the parties' successors and assigns.  It may not be modified in any way without the written consent of both parties.  Sales Representative shall not have the right to assign this Agreement in whole or in part without Hannspree's written consent.

    B.    This Agreement shall be governed by and construed in accordance with the laws of the United States and of the State of California, without application of its conflicts of laws principles.  The parties agree that the United Nations Convention on Contracts for the International Sale of Goods, if applicable, is specifically excluded from application to this Agreement.

    C.    The parties will endeavor to settle amicably by mutual discussions any claim, dispute, or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof.  Failing such amicable settlement, any remaining claim, disputes or controversy will be submitted by the parties to a binding arbitration by a mutually agreed upon arbitrator of the American Arbitration Association in the Alameda County, State of California, United States of America under the commercial rules then in effect for that Association, except as provided herein.  The parties will be entitled to discovery as provided in Sections 1283.05 and 1283.1 of the Code of Civil Procedure of the State of California or any successor provision, whether or not the California Arbitration Act is deemed to apply to the arbitration. The award rendered by the arbitrator will include costs of arbitration, reasonable attorneys' fees, and reasonable costs for expert and other witnesses, and judgment on such award may be entered in any court having jurisdiction thereof.

Hannspree California Inc.                         Sales Representative

By _____               By _____

Title Sr. VP Sales & Marketing               Title E.V.P.

Date 6/27/05                                        Date 6/20/5

4

01/08/2008  18:47    5103603068                    HANNSPREE                        PAGE  06

<u>EXHIBIT A</u>

Territory shall be defined as

**State of New Jersey**
**State of New York**
**Eastern portion of Pennsylvania**

**Including Home Shopping Network located in Florida**

<u>EXHIBIT B</u>

Commission Rate shall be determined as follows:

**4% Brick & Mortar Retail**
**2% Distributors Accounts**
**2% Internet / Catalog Accounts**

5



DECLARATION OF SERVICE BY FAX
U.S.D.C. NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE 5-5(a)(1)
CALIFORNIA RULES OF COURT, RULE 2008

The undersigned certifies and declares as follows:

(1) At the time of the facsimile transmission described below I was at least 18 years of age and not a party to this legal proceeding.

(2) On April 25, 2008 at _____, a.m. p.m. I transmitted from a facsimile machine whose telephone number is (818) 990-1047 the following document:

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND TO STAY OR DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KENNETH J. FREED; EXHIBIT to CHASSMAN & SEELIG, LLP, MARK B. CHASSMAN, ESQ., RHONDA E. KALEY, ESQ., attorneys for defendant, whose facsimile transmission number is (213) 626-5111.

The above-described transmission was reported as complete without error by a transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission. A true and correct copy of the said transmission report is attached hereto and incorporated herein by this reference.

I CERTIFY AND DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA AND THE UNITES STATES THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED on April 25, 2008, at Sherman Oaks, California.

