CHASSMAN & SEELIG, LLP
MARK B. CHASSMAN (SBN 119619)
RHONDA E. KALEY (SBN 138546)
350 South Figueroa Street
Suite 580
Los Angeles, CA 90071
Telephone: (213) 626-6700
Facsimile: (213) 626-5111

Attorneys for Defendant
M. Rothman & Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., <br><br> Plaintiff, <br><br> vs. <br><br> M. ROTHMAN & CO., INC., <br><br> Defendant. | Case No: C 08-01431 MMC <br><br> Assigned to: Hon. Maxine M. Chesney Dept. 7 <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND TO STAY OR DISMISS THE PENDING ACTION** <br><br> **[Defendant's Request for Judicial Notice Filed and Served Concurrently]** <br><br> DATE:     May 30, 2008 <br> TIME:     9:00 a.m. <br> DEPT:     7 <br><br> TRIAL DATE:  Not Set |

## I.

## SUMMARY OF ARGUMENT

In response to defendant's motion to dismiss the complaint under Federal Rules of Civil Procedure, Rule 12(b)(6) on the grounds that plaintiff's claims against defendant are barred by the res judicata doctrine, plaintiff filed a counter motion to compel arbitration or, in the alternative, to stay or dismiss the action

1

1  without prejudice to allow the parties to arbitrate their claims.  Plaintiff's motion

2  ignores the reality that M. Rothman & Co., Inc. already has an enforceable New

3  Jersey Superior Court judgment against plaintiff's assignor, Hannspree North

4  America Inc., on the same claims that plaintiff now seeks to arbitrate. On that basis

5  alone, plaintiff's motion should be denied.

6      Moreover, within the last week, plaintiff's assignor, Hannspree North

7  America Inc., filed a motion in the Superior Court of New Jersey seeking to vacate

8  the default judgment entered by the New Jersey Court on April 1, 2008.

9  Documents attached to that motion vitiate plaintiff's claim here that the parties'

10 dispute is subject to a contractual arbitration provision.

11     Finally, by filing a legal action in the Alameda Superior Court seeking

12 damages against M. Rothman & Co., plaintiff has waived its right, if it ever had

13 such a right, to arbitrate its contractual dispute with Rothman.

14     Under the evidence submitted, including plaintiff's assignor's own

15 documents, plaintiff's motion to compel arbitration should be denied and the case

16 should be dismissed with prejudice to plaintiff's purported right to arbitrate the

17 assigned claims.

18

19                                 **II.**

20                       **STATEMENT OF FACTS**

21     Plaintiff's motion to compel arbitration is based upon Rothman's purported

22 breach of a contract entitled "Manufacturer's Representative Agreement" (MRA)

23 entered into by Rothman and plaintiff's assignor, Hannspree California, Inc. in

24 June 2005.  *See*, Plaintiff's Motion, Exhibit 1.  That agreement, at paragraph 10.C,

25 includes an arbitration provision.  *See*, Plaintiff's Motion, Exhibit 1, p. 4.

26 However, by its terms, the MRA only requires payments from Hannspree to

27 Rothman in the form of sales commissions.  The substance of plaintiff's California

28 action against Rothman has nothing to do with Hannspree's payment of sales

1   commissions to Rothman.  Therefore, the MRA is not the operative agreement

2   underlying the New Jersey and California lawsuits.

3       The operative agreement, attached as Exhibit 2 to plaintiff's complaint, is

4   the "Distributor Agreement."  *See*, Defendant's Request for Judicial Notice,

5   Document 1 (Complaint, Exhibit 2).  The Distributor Agreement, unlike the MRA,

6   does not provide for arbitration of the parties' claims. To the contrary, section IV,

7   paragraph I of the Distributor Agreement, specifically allows that filing of legal

8   actions to enforce the parties' rights under that agreement.[1]

9       On or about May 5, 2008, Hannspree, plaintiff's assignor, filed a motion in

10  the Superior Court of New Jersey (Bergen County) to vacate the default judgment

11  entered by that court on April 1, 2008 in favor of Rothman and against Hannspree.[2]

12  Filed in support of that motion was a declaration under oath by Ching Chou Peng,

13  Hannspree's Project Manager, which refers to a 5-page accounting self-entitled

14  "M. Rothman Distributor."[3]  Notably, Mr. Peng does not attach the parties'

15  August 2005 Distributorship Agreement which controls the "distributor" account,

16  but instead attaches the MRA which does not.

17

18

19

20

21

22  / / /

23  / / /

24

---

25  [1]     Notably, plaintiff filed the California case in the Alameda County.

