CHASSMAN & SEELIG, LLP
MARK B. CHASSMAN (SBN 119619)
RHONDA E. KALEY (SBN 138546)
350 South Figueroa Street
Suite 580
Los Angeles, CA 90071
Telephone: (213) 626-6700
Facsimile: (213) 626-5111

Attorneys for Defendant
M. Rothman & Co., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., <br><br> Plaintiff, <br><br> vs. <br><br> M. ROTHMAN & CO., INC., <br><br> Defendant. | Case No: C08-01431 MMC <br><br> Assigned to: Hon. Maxine M. Chesney <br> Dept. 7 <br><br> **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION** <br><br> DATE: May 30, 2008 <br> TIME: 9:00 a.m. <br> DEPT: 7 <br><br> TRIAL DATE: Not Set |

TO THE COURT AND TO ALL PARTIES AND THEIR ATTRONEYS

OF RECORD:

Pursuant to Federal Rules of Evidence, Rule 201(b) and (d), defendant M. Rothman & Co., Inc. respectfully requests that the Court take judicial notice of the attached documents in support of its opposition to plaintiff's motion to compel arbitration and to stay or dismiss the pending action.

1.    Complaint in the matter of *Creditor's Adjustment Bureau, Inc. v. M. Rothman & Co., Inc.*, originally filed in the Alameda County Superior Court on February 4, 2008 and removed to this Court on March 13, 2008.

2.    Final Judgment on Default filed April 1, 2008 in the matter of *M. Rothman & Co., Inc. v. Hannspree North America, Inc.*, New Jersey Superior Court Docket No. L-9289-07.

3.    Notice of Motion and Motion to Vacate Default Judgment; Affidavit of Ching Chou Peng with attached Exhibits A through C filed in New Jersey Superior Court Docket No. BER-L-9289-07.

Respectfully submitted,

DATED:  May 8, 2008          CHASSMAN & SEELIG, LLP

By:  *Rhonda E. Kaley*

    RHONDA E. KALEY
    Attorneys for Defendant
    Mr. Rothman & Co., Inc.

2

RJN DOC. 1

KENNETH J. FREED, ESQ. [State Bar No. 125349]
LAW OFFICES OF KENNETH J. FREED
14226 Ventura Boulevard
P.O. Box 5914
Sherman Oaks, California  91413
(818) 990-0888
(818) 990-1047 Facsimile

Attorneys for Plaintiff
CREDITORS ADJUSTMENT BUREAU, INC.
Our File No. 77906

E N ? ? ?
? ? ?
ALAMEDA ? ?

FEB ? 4 2008

CLERK OF THE SU? ?
By ———————————

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

GALE-SCHENONE HALL OF JUDTICE, LIMITED CIVIL

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., A California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> M. ROTHMAN & CO. INC.; and DOES 1 through 10, Inclusive, <br><br> Defendants. | CASE NO. ? ? ? ? <br><br> COMPLAINT FOR: <br><br> 1. OPEN BOOK ACCOUNT <br> 2. ACCOUNT STATED <br> 3. REASONABLE VALUE <br> 4. BREACH OF CONTRACTS <br><br> Amount of Demand: $145,804.71 |

Plaintiff alleges as follows:

DEFINITIONS AND PRELIMINARY ALLEGATIONS

1.    As used herein, the term "Plaintiff's Assignor" shall refer to Hannspree California Inc.;

2.    As used herein, the terms "the DEBT" and "said DEBT" refer to the following sum:  $145,804.71;

3.    Prior to the commencement of this action, the claims herein sued upon were assigned to Plaintiff by the Plaintiff's Assignor and Plaintiff is now the owner and holder of such claims;

4.    Plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the State of California, and is a collection agency duly licensed and operating under and pursuant to the laws of the State of California;

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants herein designated DOES 1 through 10, inclusive, are unknown to Plaintiff;

6.    The obligations and claims sued upon herein were made and entered into and are due and payable in the above-mentioned Judicial District and County, State of California, and are not subject to the provisions of Sections 1812.10 and 2984.4 of the California Civil Code, and Section 395(b) of the California Code of Civil Procedure;

7.    At all times herein mentioned, the Defendant(s), and each of them, were agents and employees of the other Defendant(s), and were acting within the course and scope of such agency and employment;

FIRST CAUSE OF ACTION (OPEN BOOK ACCOUNT)

8.    Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

9.    Within four years preceding the commencement of this action, Defendant, and each of them, became indebted to Plaintiff's Assignor in the amount of "the DEBT" for a balance due on a book account for goods sold and delivered and/or services rendered by Plaintiff's Assignor to Defendant at

2

COMPLAINT

Defendant's request.  Said DEBT has not been paid although payment has been demanded, and said DEBT is now due, owing and unpaid, together with interest thereon at the rate of ten percent (10%) per annum since demanded on October 18, 2006;

10.  The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

### SECOND CAUSE OF ACTION (ACCOUNT STATED)

11.  Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

12.  Within four years preceding the commencement of this action, an account was stated by and between Plaintiff's Assignor and Defendant, and each of them wherein it was ascertained and agreed that said Defendant owed said DEBT to Plaintiff's Assignor together with interest thereon at the rate of ten percent (10%) per annum from October 18, 2006;

13.  The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

### THIRD CAUSE OF ACTION (REASONABLE VALUE)

14.  Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

//

15.   Within two years preceding the commencement of this action Defendant, and each of them, became indebted to Plaintiff's Assignor for the reasonable value of goods sold and delivered and/or services rendered by Plaintiff's Assignor to said Defendant at said Defendant's request, the DEBT was and is the reasonable value of said goods and/or services. No part of said DEBT has been paid although payment has been demanded, and said DEBT is now due, owing and unpaid together with interest at the rate of ten (10%) percent per annum since demanded on October 18, 2006;

16.   The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

<u>FOURTH CAUSE OF ACTION (BREACH OF CONTRACTS)</u>

17.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set herein;

18.   Plaintiff's Assignor and Defendant entered into written agreements, copies of which are attached hereto and marked Exhibits "1" and "2", wherein Plaintiff's Assignor agreed to sell and deliver the goods and/or render the services described therein to the Defendant, and each of them, agreed to pay therefore;

19.   Within four years preceding the commencement of this action, pursuant to said agreements, Plaintiff's Assignor sold and delivered goods and/or rendered services to said Defendant. Although demand for payment has been made upon the Defendant,

4    COMPLAINT



said Defendant has failed and refused to pay the DEBT, and the DEBT is now due, owing and unpaid, together with interest thereon at the rate of ten percent (10%) per annum from the Due Date;

20. Plaintiff's Assignor has performed all conditions, terms and obligations on its part to be performed;

21. Said agreements further provides that if legal action be taken to collect any sums due and owing thereunder, Defendant shall pay reasonable attorneys fees necessitated thereby. Plaintiff has employed the Law offices of KENNETH J. FREED to prosecute this action, and thereby has paid, and will pay attorneys fees for legal services rendered. Plaintiff thus requests this Court to award it reasonable fees according to proof or according to this Court's reasonable fee schedule;

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1. For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October 18, 2006;

2. For costs of suit incurred herein;

3. For attorney's fees pursuant to California Civil Code Section 1717.5; and

4. For such other and further relief as the court may deem just and proper.

AS TO THE FOURTH CAUSE OF ACTION:

1. For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October

1    18, 2006;

2         2.    For costs of suit incurred herein;

3         3.    For reasonable attorney's fees; and

4         3.    For such other and further relief as the court may

5    deem just and proper.

6    DATED: January 14, 2008            LAW OFFICES OF KENNETH J. FREED

7

8                                      By: _____

9                                          KENNETH J. FREED
                                           Attorneys for Plaintiff
                                           CREDITORS ADJUSTMENT BUREAU,
10                                         INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# *EXHIBIT "1"*



7/21/05



# MANUFACTURER'S REPRESENTATIVE AGREEMENT

This Manufacturers Representative Agreement (the "Agreement") is made effective on 10 th day of June, 200 5 (the "Effective Date") by and between Hannspree California Inc. (hereinafter referred to as "Hannspree"), with its principal office located at: 843 Auburn Court, Fremont, CA 94538, and **M. Rothman & Company** (hereinafter referred to as "Sales Representative"), with its principal office located at **50 Williams Drive, Ramsey, NJ 07446**.

WHEREAS, Hannspree desires to retain **M. Rothman & Company** as its' sales representative, and Sales Representative desires to be retained by Hannspree as its' sales representative for the Products and territories identified below, all on the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, each of the parties hereto intending to be legally bound, it is agreed as follows:

1. **DEFINITIONS**

    A. "Products" shall mean the Products currently manufactured and/or distributed by Hannspree for the channel sales channel as determined by Hannspree.

    B. "Territory" shall mean the geographical area as stated in **EXHIBIT A.**

    C. "Customer" shall mean any entity that purchases the product.

    D. "Net Invoice Price" shall mean the total price at which an order is invoiced to the Customer prior to any discount offered by Hannspree in compensation for early payment. Excluded from the net invoice price are all shipping and mailing costs, duties, taxes, and insurance, and related adjustments granted to the Customer by Hannspree as shown on the face of the invoice, either direct to the reseller or to distribution.

