KENNETH J. FREED, ESQ. [State Bar No. 125349]
LAW OFFICES OF KENNETH J. FREED
14226 Ventura Boulevard
P.O. Box 5914
Sherman Oaks, California  91423
(818) 990-0888
(818) 990-1047 Facsimile
KJFESQ@yahoo.com

Attorneys for Plaintiff
CREDITORS ADJUSTMENT BUREAU, INC.
Our File No. 77906

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREDITORS ADJUSTMENT BUREAU, INC., A CALIFORNIA CORPORATION<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. ROTHMAN & CO., INC.<br><br>　　　　Defendant. | CASE NO. C08-01431 MMC<br><br>Assigned to: Hon. Maxine M. Chesney, Dept. 7<br><br>OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER<br><br>DATE: MAY 30, 2008<br>TIME: 9:00 A.M.<br>DEPT: 7 |

1.

**PLAINTIFF'S ASSIGNOR IS SEEKING TO SET ASIDE**

**THE JUDGMENT IN THE NEW JERSEY ACTION**

Defendant argues that the instant matter should be dismissed on the grounds that the claims were res judicata as a result of default judgment entered on April 1, 2008 in favor of M. Rothman & Co., Inc. and against Hanspree in an action brought by M. Rothman & Co., Inc. in New Jersey.

However, Plaintiff's assignor has filed a motion to vacate the New Jersey judgment and to allow Plaintiff's assignor to file an answer and counterclaim. Said motion is scheduled for May 23,

2008. Once granted, Plaintiff's assignor will immediately move the New Jersey court to compel arbitration in Alameda County, California pursuant to the express terms of the contract entered into between Plaintiff's Assignor and M. Rothman & Co.[1]

However, in the unlikely event that the New Jersey court denies Plaintiff's assignor's motion to vacate the New Jersey judgment, Plaintiff submits that the within action should still be stayed pending the exhaustion by Plaintiff's assignor of the reconsideration and appeals processes in the New Jersey courts.

## 2.
## IT IS IMPOSSIBLE TO ASCERTAIN FROM DEFENDANT'S CONTRACT ACTION WHETHER BOTH ACTIONS RAISE THE SAME CLAIM

As stated in Weil & Brown, *Civil Procedure Before Trial* at ¶6:132:

> "A written contract may be pleaded either in haec verba (word for word) or generally 'according to its legal intendment and effect' (e.g., 'defendant agreed to sell the described property to Plaintiff for $100,000').
> [Scolinos v. Kolts (1995) 37 Cal.App.4th 635, 640, 44 Cal.Rptr.2d 31, 34]."

However, the breach of contract cause of action contained in Defendant's New Jersey complaint (attached as Exhibit "3" to Defendant's Request for Judicial Notice in support of its motion)

---

[1] New Jersey courts, like California courts, favor trials on the merits and are generally liberal in granting motions to set aside default judgments.

Opposition to Defendant's
2  Motion to Dismiss

fails to accomplish even these rudimentary requirements. Defendant's complaint and judgment paperwork alleges no specific contractual terms and fails to attach any contract. The complaint is so vague and ambiguous that it cannot be res judicata as to the contract claims alleged by Plaintiff in this case.

Defendant's claims of res judicata should therefore be disregarded.

### 3.
### THE CASE SHOULD BE STAYED PENDING COMPLETION OF ARBITRATION

Plaintiff has filed a motion to compel arbitration and to stay or dismiss the within matter pending completion of arbitration, to be heard concurrently herewith. Plaintiff respectfully submits that this Court should decline to entertain Defendant's motion to dismiss as this case must proceed to binding arbitration for the reasons set forth herein.