LINDA F. BECK

_____
Motion to Stay/Dismiss Pending
11    Binding Arbitration

```
TRANSMISSION VERIFICATION REPORT
```

```
                                    TIME  : 04/25/2008 12:16
                                    NAME  : KENNETH J FREED
                                    FAX   : 8189901047
                                    TEL   : 8189900888
                                    SER.# : BROE6J464856
```

```
DATE,TIME           04/25  12:11
FAX NO./NAME        12136265111
DURATION            00:04:33
PAGE(S)             17
RESULT              OK
MODE                STANDARD
                    ECM
```

```
 1   KENNETH J. FREED, ESQ. [State Bar No. 125349]
     LAW OFFICES OF KENNETH J. FREED
 2   14226 Ventura Boulevard
     P.O. Box 5914
 3   Sherman Oaks, California  91423
     (818) 990-0888
 4   (818) 990-1047 Facsimile
     KJFESQ@yahoo.com
 5
     Attorneys for Plaintiff
 6   CREDITORS ADJUSTMENT BUREAU, INC.
     Our File No. 77906
 7

 8                  UNITED STATES DISTRICT COURT

 9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   CREDITORS  ADJUSTMENT  BUREAU, )   CASE NO. C08-01431 MMC
     INC., A CALIFORNIA CORPORATION )
12                                  )   Assigned to:  Hon. Maxine
                       Plaintiff,   )   M. Chesney, Dept. 7
13                                  )
                  v.                )   NOTICE   OF   MOTION   AND
14                                  )   MOTION    TO    COMPEL
     M. ROTHMAN & CO., INC.         )   ARBITRATION AND TO STAY OR
15                                  )   DISMISS;   MEMORANDUM   OF
                       Defendant.   )   POINTS  AND  AUTHORITIES;
16   _____)   DECLARATION OF KENNETH J.
                                        FREED; EXHIBIT
17
                                        DATE: MAY 30, 2008
18                                      TIME: 9:00 A.M.
                                        DEPT: 7
19
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., A CALIFORNIA CORPORATION | ) ) ) | CASE NO. C08-01431 MMC |
| Plaintiff, | ) ) ) | Assigned to:  Hon. Maxine M. Chesney, Dept. 7 |
| v. | ) ) | O R D E R    C O M P E L L I N G |
| M. ROTHMAN & CO., INC. | ) ) | ARBITRATION AND STAYING CASE |
| Defendant. | ) ) | DATE: MAY 30, 2008 |
| _____ | ) | TIME: 9:00 A.M. DEPT: 7 |

This matter came before the Court on Plaintiff's Motion to Compel Arbitration and to Stay Case.  The Court, having reviewed the Motion and other papers filed with regard thereto, now Orders as follows:

(1)  Pursuant to the arbitration agreement entered into between the parties, Plaintiff and Defendant are hereby ordered to proceed to arbitration as provided in the arbitration agreement on the claims alleged in its Complaint; and

//

//

//

1    Order Staying Case

1        (2) This matter is stayed pending completion of binding

2  arbitration pursuant to 9 U.S.C. §3.

3       IT IS SO ORDERED.

4  DATED: _____   _____

5                            HON. MAXINE M. CHESNEY

                             UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<pre>
 1                    DECLARATION OF SERVICE BY FAX
     U.S.D.C. NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE 5-5(a)(1)
 2             CALIFORNIA RULES OF COURT, RULE 2008

 3   The undersigned certifies and declares as follows:

 4   (1)  At the time of the facsimile transmission described below I
          was at least 18 years of age and not a party to this legal
 5        proceeding.

 6   (2)  On April 25, 2008 at  1:08   ,  a.m. p.m.  I transmitted
          from a facsimile machine whose telephone number is (818)
 7        990-1047 the following document:

 8        [PROPOSED] ORDER COMPELLING ARBITRATION AND STAYING CASE
     to CHASSMAN & SEELIG, LLP, MARK B. CHASSMAN, ESQ., RHONDA E.
 9   KALEY,  ESQ.,  attorneys  for  defendant,  whose  facsimile
     transmission number is (213) 626-5111.
10
          The above-described transmission was reported as complete
11   without error by a transmission report issued by the facsimile
     transmission machine upon which the said transmission was made
12   immediately following the transmission.  A true and correct copy
     of  the  said  transmission  report  is  attached  hereto  and
13   incorporated herein by this reference.

14        I CERTIFY AND DECLARE UNDER PENALTY OF PERJURY UNDER THE
     LAWS OF THE STATE OF CALIFORNIA AND THE UNITES STATES THAT THE
15   FOREGOING IS TRUE AND CORRECT.

16        EXECUTED on April 25, 2008, at Sherman Oaks, California.

17                                    _____
                                      LINDA F. BECK
18

19

20

21

22

23

24

25

26

27

28

                              3   Order Staying Case
</pre>

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME : 04/25/2008 12:18
                              NAME : KENNETH J FREED
                              FAX  : 8189901047
                              TEL  : 8189900888
                              SER.# : BROE6J464856
```

```
DATE,TIME           04/25  12:17
FAX NO./NAME        12136265111
DURATION            00:00:41
PAGE(S)             03
RESULT              OK
MODE                STANDARD
                    ECM
```

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

8          UNITED STATES DISTRICT COURT

9       FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | CREDITORS ADJUSTMENT BUREAU,  )  CASE NO. C08-01431 MMC<br>INC., A CALIFORNIA CORPORATION ) |
| 12 |                       )  Assigned to:  Hon. Maxine<br>                      )  M. Chesney, Dept. 7 |
| 13 |         Plaintiff,   ) |
| 14 |        v.         )  O R D E R   C O M P E L L I N G<br>                      )  ARBITRATION AND STAYING |
| 15 | M. ROTHMAN & CO., INC.    )  CASE |
| 16 |         Defendant.  )  DATE: MAY 30, 2008<br>_____)  TIME: 9:00 A.M. |
| 17 |                                    DEPT: 7 |
| 18 | |
| 19 |    This matter came before the Court on Plaintiff's Motion to |