26  [2]     This is the same default judgment that serves as the basis for Rothman's

27  motion to dismiss the complaint which is also set for hearing on May 30, 2008.
    Defendant's Request for Judicial Notice, Document 2 (Default Judgment)

28  [3]     Defendant's Request for Judicial Notice, Document 3 (Hannspree's Motion
    to Vacate Default Judgment).

3

### III.

### PLAINTIFF'S MOTION TO COMPEL ARBITRATION
### SHOULD BE DENIED

**A.    Plaintiff Has Presented No Evidence That Its Money Claims**
**Against Rothman Are Subject To An Arbitration Provision**

The two existing contracts which control the business relationship between plaintiff's assignor, Hannspree, and Rothman, namely, the MRA attached to the moving papers, and the Distributor Agreement attached to the complaint, are internally inconsistent with respect to the parties' obligations to arbitrate their contractual disputes and their right to file a legal action and seek damages for breach for contract.  The MRA requires arbitration.  The Distributor Agreement does not.

Plaintiff's assignor's own internal document, in the form of a 5-page accounting self-entitled "M. Rothman Distributor," which has been submitted as evidence to the New Jersey Superior Court (and of which this Court may take judicial notice under Federal Rules of Evidence, Rule 201) to support the alleged $145,805.71 debt payable by Rothman to Hannspree logically arises not from the MRA (which requires only that Hannspree pay sales commissions to Rothman), but instead from the Distributor Agreement.

Accordingly, the alleged debt which plaintiff now seeks to arbitrate arose out of a contract, the Distributor Agreement, that does not require arbitration of disputes.

**B.    Plaintiff, By Its Own Conduct, Has Waived (or Abandoned) Any**
**Right To Compel Arbitration**

When the facts are undisputed and only one inference may reasonably be drawn, the issue of waiver is one of law.  *Platt Pacific, Inc. v. Andelson*, 6 Cal.4th 307, 319 (1993).  Assuming for the purposes of this motion only that plaintiff's money claims were subject to the contractual arbitration provision in the MRA

4

1  (which they are admittedly not), plaintiff's assignor waived its right to compel
2  arbitration by failing to raise the contract provision as an affirmative defense in the
3  earlier filed New Jersey Superior Court action.  Indeed, plaintiff's assignor failed
4  to respond at all to Rothman's legal action in New Jersey and allowed a default
5  judgment to be entered against it.  *See*, Rothman's Request for Judicial Notice
6  (RJN), Document 2.

7       While established California law holds that the mere filing of a lawsuit,
8  without more, does not necessarily result in a waiver of contractual arbitration
9  rights (*see*, Motion, 5:17-6:28), the California Supreme Court held in *Saint Agnes*
10 *Medical Center v. Pacificare of California*, 31 Cal.4th 1187 (2003), that waiver
11 may be found if the arbitrable issues have been litigated to judgment. *Id.* at 1201.
12 A money judgment has been entered in New Jersey against plaintiff's assignor.
13 That judgment is entitled to full faith and credit in the California courts under 28
14 U.S.C. § 1738. *See, San Remo Hotel, L.P. v. City & County of San Francisco,* 545
15 U.S. 323, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005).

16 **C.    Having Been Awarded Judgment Against Hannspree In New Jersey,**
17 **Rothman Will Suffer Substantial Prejudice If The Parties Are Now**
18 **Ordered To Arbitrate The Same Claims**

19      Under federal law controlling waiver determinations, the presence or
20 absence of prejudice from the litigation of a dispute is the determinative issue.
21 *Saint Agnes Medical Center v. Pacificare of California, supra*, at 1203.

22      Plaintiff's assertion that Rothman will not be prejudiced if the motion is
23 granted is disingenuous.  Rothman obtained an enforceable default judgment
24 against Hannspree on April 1, 2008.  Therefore, the parties' accounting dispute, the
25 very substance of the purported arbitrable claims, *i.e.*, who owes whom money, has
26 been litigated on the merits.  *See e.g., Horton v. Horton* 18 Cal.2d 579, 585 (1941)
27 ["A default judgment is an estoppel as to all issues necessarily litigated therein and
28 determined thereby exactly like any other judgment provided the court acquired

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL ARBITRATION

1  jurisdiction of the parties and subject-matter involved in the lawsuit."]; *Fitzgerald*

2  *v. Herzer*, 78 Cal.App.2d 127, 131 (1947) ["A judgment by default is as conclusive

3  as to the issues tendered by the complaint as if it had been rendered after answer

4  filed and trial had on allegations denied by the answer"]; 6 Witkin*, Cal.Proc.4ᵗʰ*,

5  Proceedings Without Trial, § 153, p. 570 ["A judgment by default is said to

6  'confess' the material facts alleged by the plaintiff, *i.e.*, the defendant's failure to

7  answer has the same effect as an <u>express admission</u> of the matters well pleaded in

8  the complaint. The judgment is, in consequence, *res judicata* on the issue of the

9  right to the relief awarded." (Emphasis added).]