2. **APPOINTMENT AND AUTHORITY OF SALES REPRESENTATIVE**

    A. Subject to the terms and conditions of this Agreement, Hannspree appoints Sales Representative as its selling agent for the Products to Customers in the Territory, and Sales Representative accepts the appointment and agrees to sell and promote the sale of the Products.

    B. For sales to any Customer within the Territory, Hannspree shall pay to Sales Representative a commission in accordance with Section 3 below.

    C. Sales Representative shall neither advertise the Products outside the Territory nor solicit orders from outside the Territory without the prior written consent of Hannspree.

    D. The relationship of Hannspree and Sales Representative established by this Agreement is that of independent contractors, and nothing contained in this Agreement shall be construed to (i) give either party the power to direct and control the day-to-day activities of the other, (ii) constitute the parties as partners, joint ventures, co-owners or otherwise as participant in a joint undertaking, or (iii) allow Sales Representative to create or assume any obligation on behalf of Hannspree for any purpose whatsoever. All financial and other obligations associated with Sales Representative's business are the sole responsibility of Sales Representative.



3. **COMPENSATION**

As full payment for any and all services rendered by Sales Representative and in consideration of the effort of Sales Representative and all of the expenses incurred by Sales Representative, Hannspree agrees to pay to Sales Representative, and Sales Representative agrees to accept, commissions on sales of the Products as stated in **EXHIBIT B**.

A.  The commission shall apply to all orders from Customers in the Territory that have been accepted by Hannspree and which shipments have occurred as a result of Sales Representative's efforts.

B.  Commissions will be paid within forty-five (45) days from the date Hannspree received Customer's payment of the same.

C.  Hannspree reserves the right to chargeback (debit) the full amount of paid commissions on Products returned by Customer to Hannspree for credit, ~~and all other deductions from payment by Customer~~. ᴶ WBP b/w/s

D.  PAYMENT: Payment of commissions shall be in United States dollars and shall be subject to all applicable governmental regulations and rulings, including the withholding of any taxes required by law, which shall be Sales Representative's responsibility, not Hannspree.

E.  MONTHLY STATEMENTS: Hannspree shall submit to Sales Representative monthly statements of the commissions due and payable to Sales Representative under the terms of this Agreement, with reference to the specific accounts on which the commissions are being paid.

4. **SALE OF THE PRODUCTS**

A.  All sales shall be at prices and upon terms established by Hannspree and Hannspree shall have the right to establish, change, alter, or amend prices and other terms and conditions of sale in its sole discretion with or without notice. Sales Representative shall not accept orders in Hannspree's name, make price quotations, or delivery promises without Hannspree's prior approval.

B.  All orders obtained by Sales Representative shall be subject to acceptance by Hannspree at its principal office currently located at the address listed for Hannspree at the beginning of this Agreement, and all quotations by Sales Representative shall contain a statement to that effect. Sales Representative shall have no authority to make any acceptance/delivery commitments to any Customers. Hannspree shall send copies to Sales Representative of any written acceptances on commissionable orders.

C.  Hannspree shall have the sole discretion of credit approval or credit refusal for Customers in all cases.

D.  Hannspree or its' designee shall render all invoices directly to the Customers. Invoice payments shall be made directly to Hannspree or its' designee by Customers.

E.  It is expressly understood by Sales Representative that full responsibility for all collection rests with Hannspree.

F.  Hannspree shall make all relevant marketing materials based on Hannspree's determination to Sales Representative, including but not limited to catalogues, literature, and any other material for the proper promotion and sales of its Products in the Territory. All Hannspree marketing materials are copyrighted and no such material shall be duplicate, translated, copies, without Hannspree's prior written consent. Sales Representative shall be responsible for any translation costs to any language other than English or Chinese. All Product samples shall be distributed in accordance to the Hannspree's Product sample guidelines.

G.  Whenever Sales Representative, at Hannspree's request, takes possession of Hannspree's Products for the purpose of delivering such Products to Customers or for any other purpose, the risk of loss or damage to or destruction of such Products shall be borne by Hannspree, and Hannspree shall indemnify and hold Sales Representative harmless against any claims, debts, liabilities or causes of action resulting from any such loss, damage or destruction.

2

WBP
b/w/s



5.  **PRODUCT WARRANTY AND PRODUCT AVAILABILITY**

    A.    Any warranty for the Products shall run directly from Hannspree to the Customer, and pursuant to the warranty the Customer shall return any allegedly defective Products to Hannspree or designated depot. Sales Representative shall have no authority or responsibility to accept any returned Products.

    B.    Under no circumstances shall Hannspree be responsible to Sales Representative or any other party for its failure to fill accepted orders, or for its delay in filling accepted orders, when such failure or delay is due to any cause beyond Hannspree's reasonable control.

6.  **SALES REPRESENTATIVE'S RESPONSIBILITIES AND CONDUCT OF BUSINESS**

    A.    Sales Representative shall maintain sales offices in its assigned territory and shall use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Hannspree's Products within the Territory.

    B.    Sales Representative will conduct all of its business in its own name and in such manner as it may see fit. Sales Representative will pay all expenses of its office and activities and be responsible for the acts and expenses of its employees.

    C.    Sales Representative shall not, without Hannspree's prior written approval, alter, enlarge, or limit orders, make representations or guarantees concerning Hannspree's Products or accept the return of, or make any allowance for such Products.

    D.    Sales Representative is to provide Hannspree with monthly forecasts by the third business day of each month categorized by accounts. Any adjustment to such forecast shall be promptly communicated to Hannspree in writing.

7.  **USE OF TRADEMARKS AND TRADENAMES**

    A.    Sales Representative recognizes and concedes for all purposes that all trademarks, trade names, or identifying slogans affixed to Hannspree's Products or any accompanying labels, containers, and cartons, whether or not registered, constitute the exclusive property of Hannspree and cannot be used except in connection with promoting and selling Hannspree Products. During the term of this Agreement, Sales Representative is authorized by Hannspree to use Hannspree's trademarks and logo in connection with Sales Representative's promotion of Hannspree Products and public relations announcements, provided that Sales Representative's use of such trademarks and logo shall be in accordance with Hannspree's policies from time to time communicated to Sales Representative. Sales Representative shall bear no interest in such trademarks or logo except as herein expressly provided, and Sales Representative's use of such trademark and logo shall cease immediately upon termination or expiration of this Agreement.

8.  **INDEMNIFICATIONS**

    A.    Hannspree shall be solely responsible for the design, development, supply, production, and performance of its Products and the protection of its tradenames. Hannspree agrees to indemnify and hold Sales Representative harmless against and to pay all losses, costs, damages and expenses whatsoever, including reasonable attorney fees, on account of infringement or alleged infringement of patents, trademarks, or tradenames, resulting from the sale of Hannspree's Products, or arising on account of warranty claims or product liability matters. Sales Representative will promptly deliver to Hannspree any notices or papers served upon it in any proceeding covered by this indemnity, and Hannspree will defend same at its expense. Sales Representative shall, however, have the right to participate in the defense at its own expense.

    B.    Sales Representative shall be solely responsible for, and shall indemnify and hold Hannspree free and harmless from, any and all claims, damages or lawsuits (including Hannspree's attorney's fees) arising out of the any act of Sales Representative, its employees or its agents. Hannspree will promptly deliver to Sales Representative any papers served upon it in any proceeding covered by this indemnity, and Sales Representative will defend same at its expense. Hannspree shall, however, have the right to participate in the defense at its own expense.

3



9. TERM AND TERMINATION

A. The term of this Agreement shall be one year from the Effective Date (the "Initial Term"). After the Initial Term, either party may terminate this Agreement by giving the other party a sixty (60) day written notice.

B. Termination of Insolvency. This Agreement shall terminate, without notice, upon the institution by or against either party for insolvency, receivership or bankruptcy proceedings, making an assignment for the benefit of creditors, or upon dissolution.

C. Upon termination of this Agreement for any reason, Sales Representative shall be entitled to commissions on all orders accepted by Hannspree through Sales Representative in the Territory prior to the termination date and after Hannspree's receipt of Customer's payment.

10. GENERAL

A. This Agreement constitutes the entire understanding of the parties; shall supersede any other oral or written agreements; and shall be binding upon and inure to the benefit of the parties' successors and assigns. It may not be modified in any way without the written consent of both parties. Sales Representative shall not have the right to assign this Agreement in whole or in part without Hannspree's written consent.

B. This Agreement shall be governed by and construed in accordance with the laws of the United States and of the State of California, without application of its conflicts of laws principles. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods, if applicable, is specifically excluded from application to this Agreement.

C. The parties will endeavor to settle amicably by mutual discussions any claim, dispute, or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof. Failing such amicable settlement, any remaining claim, disputes or controversy will be submitted by the parties to a binding arbitration by a mutually agreed upon arbitrator of the American Arbitration Association in the Alameda County, State of California, United States of America under the commercial rules then in effect for that Association, except as provided herein. The parties will be entitled to discovery as provided in Sections 1283.05 and 1283.1 of the Code of Civil Procedure of the State of California or any successor provision, whether or not the California Arbitration Act is deemed to apply to the arbitration. The award rendered by the arbitrator will include costs of arbitration, reasonable attorneys' fees, and reasonable costs for expert and other witnesses, and judgment on such award may be entered in any court having jurisdiction thereof.