As set forth hereinabove, the contract entered into between Plaintiff's assignor and M. Rothman & Co. and sued upon herein contains the following arbitration clause at ¶10.C.:

> "The parties will endeavor to settle amicably by mutual discussions any claim, dispute or controversy arising out of or in connection with or relating to this Agreement or the breach or alleged breach thereof. **Failing such amicable settlement, any remaining claim, disputes or controversy will be submitted by the parties to a**

>    **binding arbitration by a mutually agreed**
>    **upon arbitrator of the American Arbitration**
>    **Association in the Alameda County, State of**
>    **California, United States of America under**
>    **the commercial rules then in effect for that**
>    **Association, except as provided herein.** The
>    parties will be entitled to discovery as
>    provided in Sections 283.05 and 1283.1 of
>    the Code of Civil Procedure of the State of
>    California or any successor provision,
>    whether or not the California Arbitration
>    Act is deemed to apply to the arbitration.
>    The award rendered by the arbitrator will
>    include costs of arbitration, reasonable
>    attorneys' fees, and reasonable costs for
>    expert and other witnesses, and judgment on
>    such award may be entered in any court
>    having jurisdiction thereof." [Emphasis
>    added.]

Based on the contract provisions cited hereinabove, Plaintiff submits that this case should be stayed or dismissed without prejudice, with each side bearing its own fees and costs, pending completion of arbitration.

A party to an arbitration agreement may seek a court order compelling the parties to arbitrate a dispute covered by the agreement. California Code of Civil Procedure §1281.2. A party may seek a stay of pending litigation either by itself or in conjunction with a petition to compel contractual arbitration.

Opposition to Defendant's
                              4          Motion to Dismiss

California Code of Civil Procedure Section 1281.4; Twentieth Century Fox Film Corp v. Superior Court (2000) 79 Cal.App.4th 188, 192, 93 Cal.Rptr.2d 896, 898.

If the arbitration award is not voluntarily paid, the prevailing party in the arbitration proceeding may file a motion to confirm the arbitration award and to enter a judgment thereon. California Code of Civil Procedure §1286. In this regard, granting a stay does not divest the court of jurisdiction. The court retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy. California Code of Civil Procedure §1292.6.

The Supreme Court has consistently upheld the enforceability of pre-dispute arbitration agreements. Shearson/Am.Express v. McMahon (1987) 482 U.S. 220, 225-26.

Under both Federal and California law, the mere filing of a lawsuit does not waive contractual arbitration rights. Doers v. Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d 180, 188, 151 Cal. Rptr.837. Further, participation in a lawsuit for breach of a contract, standing alone, does not constitute a waiver. "'Mere delay in seeking a stay of the proceedings without some resultant prejudice to a party [citation], cannot carry the day.'" Keating v. Superior Court (1982) 31 Cal.3d 584, 605-606, 183 Cal.Rptr. 360,373.

In Doers v. Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d 180, 151 Cal.Rptr. 837, the Supreme Court concluded that the filing of a lawsuit on an arbitrable claim did not waive the right to arbitrate. In that case, an employee had previously sued the employer in federal court, but the action was dismissed for

lack of subject matter jurisdiction. When the employee later sought to compel arbitration of the claim, the employer opposed it, contending the plaintiff had waived the right to arbitrate.

The Supreme Court disagreed: "We hold that the mere filing of a lawsuit does not constitute a waiver of the right to arbitrate." Id. at p. 183. The court noted:

> "At the outset, we recognize that several recent Court of Appeal cases have either stated or held that a party waives his contractual arbitration right by merely filing a lawsuit. [Citations.] However, an examination of the case authorities relied upon by these recent cases reveals [] only that waiver occurs when the merits of the dispute have been litigated by the parties." Id. at 185-186 ... "[I]t is the judicial <u>litigation</u> of the merits of arbitrable issues which waives a party's right to arbitration. ... Because the arbitrable issues in the instant action were never litigated by the parties in the federal court, we find that appellant Doers did not waive his contractual arbitration rights." Id. at p. 188.; See also, Kalai v. Gray (2003)109 Cal.App.4th 768, 135 Cal.Rptr.2d 449.

Finally, the law strongly favors arbitration and any claim of waiver is closely scrutinized. Gavlik Construction Co. v. H.F.