10      Plaintiff's contract claims against Rothman should have been, but were not

11  raised in the New Jersey action filed in December 2007.  Plaintiff cannot now be

12  allowed to seek contractual remedies which could have been (and should have

13  been), but were not raised in that lawsuit.  And Rothman should not now be

14  required to relitigate issues previously litigated and ruled upon in its favor.

15      Likewise, having filed and served its lawsuit well in advance of the

16  California lawsuit even being filed, Rothman should be protected from the risk of

17  inconsistent rulings should it now be required to relitigate (or arbitrate) the matter

18  in California.

19

20                              **IV.**

21          **PLAINTIFF IS NOT ENTITLED TO A STAY**

22      **SINCE ITS CLAIMS ARE BARRED BY RES JUDICATA**

23      In construing a contract providing for arbitration, the court must first decide

24  whether federal or state substantive law applies.  *Lounge-A-Round v. GCM Mills,*

25  *Inc.*, 109 Cal.App.3d 190, 194.  Federal law will govern when the contract

26  evidences a transaction involving commerce.  *Id.*  "An examination of the

27  complaint in [this] case reveals the requisite transaction 'involving commerce.'

28  The contract is between two corporations which are incorporated and which do

6

1  business in a number of states . . . and it requires the transport of . . . materials in
2  interstate commerce.  Accordingly, federal substantive law, as embodied in the
3  federal Arbitration Act . . . will be applied." *Id.*

4      The Arbitration Act (9 U.S.C. § 3) provides in pertinent part:

5          "If any suit or proceeding be brought in any of the courts
6          of the United States upon any issue referable to
7          arbitration under an agreement in writing for such
8          arbitration, the court in which the suit is pending, upon
9          being satisfied that the issue in such suit or proceeding is
10          referable to arbitration, shall on application of one of the
11          parties stay the trial of the action until such arbitration
12          has been had in accordance with the terms of the
13          agreement, <u>provided the applicant for the stay is not in</u>
14          <u>default in proceeding with such arbitration</u>."

15      [Emphasis added.]

16      The evidence before this Court indisputably establishes that plaintiff and its
17  assignor are in default in proceeding with the requested arbitration.[4]  Hannspree
18  had ample opportunity to raise the arbitration issue as an affirmative defense in the
19  New Jersey action and to demand arbitration with Rothman before it filed its own
20  lawsuit in the Alameda County Superior Court.

21
22
23  / / /
24

_____

25  [4]  Rothman respectfully requests that the Court take judicial notice of its
motion to dismiss plaintiff's claims which is set for hearing at the same time on
26  May 30, 2008 as this motion to compel arbitration. Many of the same arguments
made in Rothman's moving papers are equally applicable to this opposition,
27  including the res judicata effect of the New Jersey judgment and the application of
28  New Jersey law in requiring mandatory cross-claims to be raised in the same
proceeding.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL ARBITRATION

1    Defendant M. Rothman & Co., therefore, respectfully requests that the Court

2  deny the motion to compel arbitration and deny plaintiff's request for a stay of

3  these proceedings.

4

5                                Respectfully submitted,

6  DATED:  May 8, 2008            CHASSMAN & SEELIG, LLP

7

8                                By: *Rhonda E Kaley*

9                                RHONDA E. KALEY

10                                Attorneys for Defendant
                                 M. Rothman & Co., Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL ARBITRATION

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is: 350 South Figueroa Street, Suite 580, Los Angeles, California 90071-1102.

On May 9, 2008, I served the foregoing documents described as **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION AND TO STAY OR DISMISS THE PENDING ACTION** on the interested parties in this action by placing a true copy thereof enclosed in a sealed, prepaid envelope addressed as follows:

> Kenneth J. Freed, Esq.
> Law Offices of Kenneth J. Freed
> 14226 Ventura Boulevard
> P.O. Box 5914
> Sherman Oaks, CA 91413

__X__      (BY MAIL) I caused such envelope to be deposited in the mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than 1 day after the date of deposit for mailing in affidavit.

____      (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on May 9, 2008 at Los Angeles, California.

__X__      (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

MARIBEL SANTOS                     _Maribel Santos_
NAME                               SIGNATURE

9

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL ARBITRATION