Hannspree California Inc.                    Sales Representative

By _____             By _____

Title Sr. VP Sales & Marketing             Title E.V.P.

Date 6/27/05                                Date 6/10/5

4



01/08/2008  19:47    51036    HANNSPREE    PAGE  06

## EXHIBIT A

Territory shall be defined as

**State of New Jersey**
**State of New York**
**Eastern portion of Pennsylvania**

**Including Home Shopping Network located in Florida**

## EXHIBIT B

Commission Rate shall be determined as follows:

**4% Brick & Mortar Retail**
**2% Distributors Accounts**
**2% Internet / Catalog Accounts**

5

(12)

# EXHIBIT "2"



# DISTRIBUTOR AGREEMENT



This Distributor Agreement (the "Agreement") becomes effective the_1st day of__August___ 2005_ (the "Effective Date") between Hannspree California Inc., with its principal place of business at 843 Auburn Court, Fremont, California 94538, (hereafter called "Company") and M Rothman & co., Inc, a __Corporation with its place of business for the retail sale of Company products covered by this Agreement located at: City____Ramsey__County_____Bergen___State____NJ___ Zip_____07446__(hereafter called "Distributor").

## I. PURPOSE

This Agreement is to establish a relationship between Distributor and Company for the sale of Company's products to Company's pre-authorized dealers including parts and accessories therefore (hereafter called "Products") and to establish the responsibilities of the parties. Company may appoint other Company distributors in the trade area served by Distributor. The sample dealer agreement between the Distributor and its' dealer is attached as Exhibit A for Distributor's use. Distributor agrees that all dealers must be pre-authorized by Company.

## II. TERMS OF SALE

Upon acceptance by Company of a Distributor order for Products to be sold to Company's pre-approved dealers, terms of purchase will be as set forth in Company's most current "TERMS AND CONDITIONS". Company will have the right to change the Product offering and the terms and prices therefore at anytime and from time to time. Prices and terms for Products shall be those in effect on the date that Company accepts the Distributor order. All shipments are F.O.B., USA Origin of shipment.

## III. CREDIT

When credit is extended to Distributor, Distributor agrees to pay in full for such product allowing for adjustments for debit/credit memos or returns. Credit will be extended to Distributor after execution and filing of security agreements and related documents satisfactory to Company. At Company's request, Distributor shall provide Company with financial statements, including complete balance sheet and profit and loss statement, and related information. Company may reasonably request. Company shall sign an non-disclosure agreement and take reasonable measures to preserve the confidentiality of all such information within the Company. Distributor's failure to promptly provide such information, or should Company otherwise deem itself insecure, Company may suspend or reduce Distributor's credit limit, or take other steps necessary to protect Company's interest.

ueb (14)
1/5

Distributor shall permit persons designated by Company, during normal business hours, to enter Distributor's place of business with thirty (30) days advanced notice, to inventory Products at Distributor's location and to examine, copy and audit related Distributor records and documents relating to the Hannspree Products.

## IV. WARRANTY AND RETURNS OF THE PRODUCTS

Company Products are sold subject only to the applicable Company standard printed warranty in effect at the time of sale and such warranty shall be in lieu of all other warranties express or implied. Distributor is not authorized to assume, on Company's behalf, any liabilities in connection with Distributor's sale of Product other than as set forth in such Company standard warranty. Distributor shall indemnify and hold Company harmless with respect to any Distributor representation beyond those in such Company warranty unless information is obtained in writing or through authorized Hannspree employee from the Company. COMPANY SHALL MAKE NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. No return shall be accepted by Company unless it is in strict compliance with Company's return policy then in effect.

## V. DELIVERY

Company shall not be responsible for failure to deliver Products on time or to fill orders when such delay or failure results from causes beyond Company's control. If goods cannot be delivered according to the terms written in the P.O. the order may be cancelled and returned by the Distributor.

## VI. RESPONSIBILITY OF DISTRIBUTOR

Distributor shall:

(A) Achieve a market share, satisfactory to Company, for Products in the area served by Distributor.

(B) Maintain an inventory of Products in keeping with the sales potential in the area served by distributor and satisfactory to Company.

(C) Aggressively promote the sale of Products at Distributor's expense, through, but not limited to, advertising, open houses, farm shows, field demonstrations and other applicable gatherings using Company's advertising and/or sales promotion material as provided by Company, and by participation in early order and other sales related programs offered by the Company.

(D) Extend to Company's pre-approved dealers Company's applicable standard printed Product warranty which is in effect at the time of retail sale. Distributor understands that no other warranty is expressed or implied.

(E) Properly staff and train sales, service and parts personnel with the assistance of



Hannspree personnel and literature respect to Products.

(F) Set up Products following Company's standard setup Instructions and explain proper operating and safety instructions to the Company's pre-approved dealers, together with delivery of applicable written operating and safety Instructions.

(G) Obtain written consent of Company if Distributor intends to open any additional business location for the sale or service of Products or for the purpose of displaying Products at any location other than the business location described above.

(H) Carefully store and care for all Products for which Distributor is indebted to Company under this Agreement and protect same from damage or loss from any cause. Distributor shall maintain insurance of the types, in an amount of up to $1,000,000 and non-cancelable without 10 days written notice to Company from the insurer, covering any such damage or loss, all satisfactory to Company.

(I) Encourage Company's pre-approved dealers to use Company's original equipment parts (OEM) in the repair and replacement of Products in order to maintain the Products performance and high quality. Distributor shall not represent non-OEM parts as Company OEM parts.

(J) Cooperate with Company's Annual Performance Review, and any other commercially reasonable programs or matters pertaining to the administration of this Agreement.

## VII. TERM AND TERMINATION

The term of this Agreement shall be for a period of one year from the Effective Date. This Agreement shall be automatically renewed for successive terms of one year each unless either party shall give the other notice of non-renewal not less than thirty (30) days prior to the end of the then current term or unless this Agreement is otherwise terminated as provided herein.

Unless otherwise provided by applicable state law, either party may terminate this Agreement without cause and for any reason, upon not less than thirty (30) days written notice given to the other party, provided that nothing contained herein shall prevent Company from immediately terminating this Agreement in the event of bankruptcy or insolvency of Distributor, Distributor's failure to pay any amounts owing Company when due, Distributor's failure to hold proceeds of the sale of Products in trust for Company, or Distributor's failure to maintain satisfactory insurance with respect to Products. Upon termination for any reason, all amounts owed Company will become immediately due and payable.

## VIII. TRADEMARKS/TRADE NAMES

Distributor is hereby licensed to use Company's name and trademarks in the normal course of distributing Company's Products and performing related services under this Agreement. Distributor agrees not to use Company's name as part of Distributor's name or in any manner which would misrepresent the relationship between Distributor and



16

UPOF
3/5



Company. Distributor may represent itself as an "authorized distributor" of Company, and, with prior approval of Company, may use Company's name and Product related trademarks on signs or other advertising or promotional material. Distributor's license to use Company's name and trademarks is limited and Distributor shall abide by restrictions and limitations imposed by Company from time to time. Upon termination of this Agreement, Distributor shall immediately cease representing itself as a distributor of Company and shall cease use of all Company names and trademarks and any signs or other material, of whatever nature, identifying Distributor as a distributor of Company shall be removed or obliterated. Further if Distribution agreement is terminated by either party, and Distributor has any merchandise, first class or otherwise Distributor has the right to return all goods and receive full credit at last invoiced price.

VX. GENERAL A. Distributor is not an agent of Company nor is Distributor authorized to incur any obligations or make any representations on behalf of Company.

B. This Agreement is binding on the parties, their heirs, executors, administrators, successors and assigns.

C. Distributor may not assign this Agreement or any provisions thereof to another distributor or party without the prior written approval of Company.

D. If any provision of this Agreement shall be held unenforceable, then the remainder of this Agreement shall not be affected thereby.

E. No waiver by Company of any default under this Agreement by Distributor shall be deemed a waiver of any prior or subsequent default by Distributor hereunder.

F. All understandings and agreements between the parties are contained in this Agreement which supersedes and terminates all previous and other agreements between the parties.

G. Company reserves the right to modify and/or update this Agreement in writing with the mutual consent of the Distributor

H. Distributor agrees that application of any provision of this Agreement or related documents, or any other change implemented by Company, if equally applied to all other similar Company distributors, shall not constitute a change in the competitive circumstances of Distributor.

I. This Agreement will be governed by the laws of the State of California or New Jersey as applied to agreements entered into and to be performed entirely within California between California or New Jersey residents. Any action arising out of this Agreement must be brought in either the Superior Court of the State of California In Santa Clara County or the United States District Court for the Northern District of California, if entered in California as permitted by law, which together shall have exclusive jurisdiction over disputes arising out of this Agreement. Company and Distributor hereby consent to the personal jurisdiction of the above courts.