1  Campbell Co. (3rd Cir. 1975) 526 F.2d 777, 783; Seidman & Seidman
2  v. Wolfson (1975) 50 Cal.App.3d 826, 835, 123 Cal.Rptr.873.
3  Moreover, the burden of proof is "heavy" and rests on the party
4  seeking to establish waiver. Martin Marietta Aluminum, Inc. v.
5  General Electric Co. (9th Cir. 1978) 586 F.2d 143, 146; General
6  Guar. Ins. Co. v. New Orleans General Agency, Inc. (5th Cir.
7  1970)427 F.2d 924, 929, fn.5.

4.

PROPER JURISDICTION IS IN CALIFORNIA
AND CALIFORNIA LAW APPLIES

The contract in question clearly and conspicuously sets forth the forum selection clause under paragraph 10.C, stating that all disputes would be submitted for resolution in Alameda County, State of California. Whether defendant read this clause is of no import. It is enough that the defendant had an opportunity to read the clause before executing the contract. Deiro v. American Airlines, Inc. (9th Cir. 1987) 816 F.2d 1360, 1364.

California courts may exercise personal jurisdiction over a nonresident who has consented in advance to such jurisdiction, even in the absence of other "contacts" with such person. National Equipment Rental LTD v. Szukhent (1964) 375 US 311, 315-316, 84 S.Ct. 411, 414. Indeed, forum selection clauses may apply to both contract and tort claims. Cal State Business Products & Services, Inc. v. Ricoh (1993) 12 Cal.App.4th 1666, 1677, 16 Cal.Rptr.2d 417, 423.

Forum selection clauses will be given effect unless it is shown by the resisting party that enforcement of such a clause

would be unreasonable. <u>Smith, Valentino & Smith, Inc. v. Superior Court</u> (1976) 17 Cal.3d 491, 497, 131 Cal.Rptr. 374, 377. A forum selection clause is prima facie valid and will be enforced unless the resisting party meets the "heavy burden" of proving enforcement would be unreasonable under the circumstances of the case. <u>Bancomer v. Superior Court</u> (1996) 44 Cal.App.4th 1450, 1457, 52 Cal.Rptr.2d 435, 439.

This requires the resisting party to prove that litigating in the designated forum would be so gravely inconvenient that it would effectively deny them their day in court. <u>The Bremen v. Zapata Off Shore Co.</u> (1972) 407 US 1, 18, 92 S.Ct. 1907, 1917; <u>CQL Original Products, Inc. v. National Hockey League Players Ass'n</u> (1995) 39 Cal.App.4th 1347, 1354, 46 Cal.Rptr.2d 412, 416 [resisting party must show the forum selected "would be unavailable or unable to accomplish substantial justice"].

Furthermore, the test is not whether the provision was negotiated but whether it is fundamentally unfair. As stated in <u>Cal State Business Products & Services, Inc.</u>, <u>supra</u>:

> "The fact that a forum selection clause is contained in a contract of adhesion and was not the subject of bargaining does not defeat enforcement as a matter of law, where there is no evidence of unfair use of superior power to impose a contract upon the other party and where the covenant is within the reasonable expectations of the party against whom it is being enforced." 12 Cal.App.4th at 1679, 16 Cal.Rptr.2d at 425.

The chosen forum need have only a "reasonable" relationship to the parties or their dispute. It be not be related to the parties domicile. Indeed, the parties may choose a neutral forum with expertise in the subject matter. The Bremen, supra, 407 US at 17, 92 S.Ct. at 1917.

Plaintiff submits that the case of CQL Original Products, Inc., supra, is directly on point and controlling. In that matter, a licensing agreement required the licensee to litigate any claims against the licensor in Toronto, Canada, where licensor had its principal office. The choice of forum provision was reasonable because it protected the licensor from being confronted by a myriad of different state and national forums. It was immaterial that the licensee could not negotiate to alter this provision; the forum selection clause was part of the price to be paid for dealing with the licensor. 39 Cal.App.4th at 1355, 46 Cal.Rptr.2d at 417.

In this case, the forum selection clause is certainly enforceable for numerous reasons. Plaintiff's assignor, Hannspree California, Inc., maintains its principal place of business in California. The choice of forum provision operates to protect Hanspree from being confronted by a "myriad of different state and national forums", in connection with the goods and services it provides to distributors throughout the nation.