17

4/5

04/30/2008  13:01    8189901047    KENNETH J FREED    PAGE  02/02
FROM : CARL ROTHMAN                FAX NO. :
Case 3:08-cv-01431-MMC   Document 18-2   Filed 05/09/2008   Page 12 of 12

Aug. 03 2007 04:44PM P 9

IN WITNESS WHEREOF, the authorized representatives of the parties have executed this Agreement.

| Hannspree California Inc. | Distributor: |
|---|---|
| By: | By: _LBFrancis_ |
| Name: | Name: LAWRENCE B FRANCIS |
| Title: | Title: CFO |
| Date: | Date: 8/10/2005 |

(18)
UOF
5/5

RJN DOC. 2

SUPERIOR COURT BERGEN COUNTY
**FILED**



**APR 0 1 2008**

DEPUTY CLERK

**MEISTER SEELIG & FEIN LLP**
2G Auer Court
Williamsburg Commons
East Brunswick, New Jersey  08816
(732) 432-0073

Attorneys for Plaintiff
M. Rothman & Co., Inc.

-------------------------------------------------------------x

| | |
|---|---|
| M. ROTHMAN & CO., INC., | : |
| Plaintiff, | : |
| | : |
| - against - | : |
| | : |
| HANNSPREE NORTH AMERICA, INC. | : |
| Defendant. | : |
| | : |

-------------------------------------------------------------x

SUPERIOR COURT OF
NEW JERSEY-- LAW DIVISION
BERGEN COUNTY

DOCKET NO.: L-0289-07
                  9289.07

**FINAL JUDGMENT**
**ON DEFAULT**

    Upon the default in this matter duly entered by the Clerk of the Court on February 25, 2008 against Defendant, Hannspree North America, Inc., and upon the Certification of Proof of Larry Francis dated March 28, 2008, **NOW THEREFORE**

    Final Judgment is hereby granted in this matter against Defendant, Hannspree North America, Inc., and in favor of Plaintiff, M. Rothman & Co., Inc., in the amount of $437.29

Dated:   April 1st, 2008

_____

_____
Deputy Clerk of the Superior Court

if this is a money judgment, it will not be
automatically recorded as a statewide lien
to do so, forward it directly to
the Superior Court in Trenton along with a
$35.00 fee.

*1644-044 Doc No. # 23*

⑲

40

EDWARD S. ZIZMOR, ESQ.
60 COURT STREET
HACKENSACK, NEW JERSEY 07601
TEL: 201-342-6222
Attorney for Plaintiff

| | |
|---|---|
| M. ROTHMAN & CO., INC. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY |
| Plaintiff, | |
| vs. | DOCKET NO. BER-L-9289-07 |
| HANNSPREE NORTH AMERICA INC. | CIVIL ACTION NOTICE OF MOTION TO VACATE DEFAULT JUDGMENT |
| Defendant, | |

TO: Meister, Seelig & Fein, LLP
26 Aver Court
Williamsburg Common
East Brunswick, New Jersey 08816

PLEASE TAKE NOTICE that undersigned attorney for Plaintiff hereby will apply to the above named Court at the Bergen County Superior Court at 10 Main Street, Hackensack, New Jersey 07601, on May 23, 2008 at 9:00a.m., or as soon thereafter as counsel may be heard for an Order Vacating the judgment and allowing Defendant to file and answer and counterclaim.

A proposed form or order is annexed.

20

Dated: April ___3___, 2008

EDWARD S. ZIZMOR, ESQ.
Attorney for Plaintiff

(21)

## CERTIFICATION

I, EDWARD S. ZIZMOR, ESQ., hereby certifies that on ~~April~~ MAY 2

2008, I forwarded a copy of the annexed motion and proposed order to the Clerk

of the Superior Court, Bergen County Court House, 10 Main Street, Hackensack,

New Jersey 07601, and that one copy of the Notice of Motion was sent to:

*MEISTER, SEELING & FEIN, LLP*
*2G Aver Court*
*Williamsburg Commons*
*East Brunswick, New Jersey 08816*

All by First Class Mail

Dated: ~~April~~ MAY 2, 2008

EDWARD S. ZIZMOR, ESQ.

(22)

EDWARD S. ZIZMOR, ESQ.
60 COURT STREET
HACKENSACK, NEW JERSEY 07601
TEL: 201-342-6222
Attorney for Defendant

---

| | |
|---|---|
| M. ROTHMAN & CO., INC. | SUPERIOR COURT OF NEW JERSEY |
| Plaintiff, | LAW DIVISION: BERGEN COUNTY |
| vs. | DOCKET NO. BER-L-9289-07 |
| HANNSPREE NORTH AMERICA INC. | CIVIL ACTION |
| | AFFIDAVIT OF CHING CHOU PENG |
| Defendant. | |

---

STATE OF CALIFORNIA)
COUNTY OF ORANGE )          ss.:

CHING CHOU PENG., being duly sworn deposes and says:

1.    I am the Project Manager of Defendant of HANN SPREE NORTH

AMERICA INC., and as such am fully familiar with all the facts and circumstances

of this matter. I make this affidavit in support of the motion to set aside the

default judgment and allow Defendant to file an answer. This basis of this

application is as follows:

EXCUSABLE NEGLECT:   Several months before Plaintiff filed suit, I turned

our claim over to CREDITORS ADJUSTMENT BUREAU, a California collection

agency to attempt to collect $145,804.71 owing from M. ROTHMAN & CO, INC., to

(23)

HANNSPREE NORTH AMERICA INC. The collection agency attempted to collect $145,804.71 but reached an impass so I authorized suit. Our suit was filed in the Superior Court of California almost simultaneously with Plaintiff's suit filed in New Jersey. When I was served with summons and complaint on December 27, 2007 shortly before our case was filed in California, I mistakenly believed that it was related to our suit. I believed that since our suit was for $145,804.71, the $437.29 New Jersey suit would be handled along with our suit in California. I annex the California action as Exhibit "A."

I heard nothing further and received no additional documents of any kind regarding the New Jersey action until April 24, 2008 when the attorney for the collection handling the California action, sent me a copy of a motion filed by M. Rothman & Co., Inc., seeking to dismiss the California action on res judicata grounds. I never received as required by New Jersey rules.

a. ~~Notice of Default~~
a.b. Notice of Application for Entry of Default Judgment
b.c. Default Judgment

MERITORIOUS DEFENSE: I have two meritorious defenses.

A. The Defendant M. ROTHMAN & CO., in fact owes us $145,804.71 not us owing them $437.29 in unpaid credits. I annex a statement of account as Exhibit "B."

24

8.    The contract signed between Plaintiff and Defendant annexed here as Exhibit "C" Article 10- clause C states that the parties agree all claims will be submitted to binding Arbitration with the American Arbitration Association in Alameda County, California. Plaintiff should never have brought this suit in NJ.

Further, Defendant has moved our California case into Federal Court and moved on motion to dismiss the action claiming that the New Jersey judgment Exhibit "D" is Res Judicata. I annex their notice of motion as Exhibit "E."

I annex as Exhibit "F" our proposed answer and counterclaim. I ask the Court to set aside the judgment to allow Defendant to file an answer in this case.

There is no prejudice to Plaintiff in setting aside this judgment. On the other hand Defendant would be unable to proceed on its claim of $145,804.71 without this matter being opened.

State of California
County of Orange
Sworn to before me
May 1st, 2008

_____
NOTARY PUBLIC

CHING CHOU PENG

by Ching Chou Peng
personally known to me or proved to me on the basis of satisfactory evidence to be the person who appeared before me.

B. OSORIO
COMM...1775178
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. OCTOBER 22, 2011

25

1    KENNETH J. FREED, ESQ. [State Bar No. 125349]
     LAW OFFICES OF KENNETH J. FREED
2    14226 Ventura Boulevard
     P.O. Box 5914
3    Sherman Oaks, California  91413
     (818) 990-0888
4    (818) 990-1047 Facsimile

5    Attorneys for Plaintiff
     CREDITORS ADJUSTMENT BUREAU, INC.
6    Our File No. 77906

                                    ENTER
                                    FILE
                                 ALAMEDA ...