All communication in connection with the execution and compliance with the contractual terms comes from California including, but not limited to, invoicing, dispute resolution, billing, etc. All sums due and owing under the contract to

Hannspree are payable to its office in California. Any witnesses that would attend a trial would also come from Hannspree's office in California.

5.

CONCLUSION

Based on the foregoing, plaintiff respectfully requests that Defendant's motion to dismiss be denied, and that the Court stay this action pending completion of arbitration, or, in the alternative, to dismiss this action without prejudice, with each side bearing its own costs and fees, so that the matter may be arbitrated in California in compliance with the parties' written agreement.

Dated: May 7, 2008       LAW OFFICES OF KENNETH J. FREED

BY: _____
KENNETH J. FREED, ESQ.
Attorneys for Plaintiff,
CREDITORS ADJUSTMENT BUREAU, INC.

10    Opposition to Defendant's
      Motion to Dismiss

1        DECLARATION OF SERVICE BY FAX
U.S.D.C. NORTHERN DISTRICT OF CALIFORNIA LOCAL RULE 5-5(a)(1)
2            CALIFORNIA RULES OF COURT, RULE 2008

3   The undersigned certifies and declares as follows:

4   (1)  At the time of the facsimile transmission described below I
         was at least 18 years of age and not a party to this legal
5        proceeding.

6   (2)  On May 9, 2008 at 2:25, a.m./p.m., I transmitted
         from a facsimile machine whose telephone number is (818)
7        990-1047 the following document:

8        OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER
    to CHASSMAN & SEELIG, LLP, MARK B. CHASSMAN, ESQ., RHONDA E.
9   KALEY, ESQ., attorneys for defendant, whose facsimile
    transmission number is (213) 626-5111.
10
         The above-described transmission was reported as complete
11  without error by a transmission report issued by the facsimile
    transmission machine upon which the said transmission was made
12  immediately following the transmission. A true and correct copy
    of the said transmission report is attached hereto and
13  incorporated herein by this reference.

14       I CERTIFY AND DECLARE UNDER PENALTY OF PERJURY UNDER THE
    LAWS OF THE STATE OF CALIFORNIA AND THE UNITES STATES THAT THE
15  FOREGOING IS TRUE AND CORRECT.

16       EXECUTED on May 9, 2008, at Sherman Oaks, California.

17                                    _____
                                      LINDA F. BECK
18

19

20

21

22

23

24

25

26

27

28

                                 11   Opposition to Defendant's
                                      Motion to Dismiss

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 05/09/2008 13:31
                                    NAME  : KENNETH J FREED
                                    FAX   : 8189901047
                                    TEL   : 8189900888
                                    SER.# : BROE6J464855


DATE,TIME                    05/09  13:28
FAX NO./NAME                 12136265111
DURATION                     00:02:56
PAGE(S)                      11
RESULT                       OK
MODE                         STANDARD
                             ECM
```

1  KENNETH J. FREED, ESQ. [State Bar No. 125349]
   LAW OFFICES OF KENNETH J. FREED
2  14226 Ventura Boulevard
   P.O. Box 5914
3  Sherman Oaks, California  91423
   (818) 990-0888
4  (818) 990-1047 Facsimile
   KJFESQ@yahoo.com
5
   Attorneys for Plaintiff
6  CREDITORS ADJUSTMENT BUREAU, INC.
   Our File No. 77906
7
8              UNITED STATES DISTRICT COURT
9        FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11 CREDITORS ADJUSTMENT BUREAU,   )  CASE NO. C08-01431 MMC
   INC., A CALIFORNIA CORPORATION )
12                                )  Assigned to:  Hon. Maxine
              Plaintiff,          )  M. Chesney, Dept. 7
13                                )
         v.                       )  OPPOSITION TO DEFENDANT'S
14                                )  MOTION TO DISMISS OR
   M. ROTHMAN & CO., INC.         )  TRANSFER
15                                )
              Defendant.          )  DATE: MAY 30, 2008
16 _____)  TIME: 9:00 A.M.
                                     DEPT: 7
17
18                          1.
19       PLAINTIFF'S ASSIGNOR IS SEEKING TO SET ASIDE