                                  FEB   4 2008

                              CLERK OF THE COURT
                              By

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

9            GALE-SCHENONE HALL OF JUDTICE, LIMITED CIVIL

10

11   CREDITORS ADJUSTMENT BUREAU,     )    CASE NO.
     INC.,     A     California       )
12   Corporation,                     )
                                      )    COMPLAINT FOR:
13                    Plaintiff,      )
                                      )    1.  OPEN BOOK ACCOUNT
14            v.                      )    2.  ACCOUNT STATED
                                      )    3.  REASONABLE VALUE
15   M. ROTHMAN & CO. INC.; and       )    4.  BREACH OF CONTRACTS
     DOES 1 through 10, Inclusive,    )
16                                    )
                     Defendants.      )    Amount    of    Demand:
17                                    )    $145,804.71
     _____)
18                                    )

19       Plaintiff alleges as follows:

20          DEFINITIONS AND PRELIMINARY ALLEGATIONS

21       1.   As used herein, the term 'Plaintiff's Assignor' shall

22   refer to Hannspree California Inc.;

23       2.   As used herein, the terms "the DEBT" and "said DEBT"

24   refer to the following sum:  $145,804.71;

25       3.   Prior to the commencement of this action, the claims

26   herein sued upon were assigned to Plaintiff by the Plaintiff's

27   Assignor and Plaintiff is now the owner and holder of such

28   claims;                                            (26)

EXHIBIT A

                        1         COMPLAINT                    2

4.   Plaintiff is a corporation, duly organized and existing under and by virtue of the laws of the State of California, and is a collection agency duly licensed and operating under and pursuant to the laws of the State of California;

5.   The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants herein designated DOES 1 through 10, inclusive, are unknown to Plaintiff;

6.   The obligations and claims sued upon herein were made and entered into and are due and payable in the above-mentioned Judicial District and County, State of California, and are not subject to the provisions of Sections 1812.10 and 2984.4 of the California Civil Code, and Section 395(b) of the California Code of Civil Procedure;

7.   At all times herein mentioned, the Defendant(s), and each of them, were agents and employees of the other Defendant(s), and were acting within the course and scope of such agency and employment;

### FIRST CAUSE OF ACTION (OPEN BOOK ACCOUNT)

8.   Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

9.   Within four years preceding the commencement of this action, Defendant, and each of them, became indebted to Plaintiff's Assignor in the amount of "the DEBT" for a balance due on a book account for goods sold and delivered and/or services rendered by Plaintiff's Assignor to Defendant at

(27)

2   COMPLAINT   3

Defendant's request. Said DEBT has not been paid although payment has been demanded, and said DEBT is now due, owing and unpaid, together with interest thereon at the rate of ten percent (10%) per annum since demanded on October 18, 2006;

10. The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

<u>SECOND CAUSE OF ACTION (ACCOUNT STATED)</u>

11. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

12. Within four years preceding the commencement of this action, an account was stated by and between Plaintiff's Assignor and Defendant, and each of them wherein it was ascertained and agreed that said Defendant owed said DEBT to Plaintiff's Assignor together with interest thereon at the rate of ten percent (10%) per annum from October 18, 2006;

13. The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

<u>THIRD CAUSE OF ACTION (REASONABLE VALUE)</u>

14. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set forth herein;

//

(28)

3        COMPLAINT

4

15. Within two years preceding the commencement of this action Defendant, and each of them, became indebted to Plaintiff's Assignor for the reasonable value of goods sold and delivered and/or services rendered by Plaintiff's Assignor to said Defendant at said Defendant's request, the DEBT was and is the reasonable value of said goods and/or services. No part of said DEBT has been paid although payment has been demanded, and said DEBT is now due, owing and unpaid together with interest at the rate of ten (10%) percent per annum since demanded on October 18, 2006;

16. The DEBT sued upon herein was incurred on or after January 1, 1987, and is subject to the provisions of the California Civil Code Section 1717.5 and that Plaintiff is entitled to be awarded attorney's fees pursuant to said section;

### FOURTH CAUSE OF ACTION (BREACH OF CONTRACTS)

17. Plaintiff repeats, realleges and incorporates herein by reference paragraphs 1 through 7 as though fully set herein;

18. Plaintiff's Assignor and Defendant entered into written agreements, copies of which are attached hereto and marked Exhibits "1" and "2", wherein Plaintiff's Assignor agreed to sell and deliver the goods and/or render the services described therein to the Defendant, and each of them, agreed to pay therefore;

19. Within four years preceding the commencement of this action, pursuant to said agreements, Plaintiff's Assignor sold and delivered goods and/or rendered services to said Defendant. Although demand for payment has been made upon the Defendant,

4    COMPLAINT

29

5

said Defendant has failed and refused to pay the DEBT, and the DEBT is now due, owing and unpaid, together with interest thereon at the rate of ten percent (10%) per annum from the Due Date;

20.  Plaintiff's Assignor has performed all conditions, terms and obligations on its part to be performed;

21.  Said agreements further provides that if legal action be taken to collect any sums due and owing thereunder, Defendant shall pay reasonable attorneys fees necessitated thereby.  Plaintiff has employed the Law offices of KENNETH J. FREED to prosecute this action, and thereby has paid, and will pay attorneys fees for legal services rendered.  Plaintiff thus requests this Court to award it reasonable fees according to proof or according to this Court's reasonable fee schedule;

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

AS TO THE FIRST, SECOND AND THIRD CAUSES OF ACTION:

1.  For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October 18, 2006;

2.  For costs of suit incurred herein;

3.  For attorney's fees pursuant to California Civil Code Section 1717.5; and

4.  For such other and further relief as the court may deem just and proper.

AS TO THE FOURTH CAUSE OF ACTION:

1.  For the sum of $145,804.71, together with interest thereon at the rate of ten percent (10%) per annum from October

(30)

5        COMPLAINT

6

18, 2006;

2. For costs of suit incurred herein;

3. For reasonable attorney's fees; and

3. For such other and further relief as the court may deem just and proper.

DATED: January 14, 2008

LAW OFFICES OF KENNETH J. FREED

By: _____

KENNETH J. FREED
Attorneys for Plaintiff
CREDITORS ADJUSTMENT BUREAU, INC.

(31)

6            COMPLAINT            7

04/25/2008 16:11   1-714-727-2728   HANNSPREE   PAGE 02

M. ROTHMAN DISTRIBUTOR

| Postg date | Acct. doc | Invoice No. | Due date | Payt | Current | 1-30 | 31-60 | 61-90 | 91-120 | >=121 | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9/1/2005 | 9000000190 | 90003235 | 11/16/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,398.00 | 1,398.00 |
| 9/30/2005 | 9000002648 | 91003486 | 11/29/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 95,696.00 | 95,696.00 |
| 10/12/2005 | 9000002296 | 91003748 | 12/11/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,944.04 | 1,944.04 |
| 10/12/2005 | 9000002298 | 90003747 | 12/11/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,281.56 | 2,281.56 |
| 10/18/2005 | 9000003905 | 90003909 | 12/17/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,409.08 | 21,409.08 |
| 10/18/2005 | 9000000473 | 90004319 | 12/17/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,430.00 | 10,430.00 |
| 10/27/2005 | 9000000475 | 90004321 | 12/26/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 108,782.94 | 108,782.94 |
| 10/27/2005 | 9000004502 | 90004363 | 12/26/2005 | N061 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16,876.00 | 16,876.00 |
| 10/31/2005 | 9000005502 | 90044941 | 1/8/2005 | N061 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,965.44 | 8,965.44 |
| 10/31/2005 | 9000000675 | 90044977 | 1/13/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,859.62 | 7,859.62 |
| 11/14/2005 | 9000000676 | 90044978 | 1/13/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,908.88 | 21,908.88 |
| 11/14/2005 | 9000000677 | 90056032 | 1/14/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24,784.80 | 24,784.80 |
| 11/15/2005 | 9000080981 | 91003033 | 1/14/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 81,250.00 | 81,250.00 |
| 11/16/2005 | 9000080982 | 91005134 | 1/15/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,875.00 | 7,875.00 |
| 11/16/2005 | 9000080901 | 91005134 | 1/16/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 89,465.00 | 89,465.00 |
| 11/18/2005 | 9000000707 | 91005062 | 1/17/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14,112.00 | 14,112.00 |
| 11/18/2005 | 9000000704 | 90005217 | 1/17/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 27,950.58 | 27,950.58 |
| 11/18/2005 | 9000000687 | 90005477 | 1/17/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 55,001.52 | 55,001.52 |
| 11/19/2005 | 9000000744 | 90005197 | 1/18/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,456.12 | 21,456.12 |
| 11/18/2005 | 9000000747 | 90006200 | 1/18/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 817.40 | 817.40 |
| 11/21/2005 | 9001000036 | 90003225 | 1/21/2005 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 817.40 | 817.40 |
| 11/21/2005 | 9000000769 | 90005212 | 1/20/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1,074.80 | -1,074.80 |
| 11/21/2005 | 9000000011 | 90005376 | 1/20/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,939.20 | 4,939.20 |
| 11/21/2005 | 9000000022 | 90005396 | 1/20/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12,303.28 | 12,303.28 |
| 11/21/2005 | 9000000015 | 90005387 | 1/20/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,350.40 | 6,350.40 |
| 11/23/2005 | 9000005360 | 90005360 | 1/22/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 19,051.20 | 19,051.20 |
| 11/23/2005 | 9000005698 | 90005698 | 1/22/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,860.00 | 4,860.00 |
| 11/22/2005 | 9000003963 | 90005741 | 1/31/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14,288.40 | 14,288.40 |
| 12/2/2005 | 9000001004 | 90005741 | 2/4/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 17,785.04 | 17,785.04 |
| 12/6/2005 | 9000001009 | 90005639 | 2/4/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,237.88 | 8,237.88 |
| 12/6/2005 | 9000001021 | 90005912 | 2/5/2008 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -3,810.24 | -3,810.24 |
| 12/7/2005 | 9000001023 | 90005914 | 2/5/2008 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,888.00 | 3,888.00 |
| 12/7/2005 | 9000001024 | 90005915 | 2/6/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 41,012.00 | 41,012.00 |
| 12/6/2005 | 9000001039 | 90005960 | 2/8/2006 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,352.00 | 2,352.00 |
| | | | | | | | | | | | 6,985.44 |

EXHIBIT B

(32)

HANNSPREE

M. ROTHMAN DISTRIBUTOR

| Postg date | Accl. doc | Invoice No. | Due date | Pymt | Current | 1-30 | 31-60 | 61-90 | 91-120 | >=121 | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/8/2005 | 8000001047 | 90065968 | 2/7/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,880.66 | 8,880.66 |
| 12/8/2005 | 8000001056 | 90065977 | 2/7/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 432.18 | 432.18 |
| 12/12/2005 | 8000001087 | 90058110 | 2/10/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,810.24 | 3,810.24 |
| 12/13/2005 | 8000001079 | 90058079 | 2/11/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,080.32 | 5,080.32 |
| 12/13/2005 | 8000001083 | 90058141 | 2/11/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,905.12 | 1,905.12 |
| 12/13/2005 | 8000001200 | 90065399 | 2/11/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,008.00 | 8,008.00 |
| 12/20/2005 | 8000000093 | 90003809 | 12/27/2005 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -18,694.60 | -18,694.60 |
| 12/27/2005 | 2000000093 | 90003809 | 12/27/2005 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -94,936.00 | -94,936.00 |
| 12/28/2005 | 1000001317 | 90003406 | 12/28/2005 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -2,414.48 | -2,414.48 |
| 12/20/2005 | 1000001318 | 90003908 | 12/28/2005 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,234.80 | 1,234.80 |
| 1/8/2006 | 8000000056 | 90007141 | 3/7/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,010.00 | 8,010.00 |
| 1/13/2006 | 8000000126 | 90007395 | 3/14/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 248.96 | 248.96 |
| 1/13/2006 | 8000000127 | 90007397 | 3/14/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,005.00 | 4,005.00 |
| 1/18/2006 | 8000001455 | 90007448 | 3/19/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -851.04 | -851.04 |
| 1/24/2006 | 8000000235 | 90007751 | 3/25/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 802.82 | 802.82 |
| 1/20/2006 | 8000000246 | 90007875 | 3/27/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -200,000.00 | -200,000.00 |
| 2/22/2008 | 2200000310 with pymnt | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32,540.00 | 32,540.00 |
| 2/17/2006 | 8000000457 | 90006391 | 4/18/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -38,000.00 | -38,000.00 |
| 3/10/2006 | 1000000504 | | 3/7/2006 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,400.00 | 3,400.00 |
| 4/13/2006 | 8000000081 | 90008973 | 6/12/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 12,375.00 | 12,375.00 |
| 5/17/2006 | 8000001291 | 90010866 | 7/16/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 19,800.00 | 19,800.00 |
| 6/14/2006 | 8000001339 | 90012105 | 7/14/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,580.00 | 8,580.00 |
| 8/28/2006 | 8000001729 | 90012916 | 8/27/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,400.00 | 4,400.00 |
| 6/28/2006 | 8000001730 | 90012916 | 7/28/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,960.00 | 3,960.00 |
| 6/28/2006 | 8000001731 | 90012917 | 7/28/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,380.00 | 8,380.00 |
| 6/28/2006 | 8000001732 | 90012918 | 7/28/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,842.00 | 10,842.00 |
| 6/29/2006 | 8000001735 | 90012922 | 8/28/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,780.00 | 21,780.00 |
| 6/29/2006 | 8000001737 | 90012923 | 7/28/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,200.00 | 2,200.00 |
| 6/28/2006 | 8000001736 | 90012924 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 44,660.00 | 44,660.00 |
| 6/28/2006 | 8000001739 | 90012925 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,670.00 | 21,670.00 |
| 6/29/2006 | 8000001740 | 90012926 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16,170.00 | 16,170.00 |
| 6/29/2006 | 8000001741 | 90012927 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14,080.00 | 14,080.00 |
| 6/29/2006 | 8000001742 | 90012928 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,180.00 | 4,180.00 |
| 6/29/2006 | 8000001743 | 90012929 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 21,890.00 | 21,890.00 |
| 8/28/2006 | 8000001787 | 90013125 | 7/29/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,710.00 | 6,710.00 |
| 8/30/2008 | 8000001759 | 90013117 | 8/29/2006 NG60 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,710.00 | 8,710.00 |
| 6/30/2008 | 8000001760 | 90013118 | 7/30/2006 NG30 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48,730.00 | 48,730.00 |

**M. ROTHMAN DISTRIBUTOR**

| Paid date | Acct doc | Invoice No. | Due date | Pay1 | Current | 1-30 | 31-60 | 61-90 | 91-120 | >=121 | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/30/2008 | 800001753 | 90013121 | 8/28/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,522.10 | 3,522.10 |
| 6/30/2008 | 800001764 | 90013122 | 8/28/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,760.00 | 1,760.00 |
| 8/30/2008 | 800001765 | 90015123 | 8/29/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,710.00 | 8,710.00 |
| 6/06/2008 | 800001700 | 90013124 | 7/30/2008 | NG30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,510.00 | 4,510.00 |
| 8/30/2008 | 800000139 | 90014241 | 10/22/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 157.00 | 157.00 |
| 8/08/2006 | 800002388 | 90014824 | 10/7/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34,548.32 | -34,548.32 |
| 8/14/2006 | 800002381 | 90014720 | 10/13/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 162.00 | 162.00 |
| 9/20/2008 | 800002821 | 90014721 | 11/19/2006 | NG80 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -209.48 | -209.48 |
| 9/20/2008 | 800002821 | 90019313 | 11/19/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 34,000.00 | 34,000.00 |
| 9/25/2008 | 800002044 | 90018384 | 11/19/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -18,293.33 | -18,293.33 |
| 9/26/2008 | 800003082 | 90018816 | 11/18/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -16,293.33 | -16,293.33 |
| 9/27/2008 | 800003047 | 90016983 | 11/26/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1,201.82 | -1,201.82 |
| 10/3/2006 | 800003157 | 90016964 | 12/4/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 391.00 | 391.00 |
| 10/5/2006 | 900016989 | 90016989 | 12/4/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 132.00 | 132.00 |
| 1/05/2008 | 800003162 | 90017024 | 12/4/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 27,200.00 | 27,200.00 |
| 1/05/2008 | 800003178 | 90017024 | 12/4/2006 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 132.00 | 132.00 |
| 10/10/2008 | 800003213 | 90017211 | 12/08/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 132.00 | 132.00 |
| 10/10/2008 | 800003231 | 90017380 | 12/15/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -317.52 | -317.52 |
| 10/16/2008 | 800002206 | 90017697 | 12/17/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 66,980.00 | 66,980.00 |
| 10/18/2008 | 800003780 | 91017835 | 12/17/2008 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,020.00 | 1,020.00 |
| 12/14/2008 | 100002360 | | 12/13/2006 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -3,816.00 | -3,816.00 |
| 12/14/2008 | 100002370 | | 12/13/2006 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -3,815.00 | -3,815.00 |
| 12/14/2008 | 100002360 | | 12/13/2006 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -6,650.28 | -6,650.28 |
| 12/15/2008 | 100002384 | | 12/19/2006 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -182.00 | -182.00 |
| 12/15/2008 | 900004664 | | 12/14/2006 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -2,500.00 | -2,500.00 |
| 12/18/2008 | 900004644 | 90203922 | 2/13/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -650.80 | -650.80 |
| 12/18/2008 | 800004544 | 90203502 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -14.40 | -14.40 |
| 12/18/2008 | 800004545 | 90203303 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -32.48 | -32.48 |
| 12/18/2008 | 800004546 | 90203304 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -10.58 | -10.58 |
| 12/18/2008 | 800004547 | 90203305 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -77.76 | -77.76 |
| 12/18/2008 | 800004848 | 90203306 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -735.84 | -735.84 |
| 12/18/2008 | 800004549 | 90203307 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -35.18 | -35.18 |
| 12/18/2008 | 800004550 | 90203308 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -750.05 | -750.05 |
| 12/18/2008 | 800004551 | 90203308 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1,094.86 | -1,094.86 |
| 12/18/2008 | 800004552 | 90203310 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -1,075.12 | -1,075.12 |
| 12/18/2008 | 800004663 | 90203011 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -7.92 | -7.92 |
| 12/18/2008 | 800004564 | 90203312 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -14.08 | -14.08 |
| 12/18/2008 | 800004555 | 90203313 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -46.29 | -46.29 |
| 12/18/2006 | 800004556 | 90203314 | 2/18/2007 | NG60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -23.01 | -23.01 |

## M. ROTHMAN DISTRIBUTOR

| Pstg date | Acct. doc | Invoice No. | Due date | Pmt | Current | 1-30 | 31-60 | 61-90 | 91-120 | >=121 | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/2006 | 8000004657 | 90020315 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -48.38 | -48.38 |
| 12/18/2006 | 8000004658 | 90020316 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -87.20 | -87.20 |
| 12/18/2006 | 8000004659 | 90020317 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -71.00 | -71.00 |
| 12/18/2006 | 8000004660 | 90020318 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -14,146.00 | -14,146.00 |
| 12/18/2006 | 8000004661 | 90020319 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -201.00 | -201.00 |
| 12/18/2006 | 8000004662 | 90020320 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -618.75 | -618.75 |
| 12/18/2006 | 8000004663 | 90020321 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -3,598.75 | -3,598.75 |
| 12/18/2006 | 8000004667 | 90020325 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -49.56 | -49.56 |
| 1/4/2007 | 8000014805 | 90020983 | 2/16/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 147.17 | 147.17 |
| 1/4/2007 | 8000000230 | 90021798 | 3/17/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | -17,194.28 | | -17,194.28 |
| 1/17/2007 | 9001200329 | 90021945 | 3/18/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | -166,638.89 | | -165,638.89 |
| 1/31/2007 | 8000008695 | 90022881 | 4/11/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | -2,262.00 | | -2,262.00 |
| 2/6/2007 | 6000008696 | 90022741 | 4/17/2007 | N060 | 0.00 | 0.00 | 0.00 | 0.00 | -1,789.10 | | -1,789.10 |
| 2/16/2007 | 1000000307 | | 2/7/2007 | | 0.00 | 0.00 | 0.00 | 0.00 | -182.00 | | -182.00 |
| 2/16/2007 | 1000000306 | | 2/7/2007 | | 0.00 | 0.00 | 0.00 | 0.00 | -24.26 | | -24.26 |
| 2/16/2007 | 6000001030 | | 4/17/2007 | N060 | 0.00 | 0.00 | 0.00 | -86,171.00 | | | -86,171.00 |
| 3/7/2007 | 6000001469 | 90024368 | 5/6/2007 | N060 | 0.00 | 0.00 | 0.00 | -672.21 | | | -672.21 |
| 3/9/2007 | 1000000611 | | 5/8/2007 | N060 | 0.00 | 0.00 | 0.00 | 3,050.00 | | | 3,050.00 |
| 3/15/2007 | 6000001571 | 90024584 | 5/14/2007 | N060 | 0.00 | 0.00 | -635.04 | | | | -635.04 |
| 3/15/2007 | 6000001572 | 90024585 | 6/14/2007 | N060 | 0.00 | 0.00 | -2,337.76 | | | | -2,337.76 |
| 3/19/2007 | | | 5/18/2007 | N060 | 0.00 | 0.00 | 170,438.02 | | | | 170,438.02 |
| 3/19/2007 | 6000001703 | 90024768 | 5/18/2007 | N060 | 0.00 | 0.00 | -572,046.78 | | | | -572,046.78 |
| 3/20/2007 | 6000001784 | 90024922 | 5/19/2007 | N060 | 0.00 | 0.00 | -14,027.20 | | | | -14,027.20 |
| 3/20/2007 | 6000001785 | 90024923 | 5/19/2007 | N060 | 0.00 | 0.00 | -33,816.43 | | | | -33,816.43 |
| 4/4/2007 | 6000002134 | 90025098 | 6/3/2007 | N060 | 0.00 | 0.00 | -1,185.99 | | | | -1,185.99 |
| 4/20/2007 | 6000002510 | 90026443 | 6/19/2007 | N060 | 0.00 | -1,526.44 | | | | | -1,526.44 |
| 5/8/2007 | 8000002822 | 90027078 | 7/7/2007 | N060 | 0.00 | -275.00 | | | | | -276.00 |
| 5/11/2007 | 6000002888 | 90027318 | 7/10/2007 | N060 | -220.00 | | | | | | -220.00 |
| 5/25/2007 | 6000003184 | 90027816 | 7/24/2007 | N060 | -1,097.00 | | | | | | -1,097.00 |
| | | | | | -5,317.00 | -1,801.44 | -453,520.18 | -83,793.21 | -186,894.27 | 807,486.81 | 83,060.71 |

May 05 2008 4:06PM  MEISTER SEELIG FEIN  7324324283  Page 5 of 10  p.19
Case 3:08-cv-01431-MMC  Document 13-4  Filed 05/09/2008  Page 5 of 10  PAGE 06
04/25/2008  15:11  1-714-727-2728  HANNSPREE

Rofman statement

| Pstg date | Acct. doc | Invoice No. | Due date | Pmt | Current | 1-30 | 31-60 | 61-90 | 91-120 | >=121 | Total Amount |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/16/2005 | 9000003078 | 9000265 | 11/14/2005 | N030 | | | | | | 900.00 | 900.00 |
| 9/13/2005 | 9000000131 | 90003070 | 12/12/2005 | N090 | | | | | | 4,875.00 | 4,875.00 |
| 10/26/2005 | 9000000472 | 90004331B | 1/24/2006 | N090 | | | | | | 1,750.00 | 1,750.00 |
| 11/21/2005 | 2000000034 | 9000265 | 11/21/2005 | | | | | | | -600.00 | -600.00 |
| 12/7/2005 | 6000001022 | 90005913 | 3/7/2006 | N090 | | | | | | 350.00 | 350.00 |
| 12/9/2005 | 6000001049 | 90005970 | 3/9/2006 | N090 | | | | | | 450.00 | 450.00 |
| 12/26/2005 | 1000001318 | 90003070 | 12/26/2005 | | | | | | | -3,843.92 | -3,843.92 |
| 5/9/2006 | 6000001133 | 90010828 | 7/8/2006 | N090 | | | | | | 80,835.00 | 80,835.00 |
| 5/15/2006 | 8000001168 | 90010719 | 6/14/2006 | N030 | | | | | | 837.92 | 837.92 |
| | | | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 65,794.00 | 65,794.00 |

(36)

7/21/05



# MANUFACTURER'S REPRESENTATIVE AGREEMENT

This Manufacturers Representative Agreement (the "Agreement") is made effective on 1e th day of June, 200 X (the "Effective Date") by and between Hannspree California Inc. (hereinafter referred to as "Hannspree"), with its principal office located at: 543 Auburn Court, Fremont, CA 94538, and M. Rothman & Company (hereinafter referred to as "Sales Representative"), with its principal office located at 50 Williams Drive, Ramsey, NJ 07446.

WHEREAS, Hannspree desires to retain M. Rothman & Company as its' sales representative, and Sales Representative desires to be retained by Hannspree as its' sales representative for the Products and territories identified below, all on the terms and conditions set forth in this Agreement,

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, each of the parties hereto intending to be legally bound, it is agreed as follows:

1.  **DEFINITIONS**

    A.  "Products" shall mean the Products currently manufactured and/or distributed by Hannspree for the channel sales channel as determined by Hannspree.
    B.  "Territory" shall mean the geographical area as stated in EXHIBIT A.
    C.  "Customer" shall mean any entity that purchases the product.
    D.  "Net Invoice Price" shall mean the total price at which an order is invoiced to the Customer prior to any discount offered by Hannspree in compensation for early payment. Excluded from the net invoice price are all shipping and mailing costs, duties, taxes, and insurance, and related adjustments granted to the Customer by Hannspree as shown on the face of the invoice, either direct to the reseller or to distribution.

2.  **APPOINTMENT AND AUTHORITY OF SALES REPRESENTATIVE**

    A.  Subject to the terms and conditions of this Agreement, Hannspree appoints Sales Representative as its selling agent for the Products to Customers in the Territory, and Sales Representative accepts the appointment and agrees to sell and promote the sale of the Products.
    B.  For sales to any Customer within the Territory, Hannspree shall pay to Sales Representative a commission in accordance with Section 3 below.
    C.  Sales Representative shall neither advertise the Products outside the Territory nor solicit orders from outside the Territory without the prior written consent of Hannspree.
    D.  The relationship of Hannspree and Sales Representative established by this Agreement is that of independent contractors, and nothing contained in this Agreement shall be construed to (i) give either party the power to direct and control the day-to-day activities of the other, (ii) constitute the parties as partners, joint ventures, co-owners or otherwise as participant in a joint undertaking, or (iii) allow Sales Representative to create or assume any obligation on behalf of Hannspree for any purpose whatsoever. All financial and other obligations associated with Sales Representative's business are the sole responsibility of Sales Representative.

1

EXHIBIT C

31    9

3. COMPENSATION

As full payment for any and all services rendered by Sales Representative and in consideration of the effort of Sales Representative and all of the expenses incurred by Sales Representative, Hannspree agrees to pay to Sales Representative, and Sales Representative agrees to accept, commissions on sales of the Products as stated in EXHIBIT B.

A.  The commission shall apply to all orders from Customers in the Territory that have been accepted by Hannspree and which shipments have occurred as a result of Sales Representative's efforts.

B.  Commissions will be paid within forty-five (45) days from the date Hannspree received Customer's payment of the same.

C.  Hannspree reserves the right to chargeback (debit) the full amount of paid commissions on Products returned by Customer to Hannspree for credit, and all other deductions from payment by Customer.

D.  PAYMENT: Payment of commissions shall be in United States dollars and shall be subject to all applicable governmental regulations and rulings, including the withholding of any taxes required by law, which shall be Sales Representative's responsibility, not Hannspree.

E.  MONTHLY STATEMENTS: Hannspree shall submit to Sales Representative monthly statements of the commissions due and payable to Sales Representative under the terms of this Agreement, with reference to the specific accounts on which the commissions are being paid.

4. SALE OF THE PRODUCTS

A.  All sales shall be at prices and upon terms established by Hannspree and Hannspree shall have the right to establish, change, alter, or amend prices and other terms and conditions of sale in its sole discretion with or without notice. Sales Representative shall not accept orders in Hannspree's name, make price quotations, or delivery promises without Hannspree's prior approval.

B.  All orders obtained by Sales Representative shall be subject to acceptance by Hannspree at its principal office currently located at the address listed for Hannspree at the beginning of this Agreement, and all quotations by Sales Representative shall contain a statement to that effect. Sales Representative shall have no authority to make any acceptance/delivery commitments to any Customers. Hannspree shall send copies to Sales Representative of any written acceptances on commissionable orders.

C.  Hannspree shall have the sole discretion of credit approval or credit refusal for Customers in all cases.

D.  Hannspree or its' designee shall render all invoices directly to the Customers. Invoice payments shall be made directly to Hannspree or its' designee by Customers.

E.  It is expressly understood by Sales Representative that full responsibility for all collection rests with Hannspree.

F.  Hannspree shall make all relevant marketing materials based on Hannspree's determination to Sales Representative, including but not limited to catalogues, literature, and any other material for the proper promotion and sales of its Products in the Territory. All Hannspree marketing materials are copyrighted and no such material shall be duplicate, translated, copies, without Hannspree's prior written consent. Sales Representative shall be responsible for any translation costs to any language other than English or Chinese. All Product samples shall be distributed in accordance to the Hannspree's Product sample guidelines.

G.  Whenever Sales Representative, at Hannspree's request, takes possession of Hannspree's Products for the purpose of delivering such Products to Customers or for any other purpose, the risk of loss or damage to or destruction of such Products shall be borne by Hannspree, and Hannspree shall indemnify and hold Sales Representative harmless against any claims, debts, liabilities or causes of action resulting from any such loss, damage or destruction.

2

5. **PRODUCT WARRANTY AND PRODUCT AVAILABILITY**

   A. Any warranty for the Products shall run directly from Hannspree to the Customer, and pursuant to the warranty the Customer shall return any allegedly defective Products to Hannspree or designated depot. Sales Representative shall have no authority or responsibility to accept any returned Products.

   B. Under no circumstances shall Hannspree be responsible to Sales Representative or any other party for its failure to fill accepted orders, or for its delay in filling accepted orders, when such failure or delay is due to any cause beyond Hannspree's reasonable control.

6. **SALES REPRESENTATIVE'S RESPONSIBILITIES AND CONDUCT OF BUSINESS**

   A. Sales Representative shall maintain sales offices in its assigned territory and shall use its best efforts and devote such time as may be reasonably necessary to sell and promote the sale of Hannspree's Products within the Territory.

   B. Sales Representative will conduct all of its business in its own name and in such manner as it may see fit. Sales Representative will pay all expenses of its office and activities and be responsible for the acts and expenses of its employees.

   C. Sales Representative shall not, without Hannspree's prior written approval, alter, enlarge, or limit orders, make representations or guarantees concerning Hannspree's Products or accept the return of, or make any allowance for such Products.

   D. Sales Representative is to provide Hannspree with monthly forecasts by the third business day of each month categorized by accounts. Any adjustment to such forecast shall be promptly communicated to Hannspree in writing.

7. **USE OF TRADEMARKS AND TRADENAMES**

   A. Sales Representative recognizes and concedes for all purposes that all trademarks, trade names, or identifying slogans affixed to Hannspree's Products or any accompanying labels, containers, and cartons, whether or not registered, constitute the exclusive property of Hannspree and cannot be used except in connection with promoting and selling Hannspree Products. During the term of this Agreement, Sales Representative is authorized by Hannspree to use Hannspree's trademarks and logo in connection with Sales Representative's promotion of Hannspree Products and public relations announcements, provided that Sales Representative's use of such trademarks and logo shall be in accordance with Hannspree's policies from time to time communicated to Sales Representative. Sales Representative shall bear no interest in such trademarks or logo except as herein expressly provided, and Sales Representative's use of such trademark and logo shall cease immediately upon termination or expiration of this Agreement.

8. **INDEMNIFICATIONS**

   A. Hannspree shall be solely responsible for the design, development, supply, production, and performance of its Products and the protection of its tradenames. Hannspree agrees to indemnify and hold Sales Representative harmless against and to pay all losses, costs, damages and expenses whatsoever, including reasonable attorney fees, on account of infringement or alleged infringement of patents, trademarks, or tradenames, resulting from the sale of Hannspree's Products, or arising on account of warranty claims or product liability matters. Sales Representative will promptly deliver to Hannspree any notices or papers served upon it in any proceeding covered by this indemnity, and Hannspree will defend same at its expense. Sales Representative shall, however, have the right to participate in the defense at its own expense.

   B. Sales Representative shall be solely responsible for, and shall indemnify and hold Hannspree free and harmless from, any and all claims, damages or lawsuits (including Hannspree's attorney's fees) arising out of the any act of Sales Representative, its employees or its agents. Hannspree will promptly deliver to Sales Representative any papers served upon it in any proceeding covered by this indemnity, and Sales Representative will defend same at its expense. Hannspree shall, however, have the right to participate in the defense at its own expense.

3



9.  TERM AND TERMINATION

A.  The term of this Agreement shall be one year from the Effective Date (the "Initial Term"). After the Initial Term, either party may terminate this Agreement by giving the other party a sixty (60) day written notice.

B.  Termination of Insolvency. This Agreement shall terminate, without notice, upon the institution by or against either party for insolvency, receivership or bankruptcy proceedings, making an assignment for the benefit of creditors, or upon dissolution.

C.  Upon termination of this Agreement for any reason, Sales Representative shall be entitled to commissions on all orders accepted by Hannspree through Sales Representative in the Territory prior to the termination date and after Hannspree's receipt of Customer's payment.

10.  GENERAL

A.  This Agreement constitutes the entire understanding of the parties; shall supersede any other oral or written agreements; and shall be binding upon and inure to the benefit of the parties' successors and assigns. It may not be modified in any way without the written consent of both parties. Sales Representative shall not have the right to assign this Agreement in whole or in part without Hannspree's written consent.

B.  This Agreement shall be governed by and construed in accordance with the laws of the United States and of the State of California, without application of its conflicts of laws principles. The parties agree that the United Nations Convention on Contracts for the International Sale of Goods, if applicable, is specifically excluded from application to this Agreement.

C.  The parties will endeavor to settle amicably by mutual discussions any claim, dispute, or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof. Failing such amicable settlement, any remaining claim, dispute or controversy will be submitted by the parties to a binding arbitration by a mutually agreed upon arbitrator of the American Arbitration Association in the Alameda County, State of California, United States of America under the commercial rules then in effect for that Association, except as provided herein. The parties will be entitled to discovery as provided in Sections 1283.05 and 1283.1 of the Code of Civil Procedure of the State of California or any successor provision, whether or not the California Arbitration Act is deemed to apply to the arbitration. The award rendered by the arbitrator will include costs of arbitration, reasonable attorneys' fees, and reasonable costs for expert and other witnesses, and judgment on such award may be entered in any court having jurisdiction thereof.

Hannspree California Inc.                    Sales Representative

By _____                  By _____

Title Sr. VP Sales & Marketing              Title E.V.D.

Date 6/27/05                                 Date 6/20/5

4

40  12

1

2                                    PROOF OF SERVICE

3
          STATE OF CALIFORNIA              )
4                                          )
          COUNTY OF LOS ANGELES            )
5

6
          I am employed in the County of Los Angeles, State of California.  I am over
7    the age of 18 years and not a party to the within action.  My business address is:
     350 South Figueroa Street, Suite 580, Los Angeles, California 90071-1102.
8

9          On May 9, 2008, I served the foregoing document described
     **DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF**
10   **OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ARBITRATION**
     as on the interested parties in this action by placing a true copy thereof enclosed in
11   a sealed, prepaid envelope addressed as follows:

12                  Kenneth J. Freed, Esq.
                    Law Offices of Kenneth J. Freed
13                  14226 Ventura Boulevard
                    P.O. Box 5914
14                  Sherman Oaks, CA 91413

15    X           (BY MAIL)  I caused such envelope to be deposited in the mail at Los
16   Angeles, California.  I am "readily familiar" with this firm's practice of
     collection and processing correspondence for mailing.   It is deposited with
17   the U.S. postal service on that same day in the ordinary course of business.  I
18   am aware that on motion of a party served, service is presumed invalid if the
     postal cancellation date or postage meter date is more than 1 day after the
19   date of deposit for mailing in affidavit.
20

21   __          (BY PERSONAL SERVICE)  I delivered such envelope by hand to
     the offices of the addressee.
22

23           Executed on May 9, 2008 at Los Angeles, California.

24
      X          (FEDERAL) I declare that I am employed in the office of a member
25   of the bar of this court at whose direction the service was made.
26

27   MARIBEL SANTOS
28   NAME                                          SIGNATURE

                                          3